IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELISHATAY ALVARADO,** : | | |
| **Plaintiff,** : | | |
| : | | Civil Action |
| v. : | | No. 22-3763 |
| : | | |
| **CITY OF PHILADELPHIA, et al.,** : | | |
| **Defendants.** : | | |

## STIPULATION AND AGREEMENT OF CONFIDENTIALITY

Undersigned counsel for Plaintiff and Defendants in this matter hereby agree and stipulate to the following terms:

WHEREAS, THIS MATTER is being brought before the Court under the agreement and consent of counsel for a Confidentiality Order regarding the production of certain materials, as defined in herein, during the course of pretrial proceedings in the above-captioned matter;

WHEREAS, Plaintiff seeks the production of certain unredacted versions of documents Defendants previously produced in redacted form—including search and arrest warrants the execution of which is at issue in the case—which documents concern a homicide suspect who remains at-large and who is not a party to this case; and

WHEREAS, the unredacted versions of these documents contain sensitive information about the homicide suspect and the homicide investigation, the public release of which could compromise the homicide investigation and law-enforcement efforts to arrest the suspect;

WHEREAS, avoiding compromising a homicide investigation, and law-enforcement efforts to arrest the homicide suspect, are important to public safety and constitute "good cause" for the issuance of an order to protect the confidentiality of the sensitive information discussed above, *see In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir.

2019);

WHEREAS, counsel for Plaintiff and Defendants do not necessarily agree on the discoverability or admissibility of the unredacted versions of these documents, but have agreed to enter into this stipulation and agreement to facilitate the production of the requested documents while avoiding delay and unnecessary motion practice.

**WHEREFORE,** and good cause having been shown, the parties agree and **IT IS HEREBY ORDERED THAT:**

1. PURPOSE: The purpose of this Stipulation and Agreement of Confidentiality is to assure the free flow of information between counsel and during discovery to ascertain facts while avoiding delay and unnecessary motion practice, and the public release of sensitive information.

2. CONFIDENTIAL INFORMATION: "Confidential Information," as used herein, means information exchanged between the parties that identifies a homicide suspect sought in the search and arrest warrants the execution of which is at issue in the case.

3. QUALIFIED PERSONS: "Qualified Persons," as used herein, means:

    a. Attorneys actively involved in the preparation for trial, trial, or settlement of this lawsuit, including members of such attorneys' staff; and

    b. Any independent or in-house expert who is assisting attorneys in connection with this action.

4. DESIGNATION OF MATERIALS CONTAINING CONFIDENTIAL INFORMATION: All documents and materials that contain Confidential Information shall be stamped or marked with a watermark which states "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. AVAILABILITY OF CONFIDENTIAL INFORMATION TO QUALIFIED PERSONS:

Any information designated "Confidential Information" shall be made available only to Qualified Persons. Except as otherwise permitted by the terms of this Stipulation, or by further order of this Court, Qualified Persons shall maintain Confidential Information in confidence, shall not reveal Confidential Information to anyone other than Qualified Persons, and shall not use Confidential Information, except in connection with the trial or preparation for the trial of this action.

6. USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS, OR IN PLEADINGS AND MOTIONS: Nothing contained herein shall preclude any party to this action from utilizing Confidential Information in examining deponents called in this case or in motions, whether dispositive or not. If a question at a deposition calls for an answer containing Confidential Information, counsel for the party asserting confidentiality must on the record designate the information as either "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS ONLY." Counsel must also direct the court reporter to mark the specific portions of the deposition transcript so designated as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS ONLY." The court reporter in preparing the deposition transcript shall bind separately the confidential and non-confidential testimony.

7. FILINGS WITH THE COURT: Any party filing with the Court a document either attaching or reciting CONFIDENTIAL INFORMATION produced during discovery shall file two (2) copies: one redacting any CONFIDENTIAL INFORMATION and one unredacted version filed under seal.

8. EXCEPTIONS: Materials defined herein as "Confidential Information" shall no longer be considered as such:

   a. To the extent that said information is already available by law or executive order;

    b. To the extent that it is subsequently determined that said information is available under a freedom of information law.

9. DISPOSITION OF CONFIDENTIAL INFORMATION AT CONCLUSION OF TRIAL:

Within sixty (60) days after a Party's case is terminated (including all appeals), such Party shall return to the designating Party or shall destroy, at the option of counsel in possession of such copies, all documents, objects, and other materials produced as or designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, including extracts or summaries thereof, and all reproductions thereof, including but not limited to those given to experts and inside counsel. If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the designating Party that destruction has taken place. Counsel for receiving Party need not return and/or destroy the following:

    a. One (1) copy or sample of all material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY for reference in the event of disputes over the use or disclosure of such material;

    b. Documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product; and

    c. Pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, and the trial record, so long as such pleadings or papers are not designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION: Should any QUALIFIED PERSON or Party inadvertently disclose any CONFIDENTIAL INFORMATION, such disclosure shall not be considered a waiver of the protections

contained in this Stipulation and Agreement of Confidentiality so long as the QUALIFIED PERSON making the disclosure complies with Fed. R. Evid. 502(b).

11. Nothing in this stipulation and agreement shall be considered a waiver of any privileges, any discovery objections, or any objections to the admissibility of evidence.

12. The Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice.

13. The Court retains jurisdiction to enforce this stipulation and agreement after the conclusion of this litigation.

Respectfully submitted,

*signature*

_____
KEITH THOMAS WEST, ESQUIRE
Victims' Recovery Law Center
121 South Broad Street, 18th Floor
Philadelphia, PA 19107
215-546-1433
keith@victimrecoverylaw.com

*Attorney for Plaintiff*

Date: April 5, 2023

/s/ *Adam R. Zurbriggen*
_____
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

*Attorney for Defendants*

Date: March 17, 2023

**APPROVED AND ORDERED BY THE COURT**:

Date:

_____
JOHN F. MURPHY, J.