**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|    Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
|    v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**ORDER**

AND NOW, on this _____ day of _____, 2024, upon consideration of Plaintiff's Motion *in Limine* Regarding the Defendants' Failure to Comply with the Knock and Announce Rule Before Entering Plaintiff's Home, and any response thereto, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Court shall instruct the jury that the Defendants violated Plaintiff's Constitutional rights by entering her home without first knocking and announcing their presence and that the Defendants are therefore liable to Plaintiff for all damages proximately suffered by her; and

**IT IS FURTHER ORDERED THAT** the Defendants are precluded from making any argument or suggestion before the jury that their actions complied with the requirements of the Knock and Announce Rule.

                                               **BY THE COURT:**

                                               _____

                                               **John F. Murphy, District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE DEFENDANT'S FAILURE TO COMPLY WITH THE KNOCK AND ANNOUNCE RULE BEFORE ENTERING PLAINTIFF'S HOME**

Plaintiff, Felishatay Alvarado ("Ms. Alvarado"), by and through her undersigned counsel, hereby respectfully submits Plaintiff's Motion in Limine Regarding the Defendants' Failure to Comply with the Knock and Announce Rule Before Entering Plaintiff's Home, and hereby Plaintiff requests for the Court to enter an appropriate Order in light of the video evidence that plainly shows that even if the Defendants did "knock" before breaking down Ms. Alvarado's front door (which is disputed in the record), they nevertheless violated the Knock and Announce Rule because they forcefully entered Ms. Alvarado's home without providing her with a reasonable opportunity to voluntarily open the door. Under the Knock and Announce Rule, "the knock and announcement must be loud enough to be heard, and it must be followed by a pause long enough for someone to answer or come to the door." Terebesi v. Torreso, 764 F.3d 217, 243 (2d Cir. 2014), quoting United States v. Leichtnam, 948 F.2d 370, 374 (7th Cir. 1991). The surveillance video in this case is available at this link:

    https://drive.google.com/file/d/12NozOxjYYit3Wzrueb7V3__-CfGDRWTJ/view?usp=drive_link

The video plainly shows the Defendants broke down Ms. Alvarado's front door almost immediately upon walking up to her front stoop. The Defendants did not even claim that their actions were justified by any sort of exigent circumstances. Ultimately, whether the Defendants knocked on Ms. Alvarado's front door and waited five seconds before breaking down the door or did not knock at all is not relevant, because in either case she would not have been afforded a reasonable opportunity to "come to the door." In support of this Motion, Plaintiff incorporates the attached Brief.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE DEFENDANT'S FAILURE TO COMPLY WITH THE KNOCK AND ANNOUNCE RULE BEFORE ENTERING PLAINTIFF'S HOME**

**I.    INTRODUCTION**

This civil action is brought under 42 U.S.C. § 1983. On June 4, 2021, Plaintiff, Felishatay Alvarado ("Ms. Alvarado"), was the victim of an unreasonable search and seizure of her home, person, and property (including the summary execution of her service dog, Akuma), by the SWAT Unit of the Philadelphia Police Department, who entered her apartment without having a valid warrant. The Defendants did have warrant to enter a different apartment on a different floor in the same building. The Court's Memorandum Order that ruled upon the Defendants' Motion for Summary Judgment held that Plaintiff's Fourth Amendment claims against the individual SWAT officers may proceed to trial on three theories: "(1) that they unlawfully breached and entered her apartment by unreasonable mistake, (2) that they unlawfully failed to knock and announce before doing so, and (3) that they unlawfully detained her after realizing they were in the wrong unit." See the Court's Memorandum Order, dated, February 27, 2024, at 1, a copy of which is

attached hereto at Exhibit "A." The Court also held that Plaintiff has a valid Monell claim against the City of Philadelphia. Id.

Regarding Plaintiff's claim pursuant to the Knock and Announce Rule, the Court appeared to find a conflict of the evidence. Although Plaintiff did not hear any knock at the door before the Defendants broke down her door, the Court noted that the "Defendants state that officers of the SWAT Unit conducted a knock and announce on the front door of 4664 Torresdale Ave., waited about fifteen to twenty seconds, received no answer, then breached the door." Id. at 13 (citations omitted). But any claim by the Defendants that they supposedly "waited about fifteen to twenty seconds, received no answer, then breached the door" is undisputably contradicted by the video evidence.

