IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** | : |
|                  **Plaintiff,** | : |
| | :    **Civil Action** |
| v. | :    No. 22-3763 |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
|                  **Defendants.** | : |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendants' Motion *in Limine* to preclude evidence of Officer Discipline or Misconduct Allegations, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and evidence concerning employee disciplinary history, disciplinary investigations, or allegations of misconduct not related to the incident giving rise to this suit and the remaining claims in this suit is precluded from introduction at trial. It is **FURTHER ORDERED** that Plaintiff is precluded from presenting evidence of Officer Discipline or Misconduct Allegations related to the killing of Plaintiff's dog, and evidence of non-defendant Officer Discipline or Misconduct Allegations.

BY THE COURT:

_____
, J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> Defendants. : | **Civil Action** <br> **No. 22-3763** |

# DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF OFFICER DISCIPLINE OR MISCONDUCT ALLEGATIONS

Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, hereby move in *limine* for the entry of an order precluding the introduction and/or admission of any evidence related to officer disciplinary history, investigations, or allegations of misconduct not related to the incident giving rise to this lawsuit and/or the remaining claims in this lawsuit; as well as evidence of discipline or misconduct allegations related to the shooting of Plaintiff's dog. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, Defendants respectfully request that this Honorable Court grant their Motion.

Date: <u>August 29, 2024</u>

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> **Defendants.** : | **Civil Action** <br> **No. 22-3763** |

## DEFENDANTS' MEMORANDUM OF LAW ON ADMISSIBILITY OF EVIDENCE OF OFFICER DISCIPLINE OR MISCONDUCT ALLEGATIONS

Defendants, Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum of law in support of their objections relating to the admissibility of testimony and evidence of related to officer disciplinary history, investigations, or allegations of misconduct not related to the incident giving rise to this lawsuit and/or the remaining claims in this lawsuit; as well as evidence of discipline or misconduct allegations related to the shooting of Plaintiff's dog.

**I.      BACKGROUND**

The morning of June 4, 2021, officers of the Philadelphia Police Department's ("PPD") SWAT unit executed search and arrest warrants at 4664 Torresdale Avenue in Philadelphia, seeking to arrest a murder suspect. Unknown to any PPD employee, the front door facing Torresdale Avenue led directly into a first-floor apartment in which Plaintiff resided, which did not provide access the murder suspect's second floor unit. Rather, the second-floor unit was accessible only through the back door in the breezeway off of Margaret Street. After the Torresdale door was breached, officers on the entry teams entered. Upon entering, Defendant

Officer Song was attacked by Plaintiff's Pitbull mix named Akuma. Officer Song fired a single shot from his rifle, killing the Pitbull.

Following the incident, PPD conducted an Officer Involved Shooting Investigation and an Internal Affairs Investigation due to the discharge of a weapon. The single shot fired by Officer Song, killing Akuma and Officer Song were the subject of both investigations. During discovery, Plaintiff was provided with the Concise Officer History of all then-named individual defendants, as well as non-defendants Homicide Detectives Graf and Scally.

On February 27, 2024, this Court entered a stipulation between the parties to dismiss Officers Ashford, Scott, Fitzpatrik, Rivera, Quintana, Riotto, and Cerutti. ECF Doc. No. 38, at 25. Homicide Detectives Graf and Scally are not nor have they ever been named as defendants in the instant matter. On Summary Judgement, the Court dismissed Plaintiff's claims that the death of her dog constituted an unreasonable seizure against the remaining individual officers and precluded the death of the dog as an underlying constitutional violation for the corresponding *Monell* liability. *Id*. at 19-20.

Plaintiff's remaining potential liability claims against the SWAT entry team are that they allegedly subjected her to an unreasonable search by entering her residence by mistake and failing to knock and announce their entry into her residence; and that she was subject to an unreasonable seizure when officers detained her for an alleged thirty minutes after entering the apartment. Plaintiff also brings a claim for municipal liability under *Monell* against the City of Philadelphia for failure to train pursuant to the alleged failure to knock and announce first and mistaken entry.

## II. LEGAL ARGUMENT

### A. Evidence of listed Philadelphia Police Department's Directives and Policies Is Inadmissible and Unfairly Prejudicial Under Federal Rules of Evidence 401, 402, 403, and 404(b).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa. R. Evid. 404(b)(1). Moreover, for evidence to be admissible, it must be relevant; that is, it must tend to prove or disprove a fact that has a consequence in determining the action. R. 401, 402. The court may exclude evidence that, among other things, is unfairly prejudicial, confuses the issues, or misleads the jury. R. 403.

In this matter, Plaintiff has not, and cannot, show any legitimate use to put questions concerning the officers' prior disciplinary history or allegations of misconduct that would be relevant for trial. Introduction of such evidence would only be used for the improper purpose of suggesting that, because they have been accused of, investigated, or disciplined for prior misconduct, they must have acted improperly when they encountered Plaintiff. This is patently forbidden under Rule 404(b)(1). Even if Plaintiff could divine from the officer disciplinary history some tenuous relevance to the question of what the parties did during their warrant execution at 4664 Torresdale Avenue, that relevance would be severely outweighed by the prejudicial effect of introduction. Namely, and as prohibited by Rule 404, a jury would be misled into believing the officers acted consistent with any prior allegations of misconduct.

Plaintiff's claims against then-defendant Officers were dismissed by stipulation of the parties and non-defendant Homicide Detectives Scally and Graf. Therefore, their disciplinary history is not relevant. Additionally, introduction of any evidence, testimony, or argument related to misconduct allegations of the non-defendant officers and detectives will confuse and mislead

the jury into believing that the prior actions of non-defendants have some bearing on the claims at issue in this case. Any relevance would be severely outweighed by the unfairly prejudicial effect of introduction.

Similarly, Plaintiff does not allege the City failed to discipline its officers, thus any evidence of officer discipline bears no relevance. Any relevance would be severely outweighed by the prejudicial effect of introduction. Namely, a jury would confuse Plaintiff's claim against the City for a failure to train with a failure to subject its officers to discipline. Finally, evidence, testimony, and argument regarding the OISI and IAD investigations of Officer Song's weapons discharge is not relevant to Plaintiff's remaining claims and presenting evidence of the investigation would be unfairly prejudicial to Officer Song.

### III. CONCLUSION

For all the foregoing reasons, the Court should grant Defendants' grant their motion in *limine* and preclude evidence, testimony, and argument of prior officer disciplinary history, disciplinary investigations, or alleged prior misconduct of the individual Defendants and non-defendants to include the previously named Defendants and Detectives Graf and Scally. Additionally, evidence of Officer Discipline or Misconduct Allegations related to the killing of Plaintiff's dog should be precluded.

Date: <u>August 29, 2024</u>　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jonah Santiago-Pagán*
　　　　　　　　　　　　　　　　　　　　　　**JONAH SANTIAGO-PAGAN, ESQUIRE**
　　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 326442
　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　(215) 683-5428

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
|             **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
|             **Defendants.** | : | |

## **CERTIFICATE OF SERVICE**

I, Jonah Santiago-Pagán, Esquire, Counsel for the Defendants in the above-captioned matter, hereby certify that the foregoing Motion in *Limine*, proposed form of order, memorandum of law, and this certificate of service were filed via the Court's ECF system and are available for viewing and downloading.

Date: <u>August 29, 2024</u>	Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov