# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 22-3763** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendants' Motion *in Limine* to preclude evidence of Philadelphia Police Department's directives and policies irrelevant to Plaintiff's failure to train *Monell* claim, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff shall be precluded from introducing any evidence of the Philadelphia Police Department's directives and policies irrelevant to Plaintiff's failure to train *Monell* claim at trial. It is **FURTHER ORDERED** that Plaintiff is precluded from argument equating the Philadelphia Police Department directives and policies with Constitutional law.

BY THE COURT:

_____
, J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FELISHATAY ALVARADO, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-3763 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF IRRELEVANT PHILADELPHIA POLICE DEPARTMENT'S DIRECTIVES AND POLICIES

Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, hereby file this Motion *in Limine* seeking to preclude evidence of the Philadelphia Police Department's directives and policies irrelavant to Plaintiff's failure to train *Monell* claim and preclude argument equating the Philadelphia Police Department directives and policies with Constitutional law. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, Defendants respectfully request that this Honorable Court grant their Motion.

Date: <u>August 29, 2024</u>

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 22-3763** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## DEFENDANTS' MEMORANDUM OF LAW ON ADMISSIBILITY OF EVIDENCE OF THE PHILADELPHIA POLICE DEPARTMENT'S DIRECTIVES AND POLICIES

Defendants, Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum of law in support of their objections relating to the admissibility of testimony and evidence on the Philadelphia Police Department's directives and policies not relevant to Plaintiff's failure to train *Monell* claim.

## I. BACKGROUND

This lawsuit arises out of an incident where Plaintiff, Felishatay Alvarado, alleges that the individual Defendants violated her Fourth Amendment rights to be free from unreasonable searches and seizures. Specifically, Plaintiff claims that the SWAT entry team subjected her to an unreasonable search by entering her residence by mistake and failing to knock and announce their entry into her residence; and that she was subject to an unreasonable seizure when officers detained her for an alleged thirty minutes after entering the apartment. Plaintiff also brings a claim for municipal liability under *Monell* against the City of Philadelphia for failure to train pursuant to the alleged failure to knock and announce first and mistaken entry.

During discovery, Plaintiff was provided with several Philadelphia Police Department ("PPD") directives including Directive 8.6 – Disciplinary Procedure; and Directive 10.1 – Use Of Force – Involving The Discharge Of Firearms; as well as several confidential SWAT Unit Standard Operating Procedures ("SOP"), including SOP 36 – SWAT Unit Dog Neutralization Policy; and the PPD Dog Encounter Training Policy. In his report, Plaintiff's expert, Glenn Garrels, referenced additional publicly available PPD directives and policies, including Directive 5.17 – Wanted Persons; Directive 4.21 Body Worn Camera; Directive 5.22 – Arrest Warrant; Directive 10.4 – Use of Force Review Board; Directive 8.2 – Civil Suits; and Firearm Unit and Training Memos and Policies.

On Summary Judgment, this Court dismissed Plaintiff's claim regarding the death of her dog constituting an unreasonable seizure and precluded the death of the dog as an underlying constitutional violation for the corresponding *Monell* liability. ECF Doc. No. 38, at 19-20. Plaintiff's remaining potential municipal liability claims against the City of Philadelphia for failure to train stem from the individual defendants' alleged unreasonable search – "[their] mistaken entry into Ms. Alvarado's apartment and their failure to knock and announce." *Id* at 22. Nevertheless, Defendants expect Plaintiff will introduce evidence and testimony of the aforementioned PPD directives and policies at trial. Additionally, Defendants expect Plaintiff will present arguments to the jury equating PPD directives and policies with Constitutional law, norms, and standards.

Defendants object to the admissibility of above-listed PDP's directives and policies, and any testimony thereon, because such evidence is irrelevant under Fed. R. Evid. 401. None of the above-mentioned directives and policies have any bearing on the questions the jury will be tasked with answering. Moreover, even if the Court were to find that such evidence has probative value,

Defendants object to its admissibility pursuant to Fed. R. Evid. 403. Allowing evidence or testimony on these policies and procedures presents a danger of misleading the jury or confusing the issues, namely that PPD policies and procedures do not constitute law and have no bearing on the legal standard for Fourth Amendment unreasonable search and seizure claims against the individual defendants or Plaintiff's limited failure to train theory of municipal liability against the City of Philadelphia.

**II.     LEGAL ARGUMENT**

    **A.     Evidence of listed Philadelphia Police Department's Directives and Policies Is Irrelevant and Inadmissible Under Federal Rules of Evidence 401 and 403.**

Relevance is governed by Federal Rule of Evidence 401, which provides:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401 (emphasis added). Evidence is relevant only if it has any tendency to establish a proposition or fact that is material to the lawsuit. Under Rule 401, testimony that fails to prove or disprove any material fact at issue is irrelevant. *Brancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992).

Even if deemed relevant, not all relevant evidence is admissible.

