**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| *Plaintiff,* | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants.* | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion *in Limine* to Preclude Testimony and Evidence concerning the death of Plaintiff's dog, Akuma, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that questioning, testimony, or evidence regarding the shooting and death of Akuma is precluded.

**BY THE COURT:**

_____

**MURPHY, J.**

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| *Plaintiff*, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants*. | : | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE DEATH OF PLAINTIFF'S DOG**

Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, hereby file this Motion *in Limine* to preclude any questioning or evidence regarding the facts and circumstances surrounding the death of Plaintiff's dog, Akuma. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, Defendants respectfully request that this Court grant their motion in accordance with the attached proposed order.

Respectfully submitted:

Date: August 29, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO
PRECLUDE REFERENCE TO THE DEATH OF PLAINTIFF'S DOG**

Defendants, Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum of law in support of their objections relating to the admissibility of testimony and evidence of Akuma's death and the circumstances surrounding the death.

**I.      BACKGROUND**

The morning of June 4, 2021, members in Philadelphia Police Department's ("PPD") SWAT unit executed search and arrest warrants at 4664 Torresdale Avenue in Philadelphia, seeking to arrest a murder suspect. Located at this address is a rowhouse had a front door that was accessible from Torresdale Avenue. This door displayed the property's street number, "4664," but did not display a specific unit number. To the left of the door, two mailboxes—marked "1" and "2" respectively—were mounted on the wall. After the Torresdale door was breached, officers on the entry teams entered. Upon entering, Defendant Officer Song was attacked by Plaintiff's Pitbull mix named Akuma. Officer Song fired a single shot from his rifle, killing the Pitbull.[1]

---

[1] Defendants include only the facts relevant to the instant Motions in *Limine*. A complete factual history was presented during summary judgment litigation. *See* Doc. Nos. 28-38.

Plaintiff Felishatay Alvarado brings the instant civil rights action under 42 U.S.C. § 1983, alleging that the individual Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures. ECF Doc. No. 4, at 1–3. On Summary Judgment, this Court limited the claims for trial to a "Fourth Amendment claim against individual defendants . . . based on their mistaken entry into her home, their failure to knock and announce their presence, and her extended detention." ECF Doc. No. 38, at 24-25. This Honorable Court also narrowed the surviving *Monell* claim to preclude "the theory that Akuma's killing violated the Fourth Amendment." *Id*.

Defendants expect Plaintiff's case to include reference to the death of Akuma in, at minimum, Plaintiff's testimony, other fact testimony, and the testimony of her experts.[2] As such, Defendants request the Court preclude evidence regarding the death of Akuma, as the prejudicial effect against the defendants far outweighs any probative value to Plaintiff's case, or, in the alternative, adopt one of the proposed limitations.

## I.  **ARGUMENT**

### A.  Evidence Regarding Akuma's Death is Irrelevant to the Remaining Claims and Should be Precluded under Federal Rule of Evidence 401.

Relevance is governed by Federal Rule of Evidence 401, which provides evidence is relevant "only if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is relevant only if it has any tendency to establish a proposition or fact that is material to the lawsuit. Under Rule 401, testimony that fails to prove or disprove any material fact at issue is irrelevant. *Brancha v. Raymark Indus*., 972 F.2d 507, 514 (3d Cir. 1992).

---

[2] Defendants have also filed other Motions *in Limine* to preclude or limit Plaintiff's expert testimony on the same basis but restate the argument in the instant motion for completeness.

For each surviving claim, evidence regarding the shooting of Akuma and his death would not assist the factfinder in discerning any material fact at issue. Section 1983 claims require a fact finder to determine that while acting under color of state law, defendants deprived a plaintiff of a federal constitutional right. Model Civ. Jury Instr. 3rd Cir. 4.3 (2024). The Fourth Amendment protects individuals "against *unreasonable* searches and seizures." U.S. Const. Amend. IV. The surviving claims include theories of Fourth Amendment claims against the individual SWAT officers pursuant to their entry into her home, their alleged failure to follow the knock and announce rule, and her alleged thirty-minute, gun-point detention. The *Monell* claim against the City has been narrowed to exclude Akuma's death as an underlying constitutional violation. Akuma's death and the facts surrounding the shooting and corresponding investigation serve no purpose to aiding a factfinder discern whether or not the Plaintiff was subject to an unreasonable search and seizure. For these reasons, the Court should preclude such evidence under Rule 401.

