# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br>*Defendants*. | Civil Action<br>No. 22-3763 |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiff's Motion *in Limine* Regarding Status of Plaintiff's Service Animal, Defendants' Response, and any response thereto, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
**MURPHY, J.**

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO, : | |
| *Plaintiff*, : | |
| : | Civil Action |
| v. : | No. 22-3763 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| *Defendants*. : | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING STATUS OF PLAINTIFF'S SERVICE ANIMAL

Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, hereby file this Response to Plaintiff's Motion *in Limine* Regarding Status of Plaintiff's Service Animal. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, Defendants respectfully request that this Court deny Plaintiff's motion in accordance with the attached proposed order.

Respectfully submitted:

Date:  September 5, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELISHATAY ALVARADO,** : | | |
| Plaintiff, : | | |
| : | | Civil Action |
| v. : | | No. 22-3763 |
| : | | |
| **CITY OF PHILADELPHIA, et al.,** : | | |
| Defendants. : | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF's MOTION *IN LIMINE* REGARDING STATUS OF PLAINTIFF'S SERVICE ANIMAL**

Defendants, Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum of law in support of their objections to Plaintiff's Motion that Akuma, Plaintiff's deceased dog, was a service animal.

Plaintiff Felishatay Alvarado brings the instant civil rights action under 42 U.S.C. § 1983, alleging that the individual Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures. ECF Doc. No. 4, at 1–3. The claims for trial are a "Fourth Amendment claim against individual defendants . . . based on their mistaken entry into her home, their failure to knock and announce their presence, and her extended detention." ECF Doc. No. 38, at 24-25. The *Monell* claim cannot proceed on "the theory that Akuma's killing violated the Fourth Amendment." *Id*. Defendants object to Plaintiff's request for judicial notice that the dog was a "service animal," because the status of Ms. Alvarado's dog is not undisputed as Plaintiff claims.

I.  **ARGUMENT**

   A.  <u>Nothing in the record classifies Akuma as a "Service Dog."</u>

In her brief, Plaintiff fails to cite to any legal authority allowing the court to make the requested determination. However, it appears that Plaintiff is requesting the Court to take judicial notice of an adjudicative fact. To do so would be improper because the status of Akuma is neither a well-known fact allowing for judicial notice nor is the status as a service animal undisputed.

Courts can take judicial notice of both legislative facts and adjudicative facts. Adjudicative facts may be judicially noticed when "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the *essential prerequisite*." Comment, Fed. R. Evid. 201 (emphasis added). Here, Akuma's alleged status as a service dog cannot accurately and readily be determined with the requisite high degree of indisputability.

Plaintiff currently alleges that her dog was a "service animal." However, congress has defined a service animal multiple times. First, in the context of air travel, a service animal is defined as:

> a dog, regardless of breed or type, that is individually trained to do work or perform tasks for the benefit of a qualified individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Animal species other than dogs, *emotional support animals,* comfort animals, companionship animals, and service animals in training *are not service animals for the purposes of this part*.

14 C.F.R. § 382.3 (emphasis added). The Americans with Disabilities Act defines a "service animal" as

any dog that is *individually trained* to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition. The work or tasks performed by a service animal must be directly related to the individual's disability. Examples of work or tasks include, but are not limited to, assisting individuals who are blind or have low vision with navigation and other tasks, alerting individuals who are deaf or hard of hearing to the presence of people or sounds, providing non-violent protection or rescue work, pulling a wheelchair, assisting an individual during a seizure, alerting individuals to the presence of allergens, retrieving items such as medicine or the telephone, providing physical support and assistance with balance and stability to individuals with mobility disabilities, and helping persons with psychiatric and neurological disabilities by preventing or interrupting impulsive or destructive behaviors. *The crime deterrent effects of an animal's presence and the provision of emotional support, well-being, comfort, or companionship do not constitute work or tasks for the purposes of this definition.*

28 C.F.R. § 35.104 (emphasis added). Using these definitions as a guide, it is clear that her dog was not a service animal.

First, Dr. Valliere's opinion does not cite that Akuma was a service dog and based on her provided analysis, Akuma would not classify as a service animal under either definition. Dr. Valliere only indicates that Akuma was a an "emotional support animal." ECF Doc. No. 52-2, at 3. Further, based upon her review of the evidence, Akuma's assistance was limited to providing a feeling of protection and emotional support. *See id*. at 3, 6, 10. The only reference to a service animal in Dr. Valliere's report is to recommend that Ms. Alvarado could benefit from a service animal. *Id*. at 12. A recommendation for a future service animal is not an assertion that Akuma was a service animal.

Second, the emotional service animal ("ESA") letters do not indicate that Akuma was a service animal. The authenticity of these ESA service letters is questionable. *See* Fed. R. Evid. 901. First, Plaintiff provides no evidence beyond these letters that Dr. Welch actually spoke with her. Second, the letters are generically written. The letters make no reference to the psychological

disability recognized by the DSM-V, the letters also do not refer to Ms. Alvarado by gender—specifically using "they", "their", or simply "Felishatay." Most importantly, the letters provide no address or communication avenues for Dr. Welch aside from a single phone number, 1-888-400-0057, which is associated with a medical facility in Massachusetts. Even if these letters are deemed authentic, again, they do not demonstrate that Akuma was a service animal. There is no evidence that Akuma was a service animal.

I. **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion *in Limine* Regarding Status of Plaintiff's Service Animal.

Respectfully submitted:

Date: September 5, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO, : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 22-3763** |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Response to Plaintiff's Motion *in Limine* Regarding the Status of Plaintiff's Service Animal was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date: September 5, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595