IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**PLAINTIFF'S PROPOSED JURY CHARGES**

**4.1     Section 1983 Introductory Instruction**

[Plaintiff] is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] [statutory] rights under color of state law.

**4.2 / 1.10     Section 1983 – Burden of Proof**

This is a civil case. [Plaintiff] is the party [who] brought this lawsuit. [The Defendants in this case are the City of Philadelphia and several members of the Philadelphia Police Department's SWAT Unit, whose individual names are Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy.] [Plaintiff] has the burden of proving [her] case by what is called the preponderance of the evidence. That means [plaintiff] has to prove to you, in light of all the evidence, that what [she] claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to [plaintiff] and the evidence favorable to [the defendants] on opposite sides of the scales, [plaintiff] would have to make the scales tip somewhat on [her] side. If [plaintiff] fails to meet this burden, the verdict must be for [the defendants]. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

***

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## 4.3 SECTION 1983 — ELEMENTS OF THE CLAIM

[To win her case, Plaintiff must prove to you, by a preponderance of the evidence that] the defendants deprived [her] of her right [under the Fourth Amendment of the United States Constitution] to be free from unreasonable searches and seizures.


**PLAINTIFF'S NOTE**: "By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Here, the element of acting "under color of state or territorial law" is not in dispute.  Thus, the *only* element relevant the jurors' deliberations is whether the Defendants' conduct deprived Plaintiff of her federal rights.

## 4.5 SECTION 1983 — DEPRIVATION OF A FEDERAL RIGHT

[As I previously informed you, Plaintiff alleges that the defendants deprived her of her rights under the Fourth Amendment of the United States Constitution].

[The Fourth Amendment of the United States Constitution reads in relevant part as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated [. . .]."

[Plaintiff alleges that the Defendants violated her Fourth Amendment rights for several reasons:

[**FIRST,** Plaintiff alleges that Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy — all of whom were members of the Philadelphia Police Department's SWAT Unit — entered her home without following something known as the Knock and Announce Rule.  The United States Supreme has established the Knock and Announce Rule, which says that police officers may not enter a private residence without first knocking and announcing their presence and providing the residents therein a reasonable opportunity to answer the door.  I instruct you, as a matter of law, that the actions of these Defendants did in fact violate established the Knock and Announce Rule.  Accordingly, you must find in favor of Plaintiff, and against Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy, on this issue.  It will be your decision to decide the amount of money that will fairly compensate Plaintiff for any harm that she sustained due to these Defendants' failure to follow the Knock and Announce Rule.

[**SECOND**, Plaintiff alleges that Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy — all of whom were members of the Philadelphia Police Department's SWAT Unit — entered her home as the result of an unreasonable mistake. The Defendants admit that they did not have a warrant to enter Plaintiff's home and that Plaintiff was not suspected of any wrongdoing.  However, the

Defendants claim that they made a mistake that caused them to enter Plaintiff's home. To win on this theory, Plaintiff must persuade you by the preponderance of the evidence that the mistake made by these Defendants was not reasonable.

[**THIRD**, Plaintiff alleges that she was detained in her home after the SWAT Unit Defendants mistakenly entered her home. If you are convinced by the preponderance of the evidence that Plaintiff was detained by these individual Defendants for any length of time, or that these Defendants failed to leave Plaintiff's home as soon as they realized they were in the wrong house, you must find in favor of Plaintiff on this theory.

[**IN ADDITION** to those allegations against the SWAT Unit Defendants, Plaintiff also alleges that her Fourth Amendment rights were violated by the City of Philadelphia, because the City of Philadelphia failed to properly train the SWAT Unit Defendants. I will now give you instructions concerning Plaintiff's allegations against the City of Philadelphia.

## 4.6.7 LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER — MUNICIPALITIES — LIABILITY THROUGH INADEQAUTE TRAINING OR SUPERVISION

[Plaintiff] claims that [the City of Philadelphia] adopted a policy of [inadequate training] and that this policy caused the violation of [plaintiff's] [Fourth Amendment right to be free from unreasonable searches and seizures].

