IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO,<br>    **Plaintiff,**<br><br>  v.<br><br>CITY OF PHILADLEPHIA, et al.,<br>    **Defendants.** | **Civil Action**<br>**No. 22-3763** |

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

   The parties have conferred and could not agree upon all jury instructions. The Parties have agreed to the language proposed for Compensatory Damages and Punitive Damages. Defense has kept the language for punitive damages in the below to highlight the redline deviation from the Third Circuit Model. The Defendants respectfully request the jury be charged as follows.

                 Respectfully submitted:

Date: September 12, 2024       /s/ *Emily Hoff*
                  Emily Hoff
                  Assistant City Solicitor
                  Attorney Identification No. 330859


                  /s/ *Jonah Santiago-Pagán*
                  Jonah Santiago-Pagán
                  Deputy City Solicitor
                  Attorney Identification No. 326442
                  City of Philadelphia Law Department
                  1515 Arch Street, 14th Floor
                  Philadelphia, PA 19102-1595

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 22-3763 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**I.  Preliminary Instructions for Use at Commencement of Trial**

1. 1.1 Introduction; Role of Jury

2. 1.2 Description of Case; Summary of Applicable Law

3. 1.3 Conduct of the Jury

4. 1.4 Bench Conferences

5. 1.5 Evidence

6. 1.6 Direct and Circumstantial Evidence [option two]

7. 1.7 Credibility of Witnesses

8. 1.9 Note-Taking By Jurors

9. 1.10 Preponderance of the Evidence

10. 1.12 Description of Trial Proceedings

**II.  General Instructions for Use During Trial**

11. 2.11 Opinion Testimony[1]

---

[1] This request is made pursuant to pending motions *in limine*. Should the Court grant defense's motions regarding Plaintiff's experts, then Defendants retract the request for this instruction.

**III.**     **Instructions for Civil Rights Claims Under Section 1983**

12. 4.1 Introductory Instruction

13. 4.2 Burden of Proof

14. 4.3 Elements of Claim

15. 4.4.1 Action under Color of State Law – Not in Dispute

16. 4.5 Deprivation of a Federal Right

17. CUSTOM Section 1983 – Unlawful Search – General

18. CUSTOM Section 1983 – Unlawful Search – Failure to Knock and Announce

19. CUSTOM Section 1983 – Unlawful Seizure – Warrant Application

20. 4.6.3 Section 1983 – Municipalities – General Instruction

21. CUSTOM Section 1983 – Municipalities – Liability Through Inadequate Training or Supervision

**IV.**     **Instructions for Civil Rights Claims Under Section 1983 (Damages)**

22. 4.8.1 Compensatory Damages

23. 4.8.3 Punitive Damages

**V.**     **General Instructions for Use At End of Trial**

24. 3.1 Deliberations

Instructions are taken from the Model Civil Jury Instructions for the District Courts of the Third Circuit, except where alterations or other sources are specifically noted by redline. Additions of party names, substitution of pronouns or verb forms, and similar non-substantive revisions are not noted. Each of Defense's requested jury instruction is listed in the above table of contents. However, to comply with this Court's policies and procedures, only the substantive proposed jury instructions are provided below.

**Preliminary Instructions for Use at Commencement of Trial**

**1.2 Description of Case; Summary of Applicable Law[2]**

In this case, Plaintiff Felishatay Alvarado claims that her civil rights were violated pursuant to an entry into her residence and an alleged resulting stop. Ms. Alvarado proceeds pursuant to a civil rights statute against the City of Philadelphia and individual Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff Alvarado must prove to make her case.

Ms. Alvarado asserts three theories of liability. First, Ms. Alvarado must prove that the individual defendants' entry into her apartment was unreasonable. Second, Ms. Alvarado claims that the individual defendants improperly seized her after the entry into her apartment. And third, Ms. Alvarado claims these constitutional violations resulted from the City of Philadelphia's failure to train these individual SWAT Police Officers.

I have described to you some of the ways Plaintiff Alvarado claims she is entitled to relief. For the time being, this information is only to help you follow the evidence at trial.

---

[2] *See* Third Circuit Model Instructions, 1.2 Preliminary Instructions cmt. ("It is not necessary at the outset, however, to give a detailed instruction as to the applicable elements, especially in a complex case. But a brief description of the claims, defenses and counterclaims, if any, is likely to aid jury comprehension.").

**Instructions for Civil Rights Claims Under Section 1983**

**4.3 Section 1983 – Elements of Claim**

Plaintiff Felishatay Alvarado must prove both of the following elements by a preponderance of the evidence:

First: Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song acted under color of state law.

