# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** <br>                 **Plaintiff,** <br><br> v. <br><br> **CITY OF PHILADLEPHIA, et al.,** <br>                 **Defendants.** | **Civil Action** <br> **No. 22-3763** |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The parties have conferred and could not agree upon all jury instructions. The Parties have agreed to Plaintiff's proposed language to compensatory damages and Defendants' proposed language to punitive damages as filed. ECF Nos. 59, 62. Defendants present their objections to Plaintiff's proposed jury instructions below.

Respectfully submitted:

Date: September 13, 2024

/s/ *Emily Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859


/s/ *Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Deputy City Solicitor
Attorney Identification No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| FELISHATAY ALVARADO, : <br>           **Plaintiff,** : <br> : <br> v. : <br> : <br> CITY OF PHILADELPHIA, et al., : <br>           **Defendants.** : | Civil Action <br> No. 22-3763 |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**4.3**     **Section 1983 — Elements of The Claim**

Plaintiff's Proposed Language:

[To win her case, Plaintiff must prove to you, by a preponderance of the evidence that] the defendants deprived [her] of her right [under the Fourth Amendment of the United States Constitution] to be free from unreasonable searches and seizures.

**PLAINTIFF'S NOTE**: "By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Here, the element of acting "under color of state or territorial law" is not in dispute. Thus, the only element relevant the jurors' deliberations is whether the Defendants' conduct deprived Plaintiff of her federal rights.

Defendants' Objection:

       The proposed language omits both of the elements that are required to prove the claim. While there is a stipulation that the officers were acting under the color of law, the jury should still be made aware of the law in its entirety, including the stipulation. Defendants propose their alternate language which is the Third Circuit Model 4.3 and 4.4.1.

**4.5 Section 1983 — Deprivation of A Federal Right**

Plaintiff's Proposed Language:

[As I previously informed you, Plaintiff alleges that the defendants deprived her of her rights under the Fourth Amendment of the United States Constitution].

[The Fourth Amendment of the United States Constitution reads in relevant part as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated [. . .]."

[Plaintiff alleges that the Defendants violated her Fourth Amendment rights for several reasons:

[FIRST, Plaintiff alleges that Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy — all of whom were members of the Philadelphia Police Department's SWAT Unit — entered her home without following something known as the Knock and Announce Rule. The United States Supreme has established the Knock and Announce Rule, which says that police officers may not enter a private residence without first knocking and announcing their presence and providing the residents therein a reasonable opportunity to answer the door. I instruct you, as a matter of law, that the actions of these Defendants did in fact violate established the Knock and Announce Rule. Accordingly, you must find in favor of Plaintiff, and against Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy, on this issue. It will be your decision to decide the amount of money that will fairly compensate Plaintiff for any harm that she sustained due to these Defendants' failure to follow the Knock and Announce Rule.

[SECOND, Plaintiff alleges that Defendants, Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demetrius Monk, Edward Song, and Jose Hamoy — all of whom were members of the Philadelphia Police Department's SWAT Unit — entered her home as the result of an unreasonable mistake. The Defendants admit that they did not have a warrant to enter Plaintiff's home and that Plaintiff was not suspected of any wrongdoing. However, the Defendants claim that they made a mistake that caused them to enter Plaintiff's home. To win on this theory, Plaintiff must persuade you by the preponderance of the evidence that the mistake made by these Defendants was not reasonable.

[THIRD, Plaintiff alleges that she was detained in her home after the SWAT Unit Defendants mistakenly entered her home. If you are convinced by the preponderance of the evidence that Plaintiff was detained by these individual Defendants for any length of time, or that these Defendants failed to leave Plaintiff's home as soon as they realized they were in the wrong house, you must find in favor of Plaintiff on this theory.

[IN ADDITION to those allegations against the SWAT Unit Defendants, Plaintiff also alleges that her Fourth Amendment rights were violated by the City of Philadelphia, because the City of Philadelphia failed to properly train the SWAT Unit Defendants. I will now give you instructions concerning Plaintiff's allegations against the City of Philadelphia.

