**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|    Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**ORDER**

AND NOW, on this _____ day of _____, 2024, upon consideration of the Defendants' Motion *in Limine* to Preclude Testimony and Evidence Concerning the Death of Plaintiff's Dog, Akuma, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** that the Defendants' Motion is **DENIED**.

**BY THE COURT:**

_____
**John F. Murphy, District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
THE DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE
CONCERNING THE DEATH OF PLAINTIFF'S DOG, AKUMA**

**I.     INTRODUCTION**

A few seconds after illegally forcing his way into Plaintiff's home, Defendant, Edward Song, shot Plaintiff's service dog, Akuma, in the head, instantly killing the beloved pet.  In the Court's Memorandum Opinion regarding the Defendants' Motion for Summary Judgement, the Court held that Officer Song's execution of Akuma was not an independent violation of Plaintiff's Fourth Amendment rights, but that "this opinion should not be read to exclude any reference to Akuma's killing at trial, given the potential connection to other issues such as damages."  See *Doc. No*. 38 at 20 fn. 19.  Nevertheless, the Defendants instantly request for the Court to exclude any reference to Akuma's death at the trial, either by issuing a complete ban or by bifurcating the case for the sole purpose of excluding any reference to Akuma's death.  Plaintiff opposes the Motion.

**II.     LEGAL ARGUMENT**

A party moving pretrial to exclude evidence from the trial of a matter has the burden of demonstrating that "that the evidence is inadmissible on all potential grounds:"

1

> Motions *in limine* allow the trial court to rule on the admissibility and relevance of evidence. *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). "The purpose of a motion *in limine* is to bar 'irrelevant, inadmissible, and prejudicial' issues from being introduced at trial, thus 'narrow[ing] the evidentiary issues for trial[.]'" *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (quoting *Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, No. 10-199, 2012 U.S. Dist. LEXIS 59073, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012)). "Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds. The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds." *Feld v. Primus Techs. Corp.*, No. 12-1492, 2015 U.S. Dist. LEXIS 55262, 2015 WL 1932053, at *1 (M.D. Pa. Apr. 28, 2015) (citation omitted).

Kaisinger v. Walmart Stores Inc., 2024 U.S. Dist. LEXIS 64365, at *3; 2024 WL 1536040 (E.D. Pa. Apr. 9, 2024).

Here, the death of Akuma is clearly relevant to Plaintiff's damages, and thus not "inadmissible on all potential grounds." As the United States Supreme Court reaffirmed in City of Los Angeles v. Mendez, a plaintiff in a Fourth Amendment case brought under 42 U.S.C. § 1983 may recover for *all* damages "proximately caused by the warrantless entry" into the plaintiff's residence. 581 U.S. 420, 431 (2017). Plainly, Akuma's death was a proximate result of*, inter alia*, the Defendants' violation of the Knock and Announce Rule before entering Plaintiff's home. Had the Defendants' followed the Knock and Announce Rule — or, for that matter, abstained from warrantlessly entering her home at all — Plaintiff would have been able to place her dogs in their kennels before any police officer entered her home, which would have eliminated any alleged grounds for Officer Song to have killed

2

the animal. Indeed, the Court of Appeals for the Third Circuit has held that preventing such avoidable tragedies is the very purpose for which the Knock and Announce Rule exists:

> First, it reduces the likelihood of injury to police officers, who might be mistaken, upon an unannounced intrusion into a home, for someone with no right to be there. Second, it seeks to prevent needless damage to private property. Finally, it embodies respect for the individual's right of privacy, which is to be imposed upon as little as possible in making an entry to search or arrest.

Kornegay v. Cottingham, 120 F.3d 392, 396 (3d Cir. 1997), quoting United States v. Nolan, 718 F.2d 589, 596 (3d Cir. 1983).

Nor is there any reason for the trial of this matter to be bifurcated. In the Third Circuit, "the decision to bifurcate *vel non* is a matter to be decided in a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance," but "separation of issues for trial is not to be routinely ordered." Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978). Rather, "[i]n actions at law the general practice is to try all the issues in a case at one time." Miller v. American Bonding Co., 257 U.S. 304, 308 (1921), quoted by Pease v. Lycoming Engines, 2011 U.S. Dist. LEXIS 108950, at *15 (E.D. Pa. Sept. 23, 2011). "The party seeking bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." Lowe v. Philadelphia Newspapers Inc., 594 F. Supp. 123, 125 (E.D. Pa. 1984); accord Reading Tube Corp. v. Employers Insurance, 944 F. Supp. 398, 404 (E.D. Pa. 1996); Marshall v. Overhead Door Corp., 131 F.R.D. 94, 97-98 (E.D. Pa. 1990); Ford v. City of Pittsburgh, 2017 U.S. Dist. LEXIS 123053, at *6 (W.D. Pa. Aug. 4, 2017).

