# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

## ORDER

AND NOW, on this _____ day of _____, 2024, upon consideration of Defendants' Motion in Limine to preclude evidence of Philadelphia Police Department's directives and policies irrelevant to Plaintiff's failure to train Monell claim, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** that the Defendants' Motion is **DENIED**.

BY THE COURT:

_____
**John F. Murphy, District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO : | |
|    Plaintiff : | Civil Action No. 22-3763 |
|                     : | |
| v. : | |
|                     : | |
| CITY OF PHILADELPHIA, *et al.* : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## THE DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PHILADELPHIA POLICE DEPARTMENT'S DIRECTIVES AND POLICIES IRRELEVANT TO PLAINTIFF'S FAILURE TO TRAIN MONELL CLAIM

In a Fourth Amendment case, the reasonableness of a police officer's conduct is generally a question of fact to be determined by the jury. Abraham v. Raso, 183 F.3d 279, 289-290 (1999); accord Peroza-Benitez v. Smith, 994 F.3d 157, 169-170 (3d Cir. 2021) (holding that in a Fourth Amendment Section 1983 case, whether a police officer's conduct was "reasonable" is generally determined based on disputed facts, thus should be decided by the jury rather than the court). In turn, if a police officer's conduct fails to comply with established Police Department Directives, that is significant evidence that the officer's action was not "reasonable." Estate of Singletary v. City of Philadelphia, 2021 U.S. Dist. LEXIS 217607, at *32-33 (E.D. Pa, Nov. 10, 2021) (collecting cases). Thus, when the jury considers whether the actions of the individual defendants were "reasonable," they must be allowed to learn whether the officers were acting in accordance with the rules imposed upon them by the Police Department.

1

**WHEREFORE**, Plaintiff respectfully requests for the Court to *deny* the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
*Attorney for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Brief to be served on the Defendants.

Jonah Santiago-Pagan, Esquire
Emily Hoff, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
***Attorney for Defendants***

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**121 South Broad Street, 18th Floor**
**Philadelphia, PA 19107**
**keith@victimrecoverylaw.com**
***Attorneys for the Plaintiff***