# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **FELISHATAY ALVARADO,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 22-3763** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

# ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendants' Motion to Strike Plaintiff's Expert Glenn Garrels as a Trial Witness, and Plaintiff's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
JOHN F. MURPHY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FELISHATAY ALVARADO, | : | |
| Plaintiff, | : | |
|  | : | Civil Action |
| v. | : | No. 22-3763 |
|  | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# DEFENDANTS' MOTION TO STRIKE DESIGNATION OF EXPERT GLEN GARRELS AS A TRIAL WITNESS

Defendants City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, Edward Song; and Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively "the Defendants"), by and through undersigned counsel, respectfully move this honorable Court, for the entry of an order striking Plaintiff's expert, Glenn Garrels, as a trial witness, as Plaintiff's counsel has failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(2)(B). In support of this Motion, Defendants submit the attached Memorandum of Law, which is incorporation by reference in its entirety herein.

Date: September 18, 2024

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE DESIGNATION OF EXPERT GLEN GARRELS AS A TRIAL WITNESS

Plaintiff Felishatay Alvarado (hereinafter "Plaintiff") alleges that Defendants City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, Edward Song; and Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively "the Defendants"), violated her constitutional rights when they entered her apartment on June 3, 2021. *See generally*, Complaint.

In support of her claims, Plaintiff retained Glenn Garrels (hereinafter "Mr. Garrels"), to testify, as an expert in use of force encounters and police practices. However, Plaintiff's counsel failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and has not turned over the list of all other cases in which, during the previous four years, Mr. Garrels testified as an expert at either a deposition or trial, or the documents Mr. Garrels relied upon to reach the expert opinions asserted in his report. Plaintiff's counsel failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(D) by failing to timely disclose the expert report of Mr. Garrels on or before October 27, 2023. Additionally, Plaintiff's counsel failed to comply with the Rule 26(e)(2) and by continuing to fail to provide Defendants with the above-listed information. Accordingly, Defendants respectfully request that this Court strike Mr. Garrels'

designation as a trial witness and his testimony for failure to comply with Rule 26, and pursuant to Rule 37.

## STATEMENT OF RELEVANT FACTS

Plaintiff filed the Amended Complaint on October 18, 2022. On August 8, 2023, the Court entered an amended scheduling order pursuant to the parties' Stipulation (ECF No. DI 26), approving the stipulation in part and amending the Court's May 9, 2023, scheduling order. ECF No. 27. Accordingly, Plaintiff's affirmative expert reports were ordered to be served on Defendants no later than October 27, 2023, and the summary judgment deadline was maintained at October 17, 2023. Defendants filed their Motion for Summary Judgement on October 17, 2023. ECF No. 28. Thereafter, Plaintiff filed her response in opposition to Defendants' motion for summary judgment and attached the report of Mr. Garrels as an exhibit to the response (ECF No. 29-2, Exhibit B) on October 31, 2023, four days after the October 27, 2023, deadline. ECF No. 29. Plaintiff did not otherwise serve Defendants with Mr. Garrels' report, curriculum vitae, a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, or the documents upon which Mr. Garrels relied to form his expert opinion that were not exchanged in the course of discovery. Neither did Plaintiff include any documents beyond the text of Mr. Garrels' report in ECF No. 29-2. Exhibit A, ECF 29-2, pp. 37 – 94. Following resolution of Defendants' motion for summary judgement, this matter was scheduled for trial to begin on September 23, 2024. ECF No. 43.

On August 6, 2024, in preparation for trial, counsel for Defendants requested Mr. Garrels' curriculum vitae and the underlying documents upon which he based his opinion from Plaintiff's counsel. *See* Exhibit B, e-mail correspondence. On August 7, 2024, counsel for Plaintiff provided Mr. Garrels' curriculum vitae and requested clarification as to the "underlying documents"

requested. *Id*. Notably, Mr. Garrels' curriculum vitae failed to include a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition. *See* Exhibit C, Mr. Garrels' curriculum vitae. On August 12, 2024, counsel for Defendants clarified the request as on for the documents that Mr. Garrels relied upon and reviewed to reach his expert opinions. Ex. B. Thereafter, Plaintiff failed to respond to Defendants' request and provide the documents requested by Defendants. *Id*. Defendants then filed a *motion in* lime pursuant to *Daubert* seeking to preclude Mr. Garrels as an expert on October 29, 2024. ECF No. 53. However, at the September 17, 2024, final pre-trial conference before the Court, Defendants were instructed that a Rule 37 motion seeking to preclude expert testimony of Mr. Garrels due to Plaintiff's failure to comply with Rule 26 by failing to disclose or supplement the expert report was the appropriate avenue. ECF No. 70. Defendants again requested the documents and the list of all other cases in which, during the previous 4 years, Mr. Garrels testified as an expert at trial or by deposition and the undisclosed documents on the record at the September 17, 2024, pre-trial conference. *Id*. Now, with less than three-calendar-days before the scheduled start of trial in the instant matter remaining, Plaintiff continues to fail to comply with Rule 26, unfairly prejudicing Defendants and requiring the filing of the instant motion to strike Mr. Garrels as a trial witness.

