# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FELISHATAY ALVARADO,**
     **Plaintiff,**

  v.

**CITY OF PHILADELPHIA, et al.,**
     **Defendants.**

**Civil Action
No. 22-3763**

# ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendants' Motion to Strike the Designation of Plaintiff's Expert Veronique N. Valliere as a Trial Witness, and Plaintiff's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
JOHN F. MURPHY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO, : <br>                         Plaintiff, : <br>                               : <br>             v.                   : <br>                               : <br> CITY OF PHILADELPHIA, et al., : <br>                       Defendants. : | **Civil Action** <br> **No. 22-3763** |

**DEFENDANTS' MOTION TO STRIKE DESIGNATION OF EXPERT
VERONIQUE N. VALLIERE AS A TRIAL WITNESS**

      Defendants City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, Edward Song; and Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively "the Defendants"), by and through undersigned counsel, respectfully move this honorable Court, for the entry of an order striking Plaintiff's expert, Veronique B. Valliere, as a trial witness, as Plaintiff's counsel has failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26. In support of this Motion, Defendants submit the attached Memorandum of Law, which is incorporation by reference in its entirety herein.

Date: <u>September 18, 2024</u>

                                                                                   Respectfully submitted,

                                                                                   */s/ Jonah Santiago-Pagán*
                                                                                    **JONAH SANTIAGO-PAGAN, ESQUIRE**
                                                                                     Deputy City Solicitor
                                                                                     Pa. Attorney ID No. 326442
                                                                                     City of Philadelphia Law Department
                                                                                     1515 Arch Street, 14th Floor
                                                                                     Philadelphia, PA 19102
                                                                                     (215) 683-5428
                                                                                     jonah.santiago-pagan@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE DESIGNATION OF EXPERT VERONIQUE N. VALLIERE AS A TRIAL WITNESS

Plaintiff Felishatay Alvarado (hereinafter "Plaintiff") alleges that Defendants City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, Edward Song; and Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively "the Defendants"), violated her constitutional rights when they entered her apartment on June 3, 2021. *See generally*, Complaint.

In support of her claims for damages, Plaintiff retained Veronique N. Valliere (hereinafter "Dr. Valliere"), to testify as an expert, in support of Plaintiff's claim that she suffered from emotional distress. However, Plaintiff's counsel failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and has not turned over the list of all other cases in which, during the previous four years, Dr. Valliere testified as an expert at either a deposition or trial, or the documents Dr. Valliere relied upon to reach the expert opinions asserted in her report. Plaintiff's counsel failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(D) by failing to timely disclose the expert report of Dr. Valliere on or before October 27, 2023. Additionally, Plaintiff's counsel failed to comply with the Rule 26(e)(2) and by continuing to fail to provide Defendants with the above-listed information at the time of pre-trial disclosures,

and beyond. Accordingly, Defendants respectfully request that this Court strike Dr. Valliere's designation as a trial witness and her testimony for failure to comply with Rule 26, and pursuant to Rule 37.

**STATEMENT OF RELEVANT FACTS**

Plaintiff filed the Amended Complaint on October 18, 2022. On August 8, 2023, the Court entered an amended scheduling order pursuant to the parties' Stipulation (ECF No. DI 26), approving the stipulation in part and amending the Court's May 9, 2023, scheduling order. ECF No. 27. Accordingly, Plaintiff's affirmative expert reports were ordered to be served on Defendants no later than October 27, 2023, and the summary judgment deadline was maintained at October 17, 2023. Defendants filed their Motion for Summary Judgement on October 17, 2023. ECF No. 28. Thereafter, Plaintiff filed her response in opposition to Defendants' motion for summary judgment and attached the report of Dr. Valliere as an exhibit to the response (ECF No. 29-2, Exhibit I) on October 31, 2023, four days after the October 27, 2023, deadline. ECF No. 29. Plaintiff did not otherwise serve Defendants with Dr. Valliere's report, curriculum vitae, a list of all other cases in which, during the previous 4 years, she testified as an expert at trial or by deposition, or the documents upon which Dr. Valliere relied to form her expert opinion that were not exchanged in the course of discovery. Neither did Plaintiff include any documents beyond the text of Dr. Valliere's report in ECF No. 29-2. Exhibit A, ECF 29-2, pp. 287 – 298. Following resolution of Defendants' motion for summary judgement, this matter was scheduled for trial to begin on September 23, 2024. ECF No. 43.

On August 6, 2024, in preparation for trial, counsel for Defendants requested Dr. Valliere's curriculum vitae and the underlying documents upon which she based her opinion from Plaintiff's counsel. *See* Exhibit B, e-mail correspondence. On August 7, 2024, counsel for Plaintiff provided

Dr. Valliere's curriculum vitae and requested clarification as to the "underlying documents" requested. *Id*. Notably, Dr. Valliere's curriculum vitae failed to include a list of all other cases in which, during the previous 4 years, she testified as an expert at trial or by deposition. *See* Exhibit C, Dr. Valliere's curriculum vitae. On August 12, 2024, counsel for Defendants clarified the request as on for the documents that Dr. Valliere relied upon and reviewed to reach her expert opinions. Ex. B. Thereafter, Plaintiff failed to respond to Defendants' request and provide the documents requested by Defendants. *Id*. Defendants then filed a *motion in* lime pursuant to *Daubert* seeking to preclude Dr. Valliere as an expert on October 29, 2024. ECF No. 51. However, at the September 17, 2024, final pre-trial conference before the Court, Defendants were instructed that a Rule 37 motion seeking to preclude expert testimony of Dr. Valliere due to Plaintiff's failure to comply with Rule 26 by failing to disclose or supplement the expert report was the appropriate avenue. ECF No. 70. Defendants again requested the documents and the list of all other cases in which, during the previous 4 years, Dr. Valliere testified as an expert at trial or by deposition and the undisclosed documents on the record at the September 17, 2024, pre-trial conference. *Id*. Now, with less than three-calendar-days before the scheduled start of trial in the instant matter remaining, Plaintiff continues to fail to comply with Rule 26, unfairly prejudicing Defendants and requiring the filing of the instant motion to strike Mr. Garrels as a trial witness.

## **ARGUMENT**

Federal Rule of Civil Procedure 26. Rule 26(a)(2)(B) provides:

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;

3

*(iii) any exhibits that will be used to summarize or support them;*
*(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;*
*(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and*
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiff failed to provide Defendants with Dr. Valliere's expert report on or before the October 27, 2023, deadline set by the Court for affirmative expert reports. Instead, Plaintiff thought it sufficient to simply include the text of the report within a 670-page exhibit to a court filing on October 31, 2023. Ex. A. It was not. Plaintiff's submission of Dr. Valliere's expert report via exhibit also failed to comply with Rule 26(a)(2)(B) because Plaintiff failed to include Dr. Valliere's curriculum vitae all together and the documents upon which Dr. Valliere relied upon to form her opinion some of which were never provided to Defendants in the course of discovery.

By way of example, the documents referenced by Dr. Valliere in her expert report as the basis for her opinion that "Ms. Alvarado has suffered from a diagnosable condition, namely, Post-traumatic Stress Disorder, in the past an currently that has profoundly altered her life," were never disclosed to Defendants during the course of discovery. Ex. A, 29-2 at 297, *Conclusion and Recommendations*. These documents included Plaintiff's Encounter Note – Greater Philadelphia Health Association (3/8/23), summarized by Dr. Valliere to include that at the time Plaintiff presented for care "she had the diagnoses of Anxiety Disorder, unspecified, Major Depressive Disorder, recurrent, and **Post-traumatic Stress Disorder**, chronic," (Ex. A, 29-2 at 294) and Plaintiff's Greater Philadelphia Health Association ledger, again, summarized by Dr. Valliere to include that Plaintiff had a psychiatric evaluation in July 2022 and participated in mental telehealth visits for a total of one hour and 15 minutes (*Id*.). These records were previously requested by Defendants via discovery request served on Plaintiff on March 22, 2023. Exhibit D, Defendants'

First Set of Interrogatories and Request for Production of Documents at 8. In response, Plaintiff's verified response on April 20, 2023, stated she "treats with Robert Willis, CSW at the Al-Assisi Health Clinic in Philadelphia" and her "treatment records with Al-Assisi w[ould] be forwarded upon receipt." Exhibit E, Plaintiff's responses to Defendants' first set of interrogatories and request for production of documents at 6, 7. Then, on October 10, 2023, counsel for Plaintiff served the records custodian of Greater Philadelphia Health Association, Inc. ("GPHA") with a Notice of Records Deposition, Subpoena, and Medical Authorization for Plaintiff's medical and mental health records and itemized billing statements from GPHA, including the notes of Robert Willis, LCSW. Exhibit F at 3.

To Defendants' knowledge the deposition of the GPHA records custodian did not take place, but it is clear based on Dr. Valliere's report that Plaintiff's records requested by Defendants were obtained by Plaintiff, provided to Dr. Valliere, and never disclosed to Defendants. Now, Plaintiff's counsel seeks to present Dr. Valliere's testimony and her expert report based on undisclosed discoverable documents at trial, knowing that the mental health records upon which she based and formed her expert opinion, were never provided to the Defendants.

Additionally, the subsequent curriculum vitae provided to Defendants by Plaintiff on August 7, 2024, again failed to comply with Rule 26(a)(2)(B) because it lacked a list of all other cases in which, during the previous 4 years, Dr. Valliere testified as an expert at trial or by deposition. Defendants' repeated request for the documents upon which Dr. Valliere relied to form her expert opinion went unanswered by Plaintiff.

Rule 26(e)(2) requires a party to supplement the written report of an expert disclosed under Rule 26(a)(2)(B) with "information included in the report … by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Pursuant to Rule 26(a)(3),

5

pretrial disclosure of the documents upon which Dr. Valliere relied in her report was due to Defendants 30 days before the scheduled start of trial of September 23, 2024. As stated above, this deadline passed without Plaintiff's compliance, and compliance remains outstanding today. A purpose of Rule 26 is to "accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26(a), advisory committee notes, 1993. Thus, Rule 26's disclosure requirements "should be applied with common sense. …. keeping in mind the salutatory purposes that the rule is intended to accomplish." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 589 (D.N.J. 1997)(quoting Fed. R. Civ. P. 26(a), advisory committee notes, 1993).

As the Court found in *Pac-West Distrib. v. Afab Indust. Serv., Inc.*, 2023 U.S. Dist LEXIS 101963 *2, "if a party fails to disclose evidence or a witness as required by Rule 26, then under Rule 37, 'the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'" Fed. R. Civ. P. 37(c)(1). The decision to exclude evidence is at the Court's discretion, but in *Nicholas v. Pa. State. Univ.*, 227 F.3d 133, 148 (3d Cir. 2000), the Third Circuit identified four relevant factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Here, Defendants are unfairly prejudiced by Plaintiff's failure to comply with Rule 26. Defendants cannot, at this late hour, review (1) Dr. Valliere's prior testimony as an expert at trial or by deposition, even if there were sufficient time to request the transcripts, which there is not, or (2) the undisclosed documents upon which Dr. Valliere's relied upon to form her opinion, the volume of which remains unknown, sufficient to properly prepare for the cross-examination of Dr.

6

Valliere at trial. Even if Plaintiff now complied with the disclosures required by Rule 26, the prejudice to Defendants would not be cured in a case where counsel for Defendants must prepare to present the defense at trial of 8 individual defendants and the City of Philadelphia. Additionally, Plaintiff's bath faith and willfulness in failing to comply with the Court's scheduling orders and discovery obligations, even in the face of the Court's direction to Plaintiff's counsel to comply with Rule 26 at the pre-trial conference, are in favor of preclusion of Dr. Valliere's testimony at trial pursuant to Rule 37(b) and (c). Fed. R. Civ. P. 37.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to strike Dr. Valliere as a trial witness, along with any other relief that this Court deems just and proper.

Date: September 18, 2024

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| *Plaintiff*, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants*. | : | |

## CERTIFICATE OF SERVICE

I, Jonah Santiago-Pagán, Esquire, Counsel for the Defendants in the above-captioned matter, hereby certify that the foregoing Motion to Strike Expert Veronique Valliere as a Trial Witness, proposed form of order, memorandum of law, exhibits and this certificate of service were filed via the Court's ECF system and are available for viewing and downloading.

Date: <u>September 18, 2024</u>

Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
**JONAH SANTIAGO-PAGAN, ESQUIRE**
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5428
jonah.santiago-pagan@phila.gov