IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| v. | : | |
| CITY OF PHILADELPHIA, *et al.* | : | Civil Action No. 22-3763 |

***PLAINTIFF, FELISHATAY ALVARADO'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF***

When an Interrogatory requests you to "identify" a person or place, you are to provide that person's or place's name, address, and telephone number.

When an Interrogatory requests you to "identify" a document, you are to provide the name, address, and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored.

For purposes of these Interrogatories and Requests for Production, and as the facts of this civil action may require, the singular shall include the plural and the plural shall include the singular where applicable or appropriate.

As the context of the Interrogatory or Request for Production may require, "you" or "your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

As the context of the Interrogatory or Request for Production may require, "Incident" shall refer to the events described in the Amended Complaint in this lawsuit, particularly the entrance of members of Philadelphia Police Department into your residence at 4664 Torresdale Avenue, 1st Floor, in Philadelphia, on June 4, 2021, and their actions therein.

As the context of the Interrogatory or Request for Production may require, "Your Pitbull" refers to the pitbull dog referred to in your Amended Complaint, and which was shot and killed at your residence on June 4, 2021.

As the context of the Interrogatory or Request for Production may require, "Defendant Officers" refers to the individual Philadelphia Police Department officers named as defendants in this case, specifically, Police Officers James Ashford, Joshua

1

Burkitt, Eric Clark, Matthew Fitzpatrick, Jose Hamoy, Brian Murray, Heriberto Quintana, Philip Riotto, Miguel Rivera, Patrick Saba, Cyprian Scott, and Edward Song; Sgts. Michael Cerruti and Kevin Mellody; and Lt. Demetrius Monk.

## GENERAL OBJECTIONS

1. Plaintiff objects to defendants' instructions to the extent that they create obligations broader than the obligations created, permitted or contemplated by the Federal Rules of Civil Procedure.

2. Plaintiff objects to these discovery requests to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, self-evaluative privilege or other privilege or source of confidentiality.

3. Plaintiff submits these responses to defendants' discovery requests without conceding the relevancy, materiality, or the admissibility of any information that is disclosed, and without prejudice to the Plaintiff's rights to object to further discovery or the admissibility of any evidence.

4. Plaintiff objects to these discovery requests to the extent that they are vague, overbroad, oppressive, unduly burdensome, and call for the disclosure of information that is not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff reserves the right to amend and/or supplement these responses as additional information or documents become available.

### *Interrogatories*

1. Please provide the date (month, year, and day) you first began to reside at 4664 Torresdale Avenue, 1st Floor, Philadelphia, and whether you currently continue to reside there? If you do not continue to reside there, please state:

   a. when (month, year, and day) you ceased to reside there; and

   b. the address where you currently reside.

   ANSWER: *(a-b) Plaintiff moved into the apartment at 4664 Torresdale Avenue, 1st Floor, Philadelphia, PA on March 21, 2021. Plaintiff moved from this location after the police killed her service dog and destroyed her apartment. Plaintiff moved into 4717 Torresdale Avenue, Philadelphia, PA on August 23, 2021.*

2. Please identify (and provide contact information to the extent known for) any landlords or property managers of your apartment at 4664 Torresdale Avenue, 1st Floor, in the time you have resided there.

*ANSWER: The property manager is Arvin Marroli. The landlord/property owners are Leo Pajo and Mirela Pajo.*

3. Please identify and describe any markings (such as any signs or decals) that were (as of the date of the Incident), displayed on or near the door to your apartment at 4664 Torresdale Avenue, 1st Floor, indicating the address and/or particular apartment to which that door provided access. For each such marking, please state who posted or otherwise made the marking, and approximately when the marking was posted or otherwise made.

*ANSWER: The door bore the address and had two post boxes marked #1 and #2 respectively.*

4. Please identify (by species, breed, color, and name if any) all pets or other animals that were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the Incident, June 4, 2021, including but not limited to Your Pitbull.

*ANSWER: Plaintiff had 2 service dogs at the time of the incident. The pitbull, Akuma, was dark brown and white. The Shih Tzu and Jack Russell mix, Penelope, was/is black and white. Plaintiff also had 2 tabby cats and a Green Tree Conure Bird, Rico.*

5. For each of the pets or other animals identified in response to the preceding Interrogatory, please identify when you first obtained that pet/animal, and any particular purpose(s) served by the pet/animal (for example, an emotional support animal, service animal, guard dog and/or watch dog).

*ANSWER: Akuma, Plaintiff's service dog pitbull was adopted from a shelter approximately three (3) years prior to the incident. Penelope was purchased in 2018 at a pet store in New Jersey. Rico was purchased in 2018 from a pet store in New Jersey. One (1) cat, Blue, Plaintiff received from her sister's litter of kittens approximately nine (9) years ago. Kitty, the cat was a stray that Plaintiff took in a few years ago.*

6. For each of the pets or other animals identified in response to the preceding two Interrogatories, please identify any training or certifications each pet or animal received in order to serve the particular purpose(s) identified for that pet or animal.

*ANSWER: Both of Plaintiff's dogs, Akuma and Penelope, were certified as Emotional Support Animals by Dr. Frank J. Welch, MD, on April 25, 2021, as shown by the relevant documents attached hereto. It had been Plaintiff's plan and intention for Akuma to receive*

*additional training pertinent to his role as a certified Emotional Support Animal, but he was killed by the Defendants before this training could be completed.*

7.     Please identify any out-of-pocket expenses you claim to have incurred as a result of the Defendant-Officers' entrance into your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the incident, June 4, 2021.

*ANSWER:     Plaintiff was required to pay all costs associated with cremating Akuma, documents pertaining to which are attached hereto. Plaintiff was required to pay all costs associated with moving to a new home after the incident giving rise to this case. Because Plaintiff was a renter, she did not directly pay the property damage to her home, though she was required to clean up the mess left behind by the Defendants — including to clean up the blood of her murdered dog.*

8.     Please state, to the best of your recollection, everything that you said to the Defendant Officers, and everything that the Defendant-Officers said to you, concerning Your Pitbull, while the Defendant-Officers were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the incident, June 4, 2021.

*ANSWER:     Objection, as this question would better be answered at deposition. Generally, though, Plaintiff recalls asking for permission to return her dog, Akuma, to its cage, but the officer who shot Akuma said "No" and then shot/murdered Akuma.*

9.     Please state, to the best of your recollection, everything that you said to the Defendant Officers, and everything that the Defendant-Officers said to you, concerning how to access the 2nd Floor apartment at 4664 Torresdale Avenue, while the Defendant-Officers were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the incident, June 4, 2021.

*ANSWER:     Objection, as this question would better be answered at deposition. Generally, though, after the defendants entered her apartment, Plaintiff was ordered on the ground with her hands behind her back, naked from the waist down with only a towel wrapped around her and wearing a bra but no shirt, all the while defendants pointed their various assault rifles at her head. The defendant officers asked Plaintiff where the entrance to the 2nd floor apartment was and she said "you cannot get to upstairs from here." Plaintiff asked why the defendants were in her apartment and asked to see a warrant. The defendants did not answer as to why they were in her apartment and answered "no" when Plaintiff asked to see their warrant. Even after the defendants realized they could not access the 2nd floor from Plaintiff's apartment, they continued to point assault rifles at her head while ordering her to remain on the ground and to "be quiet and still." Plaintiff was forced to kneel for approximately thirty (30) minutes before she was allowed to get up and put her clothes back on.*

10.    Please state whether you are currently employed.

4

  a. If you are currently employed, please state your current place of work, including the name of the employer, employer's address, and your job title;

  b. If you are not currently employed, please state when (month and year) you were last employed, as well as the name of your last employer, last employer's address, and your last job title.

  *ANSWER:* *(a-b) Plaintiff has never been employed.*

11. Have you ever been convicted[1] of a crime? If so, please include:

  a. Date, place, and time of arrest that led to the conviction or guilty (or no-contest) plea;

  b. The specific charges you were convicted of;

  c. The specific resolution with respect to each charge (i.e. trial, guilty verdict, guilty plea, ARD, , etc.);

  d. The sentence you received for any such conviction(s) or plea(s).

  *ANSWER:* *(a-d) No.*

12. Are you asserting a claim that any of the Defendant-Officers made physical contact with you during the Incident? If so, please state:

  a. The specific part of your body you contend was contacted;

  b. Any injury you claim to have suffered as a result of the contact;

  c. Symptoms associated with the injury;

  d. Duration of any symptoms associated with the injury.

  *ANSWER:* *(a-d) Plaintiff is not asserting the defendants made physical contact with her.*

13. In Paragraph 31 of Your Amended Complaint, you allege that you receive Social Security Disability due to your medical conditions. Please identify each of those conditions, and when you were first diagnosed with each.

*ANSWER: Plaintiff has been receiving SSDI since she was a young child after having suffered disabilities following her contracting german measles. Plaintiff's condition is known as Von Willebrand Disease.*

14. If you are claiming that any psychological or emotional injury you have suffered was caused or exacerbated by any actions taken by the Defendant-Officers, state whether— prior to the Incident—you had been diagnosed with any psychological or emotional condition? If so, please include:

    a. Formal diagnosis, if any, for your psychological or emotional condition;

[1] For purposes of this Interrogatory, "convicted" includes any findings of guilt, guilty pleas, nolo contendre or no contest pleas, and any situations in which Plaintiff entered into accelerated rehabilitative disposition.

    b. Name and address of any licensed professional who rendered, prescribed, or recommended treatment that psychological or emotional condition;

    c. Dates of any treatment for that psychological or emotional condition; d. Any medication you have taken, or currently take, for that psychological or emotional condition.

*ANSWER: (a-c) Objection, this answer is subject to expert opinion, and an appropriate expert report will be issued at the appropriate time. Generally, as a result of the June 4, 2021 incident, Plaintiff's anxiety has increased substantially, and she was forced to move out of her home as a result of the incident due to fear and also smelling Akuma's blood when she was in the house. Plaintiff treats with Robert Willis, CSW at the Al-Assisi Health Clinic in Philadelphia. Plaintiff avoids taking medications, although she was prescribed duloxetine after Akuma was shot and killed, as she prefers to treat with natural medicine.*

15. Have you, or has anyone on your behalf, made any verbal or written complaint or grievance to any individual or entity relating to the Incident. If so, please include:

    a. Who made the complaint or grievance;

    b. The name and organizational affiliation of the individual or entity to whom you or your agent made the complaint or grievance;

    c. The date on which the complaint or grievance was made;

  d. Any actions—apart from making the initial complaint or grievance—that you or your agent took in furtherance of the complaint or grievance (e.g., an interview);

  e. The disposition of the complaint or grievance.

  *ANSWER: (a-e) Plaintiff complained to many officers at the time of the incident and gave statements and was interviewed by the police.*

*Requests for Production of Documents*

Please provide the following:

  1. To the extent not already produced, all bills, receipts, reports, diagnoses or prognoses, and records for any and all medical, physical, psychiatric and/or psychological treatment by any doctor, hospital, psychologist, mental health counselor, pharmacy or medical facility for any injury, damage or treatment that you contend was caused or made necessary by the Defendant-Officers' actions during the Incident. The records responsive to this request are limited to those dated between the date of the Incident to the present.

  *ANSWER: See attached receipts from Dutton Road Veterinary for Akuma's cremation. Plaintiff's treatment records with Al-Assisi will be forwarded upon receipt.*

  2. As to any medical, mental health, or emotional condition you contend was caused by, or exacerbated by, the Defendant Officers' actions during the Incident, please provide all reports, diagnoses, prognoses, and other medical records for any and all treatment, including any treatment by any medical doctor, psychologist, mental health counselor, hospital, or other medical or treatment facility of any kind for any injury, damage or treatment received during the five years immediately preceding the Incident. By contrast to the above request, the records responsive to this request extend from five years before the Incident to the date of the Incident.

  *ANSWER: See answer to No. 1.*

  3. For any pets or other animals that were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the Incident, June 4, 2021, including but not limited to Your Pitbull, please provide all documentation you received when you acquired the pet or animal, such as (but not limited to) any receipt, pedigree, or certifications concerning the pet or animal's health or training.

  *ANSWER: Plaintiff is not in possession of paperwork she received when she purchased and/or adopted her pets.*

4. For any pets or other animals that were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the Incident, June 4, 2021, including but not limited to Your Pitbull, please provide all documentation regarding any training or certifications the pet or animal received, such as (but not limited to) any certification of the pet or animal to serve as a service animal, an emotional support animal, and/or a guard dog.

*ANSWER:* *See attached paperwork.*

5. For any pets or other animals that were in your apartment at 4664 Torresdale Avenue, 1st Floor, on the date of the Incident, June 4, 2021, and which—at that time—served as service animals or emotional support animals, please provide any documentation you received from any medical provider or government agency certifying your need for such a service or emotional support animal.

*ANSWER:* *Please see attached documentation of Dr. Frank Welch.*

6. Any and all documents identified in your Answers to the Interrogatories served in this matter.

*ANSWER:* *See attached.*

7. Any non-privileged communications (including emails, text messages, or other electronic communications) with anyone regarding the Incident alleged in the complaint, or regarding this lawsuit.

*ANSWER:* *None to Plaintiff's knowledge.*

8. Any and all statements that you posted on social media accounts (e.g., Facebook, Twitter, Instagram, TikTok, YouTube, etc.), or on other websites or Internet services, regarding the Incident alleged in the Complaint, or regarding this lawsuit.

*ANSWER:* *Objection. The information requested is not reasonably calculated to lead to the discovery of admissible evidence at the time of trial of this matter. Without waiver of objection, none.*

9. A copy of any and all grievances or other complaints, along with any documents concerning such grievances or complaints, that You filed (or anyone filed on your behalf) with respect to the alleged Incident. Such documents include but are not limited to the grievances or complaints themselves, and documents reflecting the adjudication or disposition of the grievances or complaints.

*ANSWER:* *None other than the instant Civil Action.*

10. Any photographs, video recordings, or audio recordings within your possession, custody, or control, which depict or record the interior or exterior of your apartment at 4664 Torresdale Avenue, 1st Floor, between 5:00 AM and 9:00 AM on the date of the Incident, June 4, 2021.

*ANSWER:* *Defendants are referred to their own files.*

11. Copies of any leases you entered into for your apartment at 4664 Torresdale Avenue, 1st Floor, from the time you first moved into the residence through the present.

*ANSWER:* *None. Plaintiff assumed the lease of her cousin when she moved into 4664 Torresdale Avenue on March 21, 2021.*

*VICTIMS' RECOVERY LAW CENTER*

*David P. Thiruselvam*
_____
*DAVID P. THIRUSELVAM, ESQUIRE*
*KEITH THOMAS WEST, ESQUIRE*
*The North American Building*
*121 So. Broad Street, Suite 1800*
*Philadelphia, PA 19107*
*[david@victimrecoverylaw.com](mailto:david@victimrecoverylaw.com)*
*keith@victimrecoverylaw.com*
*(215) 546-1433 – Telephone*
*(215) 644-8754 – Facsimile*

*Date: 4/20/23*

# **_VERIFICATION_**

I, Felishatay Alvarado, Plaintiff, hereby verify that the statements made in the foregoing Plaintiff's Answers to Defendants' Interrogatories and Request for Production of Documents are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury that the information set forth therein is true and correct to the best of my knowledge, information and belief.



DocuSigned by:
267E0E45B34A44E...

_____
FELISHATAY ALVARADO

Date: 4/21/2023

# Kennel Card



**Akuma**
Animal ID: A40779718    Stage: Available    Review Date:    Location: Dog Adoption Kennels/Adoption Kennels



**Tel.: 267-385-3800 | Fax:267-385-3889**

Adopt and Protect this pet with the 24PetWatch Trial of Pet Insurance. Visit us at www.24PetWatch.com or call 1.877.291.1524.

Make sure they can always find their way home with 24PetWatch lost pet recovery services. For more information visit www.24PetWatch.com or call 1.866.597.2424.



## Description:
Akuma
Dog
Male
5-10 years

Terrier, Pit Bull/ Mix, Brown/ White/ , Medium 57.40 pound
6 y 0 m 5 d , DOB: 3/28/2013 , Currently Altered: Yes
Declawed: None
Collars: / , Bitten: Unknown, Distinguishing Marks: None

## Intake Info:
**Intake Date/Time**
02/20/2019 01:14PM
**Jurisdiction**
19124 - Frankford - Frankford

**Intake Type**
Owner/Guardian Surrender
**Location Found**

**Intake Sub Type**
I- Housing Issues

**Intake Reason**
I- Landlord Issues

## Microchip Info:
**Microchip #**
982126054869160

**Microchip Type**
24PetWatch

**Implant Date**
3/26/2019

## Pet ID Info:
**Pet ID Number**
21783

**ID Type**
Rabies Tag

**Issue Date**
2/20/2019

**Expire Date**

**Issuer**

**Issuer Phone Number**

## Behavior Info:
**Behavior Test**
Handability - Volunteer

**Category**
Dog Evaluation

**Performed By**
Keith Mikus

**Date/Time**
2/28/2019

**Result**
Blue Lanyards Only

## Medical Summary

| Medical Record # | Type | Subtype | Medical Status | Temperament Status | Exam/ Surgery Date | Review Date |
|---|---|---|---|---|---|---|
| M49950380 | Surgery | Neuter | | | 03/26/2019 05:17 PM | |

**Notes:**

Surgery performed by Penn Surgical Student
**This dog has been tattoo'd with veterinary approved ink product, green, in the inguinal area. Tattoos are standard of care to mark an animal as "sterilized" and unable to reproduce. **

Scrotal Castration (Adult, Canine)
Anesthetic Induction: Cocktail Mix (Telazol, Torbugesic, Dormitor): 0.03 ml/kg Intramuscular
Maintenance of Anesthesia: Isoflurane intubation
Sx Procedure: Patient placed in dorsal recumbency. Scrotal area was clipped and prepped. Surgical site draped in sterile fashion. About 2 cm ventral midline skin incision created on the dependent scrotum. One testicle was exteriorized through the incision site. The cord was separated from the fatty tissues. Then the Spermatic cord and the blood vessel was ligated using a monofilament absorbable suture. Same procedure was followed for the other testicle. The Subcutaneous tissue was apposed using a single buried interrupted in a monofilament absorbable suture. Skin apposed using skin glue.
Recovery: Smooth

Peri and Post-Op Pain Management:
A subcutaneus injection of the veterinary NSAID, Carprofen dosed at 4.4 mg/kg is provided concurrent to pre-surgical prep, and 2 additional oral doses dispensed to start the following morning unless otherwise noted in this animal's record. Please monitor for return to normal appetite (post-anesthesia nausea should fully resolve in 12 hours of surgical recovery) and if any decreased appetite, vomiting or blood in stool or dark stool or diarrhea are observed, please seek medical advice as this may be a reaction to the medication provided.

Note: a small amount (few drips per hour) of serous to blood discharge can be normal in the first 12-24 hours, but if any increasing bleeding, swelling or redness are noted, please present this dog to be seen by a veterinarian. Please review the post-op information sheet provided at discharge for normal changes related to surgical recovery, and what to consider urgent or an emergency.

# ACCT Philly
# BUDDY



**Animal ID:** ACCT-A-91807
**Age:** 3 years 11 months 4 weeks
**Sex:** Unknown
**Weight:** --

**Intake Type:** Stray
**Intake Subtype:** Police
**Intake Date:** 06/04/2021

**Location:** E-Room, Main



# CREMATION PICK-UP POLICY

Day & Date Received: 6/4/21

Pet's Name: Athena

Owner's Name: Felicia Alvarado

Thank you for entrusting All Pets Crematory of Philadelphia with your deceased pet.

The death of a beloved pet is never easy and we are truly sorry for your loss. We are here to serve you during this difficult time. May the wonderful memories of your pet live on in your heart and mind forever.

Under normal circumstances, your pet's cremains will be available for pickup within 48 hours of receiving your deceased pet. If you have any questions or wish to confirm that your pet's cremains are ready, please call 215-331-2968.

Cremains are to be picked up at our clinic during the following hours:

**Monday through Thursday:** 9:00am-7:00pm
**Friday:** 9:00am-5:00pm
**Saturday & Sunday:** 10:00am-2:00pm

It is requested that you pick up your pet's cremains within thirty (30) days of cremation. IF YOUR PET'S CREMAINS ARE NOT PICKED UP WITH SIXTY (60) DAYS, THE CREMAINS WILL BE COMBINED WITH OUR COMMUNAL CREMAINS AND SCATTERED IN OUR GARDEN AREA.

Please sign below, indicating that you have read the above cremation policy.

Felishatay Alvarado
**Owner's Name (Printed)**

Felishatay Alvarado                           6/4/21
**Owner's Signature**                         **Date**

215 764-9139
**Owner's Phone Number**

_[signature]_
**Staff Member's Signature**

***Office Staff: Make a copy for our files. Owner gets original form.***

10901 Dutton Road • Philadelphia, PA 19154 • Ph: 215.331.4651 • Fx: 215.331.1947 • www.pets-crematory.com

# Dutton Road Veterinary Clinic

10901 Dutton Road
Philadelphia, PA  19154
215-331-2968

# INVOICE

"Our Goal Is To Make Your Pet Happy"

**FOR:** Felicia Alvarado
4623 Vista St
Philadelphia, PA  19136
(267) 770-0758

**Printed:** 6/15/2021 at 9:01a
**Date:** 6/4/2021
**Account:** 19164
**Invoice:** 144857

| Date | For | Qty | Description | Price |
|---|---|---|---|---|
| Services by David Wolf | | | | |
| 6/4/2021 | | | Account adjustment | -61.50 |
| Services by Ebony Jones | | | | |
| 6/4/2021 | Akuma | 1 | Paw Print Mold | 20.00 |
| 6/4/2021 | | 1 | Cremation Private | 185.00 |
| Services by | | | | |
| 1/2/2020 | Annabelle | 1 | Phone conversation | 0.00 |

| | |
|---|---|
| Total charges, this invoice... | 205.00 |
| **Total discount included: 61.50 | |
| Your old balance... | 0.00 |
| Total payment(s) received... | 143.50 |
| 6/4/2021    Cash payment    143.50 | |
| Your new balance... | 0.00 |

Your invoice total reflects our **Client Class 1** discount.

| Patient | Total charges |
|---|---|
| Akuma | 205.00 |
| Annabelle | 0.00 |

Dutton Road veterinary clinic is non-profit and our proceeds support the National Greyhound Adoption Program. We truly appreciate your business.

Visit our facebook pages at Dutton Road Veterinary Clinic or National Greyhound Adoption Program. Reviews are welcome either on facebook or yelp. If you have a specific concern, please direct it to one of our staff.

Your pet's health is important to us. When you make an appointment we allocate that specific time for your pet. EFFECTIVE MONDAY, DECEMBER 17, 2018 we must have 24

hour notice to cancel or reschedule an appointment or you will be charged $20 fee payable on your next visit. YOUR NOT KEEPING AN APPOINTMENT MEANS ANOTHER PET COULD NOT BE SEEN.

# INVOICE

## Dutton Road Veterinary Clinic
10901 Dutton Road
Philadelphia, PA 19154
215-331-2968

"Our Goal Is To Make Your Pet Happy"

**FOR:** Felicia Alvarado
4623 Vista St
Philadelphia, PA 19136
(267) 770-0758

**Printed:** 6/9/2021 at 2:02p
**Date:** 6/9/2021
**Account:** 19164
**Invoice:** (open)

| Date | For | Qty | Description | Price |
|---|---|---|---|---|
| **Services by Camilla Atwell** | | | | |
| 6/7/2021 | Akuma | 1 | Special Notes | 0.00 |
| | | | deceased dog presented with gunshot wound to its face, between eyes. ATW: 6/7/2021 at 12:28p: | |
| **Services by Ebony Jones** | | | | |
| 6/9/2021 | | 1 | Scanned Items | 0.00 |
| | | | cremation form | |
| 6/9/2021 | | 1 | Phone conversation | 0.00 |
| | | | called @ 2:02pm on 6/9/21: tried to call 267-770-0758 but it said number is not in service. EJO: 6/9/2021 at 2:02p: | |

| | |
|---|---|
| Total charges, this invoice... | 0.00 |
| Your old balance... | 0.00 |
| Your new balance... | 0.00 |

| Patient | Total charges |
|---|---|
| Akuma | 0.00 |

Dutton Road veterinary clinic is non-profit and our proceeds support the National Greyhound Adoption Program. We truly appreciate your business.

Visit our facebook pages at Dutton Road Veterinary Clinic or National Greyhound Adoption Program. Reviews are welcome either on facebook or yelp. If you have a specific concern, please direct it to one of our staff.

Your pet's health is important to us. When you make an appointment we allocate that specific time for your pet. EFFECTIVE MONDAY, DECEMBER 17, 2018 we must have 24 hour notice to cancel or reschedule an appointment or you will be charged $20 fee payable on your next visit. YOUR NOT KEEPING AN APPOINTMENT MEANS ANOTHER



# Dr. Frank J Welch, MD
License # MD450584, PA
NPI # 1821293473

Date: 04-25-2021

ESA Verification #: ESA3691099894

Dear Felishatay Alvarado,

I'm the licensed doctor who reviewed your ESA request. Your high stress levels have allowed for the approval to have an Emotional Support Animal.

Enclosed please find your ESA approval letters for both housing and travel.

**This ESA Approval is valid for one full year from the date listed on this letter.**

Respectfully,

*[signature]*

**Dr. Frank J Welch, MD**
Medical Doctor, PA
License #: MD450584 (Valid since: 11/27/2013)
NPI #: 1821293473

**Note:** Please check with your airlines at least 72 hours prior to your flight to determine if additional paperwork is required. Contact us by replying to the email you received your ESA PDF letter from to request additional airline forms.

Please see the next page.



**Dr. Frank J Welch, MD**
License # MD450584, PA
NPI # 1821293473

Date: 04-25-2021

ESA Verification #: ESA3691099894

To whom it may concern,

I am a licensed doctor who has evaluated the emotional profile of Felishatay Alvarado and has determined that Felishatay qualifies to have Emotional Support Animals (ESA) for Felishatay's psychological disability recognized by the DSM-V. Felishatay's disability substantially limits at least one major life activity.

It is my professional opinion that the presence of an emotional support animals is necessary to help treat and alleviate Felishatay's disorder. I have recommended Felishatay Alvarado keep their two pets listed below as "Emotional Support Animals" for the primary treatment to address Felishatay's disability.

1. Dog (Pitbull terrier), named Akuma that weighs approximately 80 lbs.
2. Dog (Shih Tzu and Jack Russell), named Penelope that weighs approximately 12 lbs.

Please allow Felishatay Alvarado to be accompanied by Felishatay's Emotional Support Animal in the cabin of the aircraft, in accordance with the Air Carrier Access Act (49 U.S.C. 41705 and 14 C.F.R. 382).

**This ESA Approval is valid for one full year from the date listed on this letter.**

Respectfully,

*[signature]* MD

**Dr. Frank J Welch, MD**
Medical Doctor, PA
License #: MD450584 (Valid since: 11/27/2013)
NPI #: 1821293473



# Dr. Frank J Welch, MD
License # MD450584, PA
NPI # 1821293473

Date: 04-25-2021
ESA Verification #: ESA3691099894

To whom it may concern,

I am a licensed doctor who has evaluated the emotional profile of Felishatay Alvarado and determined Felishatay qualifies for two Emotional Support Animals (ESA). Felishatay is experiencing high levels of stress. Felishatay's high stress levels have imposed limitations in quality of life and daily functioning. Felishatay's distress is imposing a negative influence over lifestyle. In light of Felishatay's disruptive stress level, I believe the stress is such that Felishatay Alvarado will benefit from having two Emotional Support Animals. The animals will help provide a safe and more consistent emotional support system. Having Emotional Support Animals will provide Felishatay a constructive soothing stress management solution in order to help keep calmness and to help prevent any possibilities of escalating stress that could cause further complications to overall well-being.

The emotional distress that Felishatay experiences is such, I have recommended that their two pets be recognized as "Emotional Support Animals" and be allowed to live with Felishatay under the United States Fair Housing Amendment Act of 1988. In order to help Felishatay cope with stress, enhance ability to function and live happier to fully enjoy the dwelling you own or manage; Felishatay should be able to keep the following pets at their home as Emotional Support Animals.

1. Dog (Pitbull terrier), named Akuma that weighs approximately 80 lbs.
2. Dog (Shih Tzu and Jack Russell), named Penelope that weighs approximately 12 lbs.

It is also recommended that Felishatay Alvarado be allowed to have their pets with them at restaurants, stores, hotels, trains, buses and ride share services.

**This ESA Approval is valid for one full year from the date listed on this letter.**

Respectfully,

*[signature]* MD

**Dr. Frank J Welch, MD**
Medical Doctor, PA
License #: MD450584 (Valid since: 11/27/2013)
NPI #: 1821293473