The Defendants did not wear bodycams and believed that their actions were not being recorded. See e.g., transcript of the deposition of Defendant, Lt. Demetrius Monk at 12:22-15:4, a copy of which is attached hereto at Exhibit "B." However, the Defendants' entry to Plaintiff's home was recorded by a neighboring deli's surveillance camera. The surveillance video in this case is available at this link:

> https://drive.google.com/file/d/12NozOxjYYit3Wzrueb7V3__-CfGDRWTJ/view?usp=drive_link

The video surveillance evidence plainly shows that the Defendants' claim of a knock and announcement followed by "wait[ing] about fifteen to twenty seconds" is simply not possibly true. If there was any knock, it occurred at earliest at 5:37:17 AM (although the officer who supposedly would have made this knock denied having done so when deposed, as discussed below), and by 5:37:24 AM another officer was ramming down Ms. Alvarado's door. This *at most 7-second* interlude simply did not comply with the

2

requirements of the Knock and Announce Rule. Additionally, no reasonable juror could believe the Defendants' version of events because it is "blatantly contradicted" by the video evidence. Scott v. Harris, 550 U.S. 372, 380-381 (2007).

## II.     FACTUAL BACKGROUND

On the morning of June 4, 2021, Ms. Alvarado resided by herself with two dogs (including a service dog named, Akuma) and some other pets in Apartment #1, which was located on the ground floor / Torresdale Avenue side of the apartment building that has a mailing address of 4664 Torresdale Avenue, Philadelphia, PA 19124. See Ms. Alvarado's Deposition at 11:12-11:24, 24:7-24:23, a copy of which is attached hereto at Exhibit "C." Getting ready for a new job, Ms. Alvarado had recently gotten out of the shower and was nude except for a towel when, at 5:37 AM, the Individual SWAT Unit Defendants rammed her front door, summarily executed Akuma, ransacked her home, and held her hostage at gunpoint for approximately 30 minutes. Id. at 38:3-38:11, 87:8-87:24.  Ms. Alvarado testified that the Individual SWAT Unit Defendants did not knock before breaking open her door with a ram.  Id. at 34:2-34:17.

Beyond reasonable doubt, Ms. Alvarado's testimony is consistent with the objective evidence — *the Individual SWAT Unit Officers did not knock and announce themselves before breaking down Ms. Alvarado's front door*.  Video evidence captured by a neighboring deli incontrovertibly shows that the Individual SWAT Unit Defendants began ramming Ms. Alvarado's front door almost immediately after arriving on the scene.  Officer Clark was the SWAT Unit Officer who rammed Ms. Alvarado's front door open.  See Officer Clark's Deposition at 83:10-84:13, a copy of which is attached hereto at Exhibit "D."  When Officer

3

Clark was deposed and viewed the video, he claimed that it looked to him like Officer Murray knocked on the door with a Halligan tool "at most [. . .] about seven seconds" before Officer Clark rammed Ms. Alvarado's door open, which he said "complie[d] with the knock and announce rule [. . .] pursuant to [the] training [he had] received from the Philadelphia Police Department." Id. at 79:5-80:19. But even if Officer Clark's interpretation of the video is accurate, a mere seven second pause in a case such as this, with absolutely no exigent circumstances, is a clear violation of the Knock and Announce Rule. See e.g., Bellotte v. Edwards, 2011 U.S. Dist. LEXIS 168377, at *15-32 (N.D. W. Va. Mar. 30, 2011) (holding that, absent exigent circumstances, a mere seven second wait does not satisfy the knock and announce rule; *granting summary judgment in favor of the § 1983 plaintiff*, because "under the totality of the circumstances [. . .] the Police Defendants' seven-second wait was unreasonable as a matter of law"); and United States v. Gallegos, 314 F.3d 456, 459-460 (10th Cir. 2002) (holding that "an interval of less than ten seconds in the absence of exigent circumstances" is never permissible under the Knock and Announce Rule).

In fact, we know that Officer Murray *did not knock on Ms. Alvarado's door at all*, although the video evidence is admittedly (as noted by the Court in its Memorandum Opinion) ambiguous on this issue. We know this because Officer Murray said so. In the statement that Officer Murray gave to the Philadelphia Police Department Officer Involved Shooting Unit a mere two hours after the incident giving rise to this case, a copy of which is attached hereto at Exhibit "E," Officer Murray claimed that "Officer Clark conducted the knock and announce." When Officer Murray was deposed in this case, he

*again* claimed that Officer Clark was the one who knocked and announced before Ms. Alvarado's door was breached.  See Officer Murray's Deposition at 12:21-13:6, a copy of which is attached hereto at Exhibit "F."  Even Officer Clark — in the statement he gave to the Philadelphia Police Department Officer Involved Shooting Unit right after the incident, a copy of which is attached hereto at Exhibit "G" — claimed that *he* performed the knock and announce.  The lead supervisor of the operation, Lt. Monk, claimed in his Officer Involved Shooting Unit Statement, a copy of which is attached hereto at Exhibit "H," that "[u]pon arrival, Officer Clark approached the door, knocked and announced 'Police, with a warrant, open the door.'"  Simply stated, Officer Murray, Officer Clark, and Lt. Monk did not tell the truth in their Officer Involved Shooting Unit Statements; the video, which they did not know existed, shows plainly that Officer Clark could not possibly have performed a knock and announce before ramming Ms. Alvarado's door open. More importantly, Officer Murray's own words leave no doubt: *he* did not perform *any* knock and announce before Ms. Alvarado's door was breached. Moreover, even if Officer Murray did knock on the door (which, again, would be contrary to every Officer Involved Shooting Unit Statement and his own testimony), the video shows that only two seconds would have elapsed from the knock until Lt. Monk ordered for the door to be breached.  See Mr. Garrels' report at 32-33, a copy of which is attached hereto at Exhibit "I."

### III.     LEGAL ARGUMENT

Although no precise time period has been established for how long police officers must wait pursuant to the Knock and Announce Rule, it is significant that the Philadelphia

5

Police Department had in effect at the time of the incident Directive 5.7, titled "Search Warrants," which under a subpart titled, "Knock and Announce Rule," reads:

> The courts have not precisely and uniformly determined the exact period of time that can be considered "reasonable." However, recent court decisions have shown that ***30 seconds should be the minimum time police personnel should delay their entry into a property after announcing their presence and purpose.***

See Philadelphia Police Department Directive 5.7 at § 6B, a copy of which is attached hereto at Exhibit "J" (emphasis added). The fact that the Individual SWAT Unit Defendants plainly made no effort to comply with Directive 5.7 *vis-à-vis* the warrant enforcement action that resulted in Ms. Alvarado's catastrophic injuries — even though they uniformly admitted when deposed in this case that absolutely no exigent circumstances were present — is significant evidence that their actions were not "reasonable." See e.g., Estate of Singletary v. City of Philadelphia, 19-CV-190, 2021 U.S. Dist. LEXIS 217607, at *32-33; 2021 WL 5235232 (E.D. Pa. Nov. 10, 2021) (collecting cases, holding that police officer defendants' violation of Philadelphia Police Department policies is evidence that their actions were unreasonable).

Here, the video evidence conclusively shows that the Defendants either did not knock and announce at all or, at most, may have waited a mere 7 seconds — although, again, none of the Individual SWAT Unit Defendants have ever claimed to have performed the knock and announce *himself*. In Wilson v. Arkansas, a unanimous opinion authored by Justice Clarence Thomas, the United States Supreme Court held that the English common law requirement that a law enforcement officer must, absent exigent circumstances, knock and announce his presence before breaking into a home, was

incorporated into the Fourth Amendment's reasonableness requirement.  514 U.S. 927 (1995).  It is well-established in the Third Circuit that when law enforcement violates a person's Fourth Amendment rights by breaking and entering into the person's home without first "announc[ing] their presence *and provid[ing] residents an opportunity to open the door*," they are liable for damages in a subsequent § 1983 action.  Sears v. Philadelphia, 2022 U.S. Dist. LEXIS 168313, at *8-9; 2022 WL 4331392 (E.D. Pa. Sep. 19, 2022) (collecting authorities, emphasis added). The Supreme Court has even specifically held that § 1983 lawsuits for damages are the appropriate means for the important societal interests embodied in the Knock and Announce Rule to be preserved and protected.  Hudson v. Michigan, 547 U.S. 586, 597-598 (2006). ***In this case, considering the video surveillance evidence, no reasonable juror could conclude that Ms. Alvarado was provided with a reasonable "opportunity to open the door" prior to the Defendants breaking her door down.***

The Third Circuit Court of Appeals has summarized the important societal interests embodied in the knock and announce rule as follows:

> First, it reduces the likelihood of injury to police officers, who might be mistaken, upon an unannounced intrusion into a home, for someone with no right to be there.  Second, it seeks to prevent needless damage to private property.  Finally, it embodies respect for the individual's right of privacy, which is to be imposed upon as little as possible in making an entry to search or arrest.

Kornegay v. Cottingham, 120 F.3d 392, 396 (3d Cir. 1997), quoting United States v. Nolan, 718 F.2d 589, 596 (3d Cir. 1983).  The Wilson Court described the Knock and Announce Rule as rooted in English common cases holding that law enforcement must "first signify

to those in the house the cause of [their] coming, and request them to give admittance," and embracing the "view that the breaking of the door of a dwelling was permitted" only after "admittance was refused." 514 U.S. at 932-933 (citations omitted). ***Here, there simply is no way that any reasonable person could look at the video evidence and conclude that the Defendants first requested of Ms. Alvarado "to give [them] admittance" and that Ms. Alvarado "refused" before the Defendants broke down her door. Hence, the Defendants' violation of the Knock and Announce Rule in this case is clear as a matter of law.***

Further, needless tragedies caused by armed law enforcement bursting unannounced into private residences — which here, *inter alia*, resulted in the foreseeable and preventable death of Ms. Alvarado's service animal — are precisely the sort of harm that the Knock and Announce Rule is intended to prevent. Accord Mendez v. City of Los Angeles, 897 F.3d 1067, 1077 (9th Cir. 2018) ("the risk of injury posed by the entry of an armed stranger into a residence is one of the reasons the Fourth Amendment prohibits entry except under defined specific conditions"); Sledd v. Lindsay, 102 F.3d 282, 287-288 (7th Cir. 1996) (holding that police officers' failure to follow the Knock and Announce Rule "unreasonably created the encounter that led to the use of force"); Park v. Veasie, 2012 U.S. Dist. LEXIS 56438, at *32-33 (M.D. Pa. Apr. 20, 2012) ("The knock and announce rule is premised upon the notion that by allowing inhabitants of a particular building to open a door, the possibility of violence and property damage is diminished. These purposes are only effectuated when law enforcement authorities allow a 'reasonable' period of time

8

before forcing entry following their announcement of identity, authority, and purpose") (citations omitted).

"The knock-and-announce rule requires officers to announce their presence and purpose and give an arrestee an opportunity to open the door of his home." United States v. Weaver, 808 F.3d 26, 39 (D.C. Cir. 2015), citing Miller v. United States, 357 U.S. 301, 308 (1958); and United States v. Banks, 540 U.S. 31, 38-39 (2003). Pursuant to Police Directive 5.7, the Defendants should have waited a "minimum" of thirty seconds after knocking and announce, to afford Ms. Alvarado an opportunity to voluntarily surrender the property. Even if thirty seconds is not the Constitutional minimum (though it may be), a mere seven-second warning clearly violates the Knock and Announce Rule as a matter of law. Gallegos, 314 F.3d at 459-460; Bellotte, 2011 U.S. Dist. LEXIS 168377, at *15-32. In this case, the video evidence shows that a maximum of seven seconds was provided. Any testimony evidence from the Defendants that is "blatantly contradicted" by the video evidence should not be considered. Scott v. Harris, 550 U.S. 372, 380-381 (2007). Hence, Plaintiff requests for the Court to provide the jury with a proper instruction that the Individual SWAT Defendants' actions were in violation of the Knock and Announce Rule and that therefore Plaintiff's well-established and sacrosanct 4th Amendment rights were violated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests for the Court to *deny* the Defendants' Motion for Summary Judgment, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
*Attorney for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Motion *in Limine* to be served on the Defendants.

Jonah Santiago-Pagan, Esquire
Emily Hoff, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
***Attorney for Defendants***

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**121 South Broad Street, 18th Floor**
**Philadelphia, PA 19107**
**keith@victimrecoverylaw.com**
***Attorneys for the Plaintiff***