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Assuming evidence has probative value pursuant to Rule 401, it will only be admissible so long as its probative value is not substantially outweighed by the negative repercussions of the admitted evidence, as described in Rule 403. Consequently, evidence that is admissible may be excluded when its probative value is minimal in comparison to its potential

for prejudice. *Government of the Virgin Islands v. Felix*, 569 F.2d 1274, 1280 (3d Cir. 1978) (citing Fed. R. of Evid. 403).

In a case alleging a municipal liability for failure to train a municipal employee, proof of a constitutional injury is a threshold requirement for a *Monell* claim. *Persico v. City of Jersey City*, 67 F. App'x 669, 676 (3d Cir. 2003). With this legal standard in mind, evidence of the aforementioned PPD policies, unrelated to the Plaintiff's underlying Fourth Amendment unreasonable search and seizure claims against individual defendants or her failure to train *Monell* liability theory, are not relevant to the claims at issue. The jury is not charged with the duty of determining whether police internal procedures were followed. Rather, should the jury find the individual defendants caused Plaintiff to suffer a constitutional injury, the jury will be charged with the duty of determining whether the City failed to train the individual defendants that caused such an injury pursuant to the applicable unreasonable search standard. Any evidence of PPD directives and policies unrelated to Plaintiff's municipal liability claim for failure to train stemming from the individual defendants' alleged unreasonable search will not be a fact of consequence for the jury to consider in determining whether the City of Philadelphia failed to train the officers on knock and announce and search warrant execution requirements.

The Third Circuit, in *McKenna v. City of Philadelphia*, 582 F.3d 447 (3d Cir. 2009) affirmed the verdict where the district court excluded evidence of use of force directives in an excessive force case because "even if the directives were relevant, they were subject to exclusion under Rule 403 on the Federal Rules of Evidence, which permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Id.* at 461 (quoting Fed. R. Evid. 403).

Here, not only are the listed PPD directives and policies not relevant to Plaintiff's remaining claims, but they also lack probative value and will only serve to confuse the jury. Defendants submit the only PPD directive and policies relevant to Plaintiff's *Monell* claim are PPD Directive 5.7 – Search Warrants and SWAT SOPs related to search warrant execution.

In this Circuit and others, district courts have consistently held that a violation of a policy or directive is not sufficient to establish a constitutional violation. See *Grazier v. City of Philadelphia*, 328 F.3d 120, 127 (3d Cir. 2003) (citing *Davis v. Scherer*, 468 U.S. 183, 193-196 (1984)); see also *Davis v. Wigen*, 1995 WL 422790, at *2 (E.D. Pa. July 13, 1995) (citing *Davis v. Scherer*, 468 U.S. at 194 and Lavado v. Keohane, 992 F.2d 601, 610 (6th Cir. 1993)). Allowing evidence of these policies and procedures, as well as argument to the jury by Plaintiff to measure the officers' compliance with said policies, will both mislead the jury and confuse the issues. No PPD policy or procedure constitutes law or defines the constitutional standard the jury will be instructed to apply. Any attempt by Plaintiff to show that the officers, or other PPD personnel, failed to follow PPD policy during this incident, will have the effect of misleading the jury into thinking that, if a police officer fails to follow policy, then his actions must therefore be unreasonable – a conclusion not based upon the legal standards for the alleged Fourth Amendment unreasonable search and seizure or municipal liability failure to train theory. Thus, Defendants respectfully submit that such evidence is not relevant under Fed. R. Evid. 401 and unfairly confusing and prejudicial under Fed. R. Evid. 403.

### III. CONCLUSION

For all the foregoing reasons, evidence of the PPD directives and policies, listed in Plaintiff's Expert Report as Directive 8.6 – Disciplinary Procedure; Directive 10.1 – Use Of Force – Involving The Discharge Of Firearms; Directive 5.17 – Wanted Persons; Directive 4.21 Body

Worn Camera; Directive 5.22 – Arrest Warrant; Directive 10.4 – Use of Force Review Board; Directive 8.2 – Civil Suits; as well as SOP 36 – SWAT Unit Dog Neutralization Policy; Firearm Unit and Training Memos and Policies, and the PPD Dog Encounter Training Policy; and any additional irrelevant PPD policies should not be admitted into evidence. Additionally, Plaintiff should be precluded from presenting argument equating the Philadelphia Police Department directives and policies with Constitutional law.

Date: <u>August 29, 2024</u>                                     Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **FELISHATAY ALVARADO,** : <br>          **Plaintiff,** : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br>          **Defendants.** : | **Civil Action** <br> **No. 22-3763** |

## CERTIFICATE OF SERVICE

I, Jonah Santiago-Pagán, Esquire, Counsel for the Defendants in the above-captioned matter, hereby certify that the foregoing Motion in *Limine*, proposed form of order, memorandum of law, and this certificate of service were filed via the Court's ECF system and are available for viewing and downloading.

Date: <u>August 29, 2024</u>　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Jonah Santiago-Pagán*
　　　　　　　　　　　　　　　　　　　　　**JONAH SANTIAGO-PAGAN, ESQUIRE**
　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 326442
　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　(215) 683-5428
　　　　　　　　　　　　　　　　　　　　　jonah.santiago-pagan@phila.gov