B.   <u>Evidence Regarding Akuma's Death is Inadmissible to the Remaining Claims and Should be Precluded under Federal Rule of Evidence 403.</u>[3]

Even if deemed relevant, not all relevant evidence is admissible. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Should evidence have probative value pursuant to Rule 401, such evidence will only be admissible so long as its probative value is not substantially outweighed by the negative repercussions of the admitted evidence. Evidence that is admissible may be excluded when its probative value is minimal in comparison

---

[3] Defendants have also set forth a 403 analysis regarding expert testimony surrounding Ms. Alverado emotional damages resulting from Akuma's death. However, as this Motion in *Limine* is broader than the Daubert motion, Defendants reapply portions of the argument here.

to its potential for prejudice. *Government of the Virgin Islands v. Felix*, 569 F.2d 1274, 1280 (3d Cir. 1978) (citing Fed. R. Evid. 403).

Should evidence surrounding Akuma's death be deemed relevant under Rule 401, the prejudicial effect of such evidence *substantially* outweighs any probative value. Here, the expected testimony would relate to Akuma's reaction to the various officers entering the property, Officer Song shooting the dog in response to being bitten and reared at, Ms. Alvarado and the other Officers hearing Akuma's reactions and the gunshot, the impact of Akuma's death on Ms. Alverado, corresponding expert testimony opinions, as well as additional physical evidence that could be entered into the record or shown to the jury.[4] The only purpose for such testimony would be to convince the jury that someone who would shoot a dog would be ruthless enough to also violate someone's rights. A purpose that is clearly improper. *See, e.g. Brown v. Eberly*, No. CIV.A. 99-1076, 2002WL31528675, at *2 (E.D. Pa. Nov. 14th, 2002) ("[E]vidence that defendant has shot and killed four dogs in the past is evidence of another crime or wrong and cannot be used to show that defendant is more likely to have committed the violations of law cited by plaintiffs."). To the extent that the investigation after the Officers entered into the property need be referenced, a jury needn't learn about the underlying reason. Rather, Defendants propose that the language be sanitized to "resulting investigation" or other high-level reference. There is no probative value in evidence regarding Akuma's death.

In contrast, the prejudicial value is extraordinarily high. Plaintiff is not the only person who has developed a strong attachment to their dog. As the Fourth Circuit has noted, "Dogs have aptly been labeled 'Man's Best Friend,' and certainly the bond between a dog owner and his pet can be

---

[4] Such substantially prejudicial evidence exchanged in discovery includes color photographs taken by investigating officers of the deceased dog laying in a pool of blood inside Ms. Alverado's living room, including close up photographs of the dog's head injury.

4

strong and enduring. Many consider dogs to be their most prized personal possessions, and still others think of dogs solely in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003). Jurors will relate to these sentiments and empathize with Ms. Alvarado's loss. Such empathy will cloud and confuse the jury, unduly prejudice the jury against the Officers, and mislead the jury into finding for liability against the defendants.

The inflammatory nature of such evidence is well-settled. Courts have precluded testimony that seeks to attribute human qualities or attributes to dogs. *See Brown*, 2002WL31528675 at *1 ("Evidence that would seek to attribute human characteristics to the dog is not relevant and will be excluded . . . [For example] the picture of the dog and the child on a couch with the child thinking 'we're best buddies' is excluded under Rule 403."). As well as testimony that refers to a dog as a "comfort" animal. *See Commonwealth v. Purnell*, 259 A.3d 974, 986 (2021) (The lower court appropriately mitigated against potential prejudice by requiring that the parties refer "to the animal as a 'service dog' to lessen the likelihood that the dog's presence would engender sympathy from the jury."). Accordingly, Defendants respectfully request that this Court preclude evidence that references Akuma's death, the circumstances immediately leading up to the death, and the SWAT team's involvement with Akuma.

C.    Proposed Alternatives to Complete Preclusion

While Defendants believe evidence regarding Akuma's death is both not relevant and highly prejudicial, Defendants propose the following possible alternatives should the Court deny complete preclusion. These alternatives include (1) bifurcation of the liability and damage phases before the same jury, (2) a limiting instruction to the jury, and (3) limitation of presentation of the evidence and surrounding arguments to limit prejudice.

1. *Bifurcation on Liability and Damages Would Protect Plaintiff's and Defendants' Interest when Presenting Their Cases.*

A trial court may bifurcate a matter after considering convenience, prejudice, expedition, and resource economy. Fed. R. Civ. P. 42(b); *see also Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The decision to bifurcate lies with the trial court and is made on a case-by-case basis. *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). Here bifurcation would be an appropriate remedy to Defendants' concerns while also allowing the evidence before the jury should Plaintiff wish to present the evidence for damages calculations.

In *Fetzer*, a personal injury claim, the Court spent a considerable amount of time reviewing whether there would be any prejudice against a party for not bifurcating, specifically whether evidence to damages would be improperly reviewing towards liability. *See Fetzer v. Wal-Mart Stores, Inc.*, No. 13-CV-9312, 2016 WL 6833912, at *1 (N.D. Ill. Nov. 21, 2016). Ultimately, the court held that "on the facts of this case, maximizing the separation of liability and damages presents the best means to obviate unfair prejudice to Defendant." *Id*. at *5. For the reasons argued above, the prejudice against Defendants is high should the jury hear evidence that may go towards damages—the death of Akuma and the impact it had on Plaintiff—and the jury likely will be prejudiced and influenced against the Defendants in their finding of liability.

Empaneling the same jury in bifurcated hearings and trials has been an option widely used that both balances the need to limit prejudicial evidence while also limiting any strain on the court system, the jury pool, and the parties. *See Fetzer*, 2016 WL 6833912, at *1 ("Here, a trial bifurcated between liability and damage phases that proceeds before the same jury maximizes the potential for judicial economy and removes undue prejudice towards Defendant, but does not unfairly impair Plaintiffs or implicate Seventh Amendment concerns."); *Witherbee v. Honeywell*, Inc., 151 F.R.D. 27, 30 (N.D.N.Y. 1993) ("By separating the issues of liability and damages, the court will

minimize the risk that the defendants and third-party defendants will be unfairly prejudiced by testimony relating to the damages."); *McKeen v. USAA Cas. Ins. Co.*, No. 2:14-CV-396-DN-PMW, 2016 WL 4256948, at \*5 (D. Utah Aug. 11, 2016) ("a bifurcated trial can be expedited and economized by having the same jury hear both phases of the case.").

Much like in the cases above, bifurcation before the same jury would be an appropriate remedy to precluding the evidence surrounding Akuma's death during the liability determination. The trial is currently listed for a five-day trial. Empaneling the same jurors for both portions of the trial, would promote judicial economy and limit any additional time or resources used beyond what has already been allotted to this trial. Plaintiff and Defendants would be able to narrowly tailor opening statements and closing arguments appropriate and many of the witnesses would not need to be recalled. Additionally, this court has already ordered a twelve-hour time limit on the parties, this time limit can be appropriately reserved between both portions of the trial to further limit the need for undue delay or expense. Should the Court deny omitting evidence surrounding Akuma's death, bifurcation before the same jury would be an appropriate alternate remedy.

### 2. Limitation on admission of evidence rather than complete preclusion.

Should the Court find against both complete preclusion and bifurcation, Defendants request the jury be given a limiting instruction specifically directing against use of the dog shooting in their finding of liability and only for the use of damages, if at all. Defendants also request that Plaintiff be precluded from arguing, suggesting, or presenting evidence to the jury that the shooting was unreasonable or in any form improper. Finally, Defendants request an opportunity to discuss amendments, redactions, or other alterations of evidence present on each parties exhibit list to minimize prejudice pursuant to Rule 403.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion *in limine* and preclude testimony regarding Akuma's death.

Respectfully submitted:

Date:  August 29, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, Defendants' Motion *in Limine* was filed via the

Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date: August 29, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595