In order to hold [the City of Philadelphia] liable for the violation of [plaintiff's] [Fourth Amendment right to be free from unreasonable searches and seizures], you must find that [plaintiff] has proved each of the following three things by a preponderance of the evidence:

> First: [the City of Philadelphia's] training program was inadequate to train its employees to carry out their duties].

> Second: [the City of Philadelphia's] failure to [adequately train] amounted to deliberate indifference to the fact that inaction would obviously result in the violation of [the people's Fourth Amendment rights].

> Third: [the City of Philadelphia's] failure to [adequately train] proximately caused the violation of [of Plaintiff's Fourth Amendment rights].

In order to find that [the City of Philadelphia's] failure to [adequately train] amounted to deliberate indifference, you must find that [plaintiff] has proved each of the following three things by a preponderance of the evidence:

> First: [the City of Philadelphia's police department] knew that employees would confront a particular situation.

> Second: The situation involved [an obvious need for training]

Third: The wrong choice by an employee in that situation will frequently cause a deprivation of [the people's Fourth Amendment rights].

In order to find that [the City of Philadelphia's] failure to [adequately train] proximately caused the violation of [plaintiff's] [Constiutional] right, you must find that [plaintiff] has proved by a preponderance of the evidence that [the City of Philadelphia's] deliberate indifference led directly to the deprivation of [plaintiff's] [Fourth Amendment rights].

## 4.8.1 DAMAGES — COMPENSATORY DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not [the Defendants] should be held liable.

If you find [any of the defendants] liable, then you must consider the issue of compensatory damages. You must award [plaintiff] an amount that will fairly compensate [her] for any injury [she] sustained as a result of [the Defendants'] conduct.

[Plaintiff] must show that the injury would not have occurred without [defendant's] act [or omission]. [Plaintiff] must also show that [defendant's] act [or omission] played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of [defendant's] act [or omission]. [There can be more than one cause of an injury. To find that [defendant's] act [or omission] caused [plaintiff's] injury, you need not find that [defendant's] act [or omission] was the nearest cause, either in time or space. However, if [plaintiff's] injury was caused by a later, independent event that intervened between [defendant's] act [or omission] and [plaintiff's] injury, [defendant] is not liable unless the injury was reasonably foreseeable by [defendant].]

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

[Plaintiff] claims the following items of damages:

- Physical harm to [plaintiff] during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that [plaintiff] is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to [plaintiff] during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that [plaintiff] is reasonably certain to experience in the future.

- The reasonable value of the medical [psychological, hospital, nursing, and similar] care and supplies that [plaintiff] reasonably needed and actually obtained, and the present value[1] of such care and supplies that [plaintiff] is reasonably certain to need in the future. AND

- The reasonable value of property damaged or destroyed.

**4.8.3 PUNITIVE DAMAGES**

In addition to compensatory or nominal damages, you may consider awarding Plaintiff Alvarado punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the Plaintiff Alvarado suffered no actual injury and so receives nominal rather than compensatory damages.

Municipalities [such as the City of Philadelphia] are immune from punitive damages. You may only award punitive damages if you find that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federally protected rights.

• A violation is malicious if it was prompted by ill will or spite towards the Plaintiff Alvarado. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the Plaintiff Alvarado in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused Plaintiff Alvarado's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure Plaintiff Alvarado unlawfully.

---

[1] The Court of Appeals has not discussed whether and how the jury should be instructed concerning the present value of future damages in Section 1983 cases. For instructions concerning present value (and a discussion of relevant issues), see Instruction 5.4.4 and its Comment.

5

- A violation is wanton if the person committing the violation recklessly or callously disregarded the Plaintiff Alvarado's rights.

If you find that it is more likely than not that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. You cannot award punitive damages unless you have found that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights.

If you have found that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful

acts similar to those Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song should be punished for wrongful conduct toward Plaintiff Alvarado, and the degree to which an award of one sum or another will deter Defendants or others from committing similar wrongful acts in the future.

**Respectfully submitted,**

**/s/ Keith West**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
*Attorney for the Plaintiff*