Second: While acting under color of state law, each individual SWAT unit officer deprived Plaintiff Alvarado of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Plaintiff Alvarado must prove to establish the violation of her federal constitutional rights.

# Instructions for Civil Rights Claims Under Section 1983

## 4.4.1 Section 1983 – Actions Under Color of State Law – Not in Dispute

### [Version A (government official) Only]

Because Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song were officials of the City of Philadelphia at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of Plaintiff Alvarado's claims is not in dispute, and you must find that this element has been established.

**Instructions for Civil Rights Claims Under Section 1983**

**4.5 Section 1983 – Deprivation of a Federal Right**

I have already instructed you on the first element of Plaintiff Alvarado's claim, which requires Plaintiff Alvarado to prove that the Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song acted under color of state law.

The second element of Plaintiff Alvarado's claims are that the individual SWAT unit officers deprived her of a federal constitutional right. Specifically, Plaintiff Alvarado alleges that each individual SWAT unit officer violated her Fourth Amendment rights to be free from unreasonable search and seizure. Specifically, she alleges that each individual SWAT officer's entry was unreasonable partially because they failed to knock and announce before entering her property and she alleges that her person was unreasonably seized after the entry.

Through the course of the trial, you were presented various internal policies and procedures governing the Philadelphia Police Department. A conclusion regarding whether or not the individual SWAT Officers violated internal policies is not determinative "of whether [the individual SWAT Officers] violated [Ms. Alvarado]'s constitutional rights . . . because a violation of a local policy does not demonstrate a violation of a constitutional right, nor does compliance with a local policy demonstrate compliance with a constitutional right."[3]

---

[3] *Bey-Cousin v. Powell, et al.*, 19-cv-01906, Doc. No. 61 (Wolson, J.) (Order); *see also Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 127 (3d Cir. 2003).

**Instructions for Civil Rights Claims Under Section 1983**

**CUSTOM: Unlawful Search[4]**

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable searches her residence by the police. In this case, Plaintiff Alvarado claims that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song subjected her to an unreasonable search of her apartment when they entered her apartment. To establish this claim, Plaintiff Alvarado must prove each of the following elements by a preponderance of the evidence:

1. The individual SWAT Unit Officers searched Felishatay Alvarado's residence;

2. in conducting the search, the Individual SWAT Unit Officers acted intentionally; and

3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, Plaintiff Alvarado must prove individual SWAT Unit Officers intended to search the Plaintiff Alvarado's residence. It is not enough if the plaintiff only proves individual SWAT Unit Officers acted negligently, accidentally or inadvertently in conducting the search. The Supreme Court has "recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing

---

[4] Adapted from the Third Circuit Model Instructions 4.12 Section 1983 – Unlawful Seizure and Ninth Circuit Model Instruction 9.12 Particular Rights—Fourth Amendment—Unreasonable Search—Generally.

search warrants."[5] However, Plaintiff Alvarado does not need to prove individual SWAT Unit Officers intended to violate the plaintiff's Fourth Amendment rights.

Deciding if an officer acted reasonably is done on a case-by-case basis,[6] based on the "facts and circumstances the officer[s] knew at the time of entry."[7] Plaintiff Alvarado alleges that individual SWAT Officers violated her Fourth Amendment Right to be free from an unreasonable search, in part, because these officers failed to knock and announce their presence prior to entering the property. I will now give you more details on this portion of the law.

---

[5] *Maryland v. Garrison*, 480 U.S. 79, 87 (1987).
[6] *United States v. Banks*, 540 U.S. 31, 36 (2003).
[7] 205 Am. Jur. Proof of Facts 3d 251 (Originally published in 2023).

**Instructions for Civil Rights Claims Under Section 1983**

**CUSTOM: Unlawful Search – Knock and Announce**

I have already instructed you on the law regarding the Fourth Amendment protection against an unlawful search. As a part of this claim, Plaintiff Alvarado is also alleging that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song failed to knock and announce their presence prior to entering the property.

Generally, police officers are expected to knock and announce their presence and purpose before entering the premises to be searched.[8] Plaintiff Alvarado seeks to prove, by a preponderance of the evidence, that the officers:

1. failed to knock;

2. failed to identify themselves as law enforcement officers;

3. failed to state their purpose for demanding entry; and

4. failed to wait a reasonable amount of time to allow the residents to comply with law enforcement commands before entering the residence by force.[9]

There is no brightline rule for what amount of time is reasonable between a knock and announce and the entry. Deciding if an officer waited a reasonable amount of time is done on a case-by-case basis,[10] based on the "facts and circumstances the officer[s] knew at the time of entry."[11]

---

[8] *See Wilson v. Arkansas*, 514 U.S. 927, 931 (1995); *see also Com. v. Davis*, 595 A.2d 1216, 1223 (Pa. 1991); *Com. v. McDonnell*, 516 A.2d 329, 330 (Pa. Super. 1986).
[9] 205 Am. Jur. Proof of Facts 3d 251 (Originally published in 2023).
[10] *United States v. Banks*, 540 U.S. 31, 36 (2003).
[11] 205 Am. Jur. Proof of Facts 3d 251.

Knocking and announcing is only a portion of your analysis regarding whether or not Plaintiff Alvarado's residence was unreasonably searched.[12] If you decide that the individual SWAT Unit Officers failed to knock and announce their entry, that does not mean that search was unreasonable. If you determine that there was a failure to knock and announce, I direct you to consider the rest of the facts and circumstances surrounding the entry and decide whether the entry as a whole was unreasonable. If you find that individual SWAT Unit Officers did knock and announce their entry, that does not mean the search was reasonable. If you find there was a knock and announce before the entry, I direct you to also consider the rest of the facts and circumstances surrounding the entry and decide whether it was reasonable.

---

[12] *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995) ("[W]e have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure.")

## Instructions for Civil Rights Claims Under Section 1983

## CUSTOM: Unlawful Seizure – Stop – Warrant Application[13]

In this case, while executing warrants for 4664 Torresdale Ave., 2nd Floor Rear, homicide detectives with the Philadelphia Police Department obtained a warrant authorizing the search. Plaintiff Alvarado asserts that, SWAT Officers, Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song illegally detained her during initial execution of the warrant.

During execution of a search warrant, officers executing the warrant are permitted "to detain the occupants of the premises while a proper search is conducted."[14] "This is reasonable to protect the police, to prevent flight, and generally to avoid dangerous confusion."[15] Officers are authorized to detain persons in this manner in the "immediate vicinity" of the warrant's permitted search area.[16] Immediate vicinity means "the area in which an occupant poses a real threat to the safe and efficient execution of a search warrant[, which] ensures that the scope of the detention incident to a search is confined to its underlying justification."[17]

To show that the detention violated the Fourth Amendment, Plaintiff Alvarado must prove each of the following by a preponderance of the evidence:

---

[13] Adapted from Adapted from the Third Circuit Model Instructions 4.12 Section 1983 – Unlawful Seizure.
[14] *Bailey v. United States*, 568 U.S. 186, 193 (2013) (quoting *Michigan v. Summers*, 452 U.S. 692 (1981)); *see also Baker v. Monroe Tp.*, 50 F.3d 1186, 1191 (3d Cir. 1995) (*citing Summers*, 452 U.S. 692); *Los Angeles County v. Rettele*, 127 S. Ct. 1989, 1991, 1993 (2007) (per curiam) (holding that officers searching house under valid warrant did not violate the Fourth Amendment rights of innocent residents whom they forced to stand naked for one to two minutes, because one suspect was known to have a firearm and the residents' bedding could have contained weapons).
[15] *Baker v. Monroe Tp.*, 50 F.3d 1186, 1191 (3d Cir. 1995).
[16] *Bailey v. United States*, 133 S. Ct. 1031, 1041 (2013).
[17] *Id*. at 1042.

1) The officers did not have a valid warrant to search.

2) Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song intentionally held Plaintiff Alvarado at gun point while in a state of undress for approximately thirty minutes.

3) These acts constituted a "seizure," and

4) This "seizure" was unreasonable.

**Instructions for Civil Rights Claims Under Section 1983**

**4.6.3 Section 1983 – Liability in Connection with the Actions of Another – Municipalities**

**General Instruction**

If you find that Plaintiff Alvarado was deprived of her Fourth Amendment right to be free from an unreasonable search or seizure, the City of Philadelphia is liable for that deprivation if she proves by a preponderance of the evidence that the deprivation resulted from the City of Philadelphia's official policy or custom - in other words, that the City of Philadelphia's official policy or custom caused the deprivation. It is not enough for Plaintiff Alvarado to show that the City employed a person who violated her rights.

"Official policy or custom" includes inadequate training. However, inadequate training does not count as "official policy or custom" unless the City of Philadelphia is deliberately indifferent to the fact that a violation of the Fourth Amendment's right to be free from unreasonable searches or seizures is a highly predictable consequence of the inadequate training.

I will now proceed to give you more details on the ways in which Plaintiff Alvarado may try to establish that an official policy or custom of the City of Philadelphia caused the deprivation.

## Instructions for Civil Rights Claims Under Section 1983

## CUSTOM – Liability in Connection with the Actions of Another – Municipalities

## Liability Through a Single Incident Theory of Inadequate Training[18]

Plaintiff Alvarado claims that the City of Philadelphia adopted a policy of inadequate training, and that this policy caused the violation of Felishatay Alvarado's Fourth Amendment's right to be free from unreasonable searches or seizures.

In order to hold the City of Philadelphia liable for the violation of her Fourth Amendment rights, you must find that Plaintiff Felishatay Alvarado has proved each of the following three things by a preponderance of the evidence:

First: The City of Philadelphia training program was inadequate to train its employees to carry out their duties.

Second: the City of Philadelphia did not specifically[19] train its employees on how to execute a search warrant[20];

Third: The City of Philadelphia's failure to adequately train proximately caused the violation of the Fourth Amendment's right to be free from unreasonable searches or seizures.

Plaintiff Alvarado claims there is municipal liability based on a single incident. To prove liability on this kind of theory, the law requires Plaintiff Alvarado to meet a high burden.[21] In order

---

[18] Adapted from the Third Circuit Model Instruction, 4.6.7 ("Section 1983 – Liability in Connection with the Actions of Another – Municipalities – Liability Through Inadequate Training or Supervision").
[19] *See Connick v. Thompson*, 563 U.S. 51, 71.
[20] *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) (plurality); *see also Clemens v. Cobley*, 1985 WL 5012 (E.D. Pa. Dec. 27, 1985) (Bechtle, J.).
[21] *Kline ex rel. Arndt v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007).

to find that the City of Philadelphia's failure to adequately train amounted to deliberate indifference, you must find that Plaintiff Alvarado has proved each of the following things by a preponderance of the evidence:

First: the constitutional violation was so predictable that the City of Philadelphia's decision not to train the officers reflected deliberate indifference.[22] To demonstrate deliberate indifference, Plaintiff Alvarado must present evidence that "a municipal actor disregarded a known or obvious consequence of his action."[23]

Second: a municipal policy maker was "on notice that, absent additional specified training, it was 'highly predictable'" that these rights would be violated.[24] For a result to be highly predictable, Plaintiff Alvarado must have demonstrated that "it was so predictable that failing to train the Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, and Edward Song amounted to conscious disregard for the Fourth Amendment rights to be free from unreasonable searches and seizures."[25]

In order to find that the City of Philadelphia's failure to adequately train proximately caused the violation of Plaintiff Alvarado's federal right, you must find that Plaintiff Alvarado has proved by a preponderance of the evidence that the City of Philadelphia's deliberate indifference led directly to the deprivation of either her Fourth Amendment right to be free from unreasonable searches or free from unreasonable seizures. Merely alleging that a single injury could have been avoided if a municipal actor had *more* or *better* training is not sufficient to prevail.[26]

---

[22] *Id.*
[23] *Farvardin v. Santos*, No. CIV.A. 12-6680, 2014 WL 7150023, at *7 (E.D. Pa. Dec. 15, 2014) (*quoting Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal citations omitted)).
[24] *Connick*, 563 U.S. at 71; *see also Kline*, 255 Fed. App'x at 629.
[25] *Connick*, 563 U.S. at 71.
[26] *See Connick*, 563 U.S. at 68 (*quoting Harris*, 489 U.S. at 391).

**Instructions for Civil Rights Claims Under Section 1983**

**4.8.3 Section 1983 – Damages – Punitive Damages**[27]

In addition to compensatory or nominal damages, you may consider awarding Plaintiff Alvarado punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the Plaintiff Alvarado suffered no actual injury and so receives nominal rather than compensatory damages.

Municipalities are immune from punitive damages.[28] You may only award punitive damages if you find that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federally protected rights.

• A violation is malicious if it was prompted by ill will or spite towards the Plaintiff Alvarado. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the Plaintiff Alvarado in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused Plaintiff Alvarado's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure Plaintiff Alvarado unlawfully.

• A violation is wanton if the person committing the violation recklessly or callously disregarded the Plaintiff Alvarado's rights.

---

[27] Counsel for Plaintiff agreed to the punitive damages charge presented here. Defense has kept the charge in this filing to highlight the modification from the model for the Court.
[28] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.")).

If you find that it is more likely than not that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. You cannot award punitive damages unless you have found that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights.

If you have found that Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song acted maliciously or wantonly in violating Plaintiff Alvarado's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants Joshua Burkitt, Eric Clark, Jose Hamoy, Kevin Mellody, Demetrius Monk, Brian Murray, Patrick Saba, or Edward Song should be punished for wrongful conduct toward Plaintiff Alvarado, and the degree to which an award of one sum or another will deter Defendants or others from committing similar wrongful acts in the future.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 22-3763 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Objections to Plaintiff's Proposed Jury Instructions was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date: September 12, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595