Defendants' Objection:

Defendants object to the proposed language for multiple reasons. First, the paragraph regarding the alleged knock and announce rule violation, the improper entry, and the unreasonable seizure does not completely explain the law to the jury and the proposed language presents a disputed fact as a conclusion of law. Below, the Defendants propose an alternative jury instruction that cites the analysis the Supreme Court has followed when determining whether or not an entry violated the Fourth Amendment due to a failure to follow the knock and announce rule. Defendants propose alternative language that provide a more complete recitation of the law below.

Second, the paragraph regarding liability against the City of Philadelphia confuses liability against the Officers with liability against the Municipality. As written, Defense believes that the language would be confusing to the Jury. The Third Circuit has provided model jury instructions regarding 4th Amendment Search and Seizure violations that omit reference to municipal liability. *see* Third Circuit Model Instructions 4.12 Section 1983. Defendants request the same omission occur here.

## 4.6.7 Liability In Connection With The Actions of Another — Municipalities — Liability Through Inadequate Training Or Supervision

Plaintiff's Proposed Language:

[Plaintiff] claims that [the City of Philadelphia] adopted a policy of [inadequate training] and that this policy caused the violation of [plaintiff's] [Fourth Amendment right to be free from unreasonable searches and seizures].

In order to hold [the City of Philadelphia] liable for the violation of [plaintiff's] [Fourth Amendment right to be free from unreasonable searches and seizures], you must find that [plaintiff] has proved each of the following three things by a preponderance of the evidence:

First: [the City of Philadelphia's] training program was inadequate to train its employees to carry out their duties].

Second: [the City of Philadelphia's] failure to [adequately train] amounted to deliberate indifference to the fact that inaction would obviously result in the violation of [the people's Fourth Amendment rights].

Third: [the City of Philadelphia's] failure to [adequately train] proximately caused the violation of [of Plaintiff's Fourth Amendment rights].

In order to find that [the City of Philadelphia's] failure to [adequately train] amounted to deliberate indifference, you must find that [plaintiff] has proved each of the following three things by a preponderance of the evidence:

First: [the City of Philadelphia's police department] knew that employees would confront a particular situation.

Second: The situation involved [an obvious need for training]

Third: The wrong choice by an employee in that situation will frequently cause a deprivation of [the people's Fourth Amendment rights].

In order to find that [the City of Philadelphia's] failure to [adequately train] proximately caused the violation of [plaintiff's] [Constitutional] right, you must find that [plaintiff] has proved by a preponderance of the evidence that [the City of Philadelphia's] deliberate indifference led directly to the deprivation of [plaintiff's] [Fourth Amendment rights].

Defendants' Objection:

Defendants object to the use of the standard model instruction. In the Court's Memorandum Opinion regarding summary judgment, Plaintiff's theory for *Monell* liability survived pursuant to a single-instance theory of liability. To find liability under this theory, the jury must analyze

different elements than what is present in the standard instruction for a pattern, practice, and custom of failure to adequately train *Monell* claim. Defendants propose alternate language that encompasses the applicable elements.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** <br>     **Plaintiff,** <br><br>   v. <br><br> **CITY OF PHILADELPHIA, et al.,** <br>     **Defendants.** | **Civil Action** <br> **No. 22-3763** |

## CERTIFICATE OF SERVICE

  I hereby certify that on the date below, Defendants' Objections to Plaintiff's Proposed Jury Instructions was filed via the Court's electronic filing system and is available for downloading.

                Respectfully submitted:

Date: September 13, 2024     */s/ Emily M. Hoff*
                Emily Hoff
                Assistant City Solicitor
                Attorney Identification No. 330859
                City of Philadelphia Law Department
                1515 Arch Street, 14th Floor
                Philadelphia, PA 19102-1595