3

As a general principle, bifurcation of a civil case into a damages trial and a liability trial is judicially inefficient because it requires each party to present two openings, two closings, and results in other such redundancies and inconveniences.  James v. Interstate Credit & Collection Inc., 2005 U.S. Dist. LEXIS 15814, at *2-5 (E.D. Pa. Aug. 2, 2005).  Nor may a defendant argue that bifurcation is judicially efficient on the grounds that a defense verdict in the liability trial would eliminate the need for a damages trial, since "such is the case with every civil case in this courthouse." Id.  Hence, bifurcation on such logic would directly violate the Court of Appeals' mandate that "separation of issues for trial is not to be routinely ordered," Lis, 579 F.2d at 824, as countless trial judges in the Third Circuit have observed.

> Every civil trial contains questions of liability and damages, and the decision whether to bifurcate (or trifurcate) the trial must be based on the particular facts of the case. See Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (finding that "the decision [to bifurcate] must be made by a trial judge only as a result of an informed exercise of discretion on the merits of the case").  At issue in this case is the assigning of fault in an accident between an automobile and a tractor trailer. That task is not so complicated that a jury needs to consider the issue of liability separately in a separate proceeding before addressing damages. [ . . .] Likewise, the extent and nature of the damages are not so complicated that a separate proceeding would be necessary or advisable to avoid jury confusion. The jury will not be confused by the task of assigning fault for the accident and then, if appropriate, determining the extent of plaintiff's injuries.
>
> The court also finds that defendants would not be subject to undue prejudice because of the extensive damages suffered by the plaintiff in this case.  Plaintiff was involved in an automobile accident that injured her severely.  She has evidence that the plaintiff caused that accident.  If a jury accepts plaintiff's arguments on liability she could receive substantial damages.  Such are the facts of the case. *To*

4

> *accept [defendant's] position that the extensive liability to which they are exposed inevitably creates prejudice and entitles them to a separate trial on liability and damages would be to allow every defendant facing large liability to receive at least a bifurcated trial*. The court does not accept the position that a potentially large verdict creates unfair prejudice and the impossibility of a fair trial. Here, the court is confident that a proper explanation of the law will cause the jurors to decide liability based on the facts of the case, not based on sympathy for the plaintiff's condition.

Grosek v. Panther Transp. Inc., 2009 U.S. Dist. LEXIS 27372, at *5-6 (M.D. Pa. Apr. 1, 2009) (emphasis added); accord Ford, 2017 U.S. Dist. LEXIS 123053, at *7 ("bifurcation remains the exception rather than the rule") (citations and quotation marks omitted).

There is nothing particularly prejudicial about the injury suffered by Plaintiff — the unnecessary death of her dog — that would require for an entire separate trial regarding damages in this matter. As noted by Grosek court above, significant damages are a common feature of personal injury cases. See also Pease, 2011 U.S. Dist. LEXIS 108950, at *15 ("Every civil case involves a consideration of both liability and damages, and, often in tort cases, extensive damages are at issue"). Rather, to hold that potential sympathy for the plaintiff calls for bifurcation would, again, require routine bifurcation in personal injury cases in violation of the holding of Lis:

> [The defendant] argues that "the severance of the issues of liability and damages will avoid the potential of prejudice to the defendants, since the jury's determination of liability and damages will inevitably be influenced by the emotional overtones associated with the damages presentation." [. . .]
>
> The argument does not pin-point actual prejudice, present or potential, specific to this case. To accept [the defendant's] argument would be to sanction bifurcation in all jury cases, in contravention of the Third Circuit's instruction [in Lis] that trial judges are not to regard bifurcation as "routine." [. . .]

5

>Accordingly, [the] defendant's motion [for bifurcation] will be denied.

Marshall, 131 F.R.D. at 97-98

**WHEREFORE**, Plaintiff respectfully requests for the Court to ***deny*** the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO : | |
|    Plaintiff : | Civil Action No. 22-3763 |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, *et al.* : | |

## CERTIFICATE OF SERVICE

    I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Brief to be served on the Defendants.

Jonah Santiago-Pagan, Esquire
Emily Hoff, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
***Attorney for Defendants***

                              **Respectfully submitted,**

                              **/s/ Keith West____**
                              **Keith West, Esquire**
                              **VICTIMS' RECOVERY LAW CENTER**
                              **PA Attorney ID No. 317426**
                              **121 South Broad Street, 18th Floor**
                              **Philadelphia, PA 19107**
                              keith@victimrecoverylaw.com
                              ***Attorneys for the Plaintiff***