## **ARGUMENT**

Federal Rule of Civil Procedure 26. Rule 26(a)(2)(B) provides:

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
*(iii) any exhibits that will be used to summarize or support them;*

3

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> *(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and*
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiff failed to provide Defendants with Mr. Garrels' expert report on or before the October 27, 2023, deadline set by the Court for affirmative expert reports. Instead, Plaintiff thought it sufficient to simply include the text of the report within a 670-page exhibit to a court filing on October 31, 2023. Ex. A. It was not. Plaintiff's submission of Mr. Garrels' expert report via exhibit also failed to comply with Rule 26(a)(2)(B) because Plaintiff failed to include Mr. Garrels' curriculum vitae all together and the documents upon which Mr. Garrels relied upon to form his opinion, some of which were never provided to Defendants in the course of discovery.

By way of example, the documents referenced by Mr. Garrels in his expert report as the basis for his opinion that "The Philadelphia Police Department failed to follow nation standards in the planning and execution of this search warrant," were never disclosed to Defendants during the course of discovery. These documents included the International Association of Chiefs of Police (IACP) Model Policy dated 2005 (Ex. A, 29-2 at 86) and IACP "Concepts and Issues" dated February 2006 (Ex. A, 29-2 at 88). As a member of the International Association of Chiefs of Police (Ex. A, 29-2 at 44), Plaintiff's expert Mr. Garrels had access to the IACP documents and cited the documents in his analysis – yet Plaintiff's counsel failed to produce these documents to Defendants in violation of Rule 26.

The subsequent curriculum vitae provided to Defendants by Plaintiff on August 7, 2024, again, failed to comply with Rule 26(a)(2)(B) because it lacked a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition. Additionally,

Defendants' request for the documents upon which Mr. Garrels relied to form his expert opinion went unanswered by Plaintiff.

Rule 26(e)(2) requires a party to supplement the written report of an expert disclosed under Rule 26(a)(2)(B) with "information included in the report … by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Pursuant to Rule 26(a)(3), pretrial disclosure of the documents upon which Mr. Garrels' relied in his report was due to Defendants 30 days before the scheduled start of trial of September 23, 2024. As stated above, this deadline passed without Plaintiff's compliance, and compliance remains outstanding today. A purpose of Rule 26 is to "accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26(a), advisory committee notes, 1993. Thus, Rule 26's disclosure requirements "should be applied with common sense. …. keeping in mind the salutatory purposes that the rule is intended to accomplish." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 589 (D.N.J. 1997)(quoting Fed. R. Civ. P. 26(a), advisory committee notes, 1993).

As the Court found in *Pac-West Distrib. v. Afab Indust. Serv., Inc.*, 2023 U.S. Dist LEXIS 101963 *2, "if a party fails to disclose evidence or a witness as required by Rule 26, then under Rule 37, 'the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'" Fed. R. Civ. P. 37(c)(1). The decision to exclude evidence is at the Court's discretion, but in *Nicholas v. Pa. State. Univ.*, 227 F.3d 133, 148 (3d Cir. 2000), the Third Circuit identified four relevant factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Here, Defendants are unfairly prejudiced by Plaintiff's failure to comply with Rule 26. Defendants cannot, at this late hour, review (1) Mr. Garrels' prior testimony as an expert at trial or by deposition, even if there were sufficient time to request the transcripts, which there is not, or (2) the undisclosed documents upon which Mr. Garrels' relied upon to form his opinion, sufficient to properly prepare for the cross-examination of Mr. Garrels at trial. Even if Plaintiff now complied with the disclosures required by Rule 26, the prejudice to Defendants would not be cured in a case where counsel for Defendants must prepare to present the defense at trial of 8 individual defendants and the City of Philadelphia. Additionally, Plaintiff's bath faith and willfulness in failing to comply with the Court's scheduling orders and discovery obligations, even in the face of the Court's direction to Plaintiff's counsel to comply with Rule 26 at the pre-trial conference, are in favor of preclusion of Mr. Garrels' testimony at trial pursuant to Rule 37(b) and (c). Fed. R. Civ. P. 37.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to strike Mr. Garrels as a trial witness, along with any other relief that this Court deems just and proper.

Date: <u>September 18, 2024</u>　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Jonah Santiago-Pagán*
　　　　　　　　　　　　　　　　　　　　　**JONAH SANTIAGO-PAGAN, ESQUIRE**
　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 326442
　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　(215) 683-5428
　　　　　　　　　　　　　　　　　　　　　jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> *Defendants*. : | **Civil Action** <br> **No. 22-3763** |

# CERTIFICATE OF SERVICE

I, Jonah Santiago-Pagán, Esquire, Counsel for the Defendants in the above-captioned matter, hereby certify that the foregoing Motion to Strike Expert Glen Garrels as a Trial Witness, proposed form of order, memorandum of law, exhibits, and this certificate of service were filed via the Court's ECF system and are available for viewing and downloading.

Date: <u>September 18, 2024</u>

Respectfully submitted,

<u>*/s/ Jonah Santiago-Pagán*</u>
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov