# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| *Plaintiff*, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants*. | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion for Reconsideration to Preclude Testimony from John Ross, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that John Ross is permitted to testify.

                                              **BY THE COURT:**

                                              _____

                                              **MURPHY, J.**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELISHATAY ALVARADO,** | : | |
| *Plaintiff*, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-3763** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants*. | : | |

## DEFENDANT'S MOTION FOR RECONSIDERATION ON ORAL ORDER PRECLUDING JOHN ROSS FROM TESTIFYING

Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, hereby file this Motion for Reconsideration and respectfully request John Ross be permitted to testify or this Court grant other appropriate relief. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, Defendants respectfully request that this Court grant their motion in accordance with the attached proposed order.

Respectfully submitted:

Date: September 18, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 22-3763** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants, Defendants, City of Philadelphia; Police Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, and Edward Song; Sgt. Kevin Mellody; and Lt. Demetrius Monk (collectively, "Defendants"), by and through undersigned counsel, submit this memorandum of law in support of their motion for reconsideration of this honorable Court's oral order precluding John Ross from testifying.

### I. PROCEDURAL HISTORY

On September 17, 2024, during the final pretrial conference regarding the instant litigation, Plaintiff's counsel raised an oral motion *in limine* to preclude John Ross from testifying on behalf of defense, on the basis that the witness' name was first raised in Defendants' witness list and insufficient notice was provided to Plaintiff regarding the individual. Defendants' witness list was included in the Joint Pre-Trial Memorandum filed by Plaintiff's Counsel on September 5, 2024. *See* ECF 58. Pursuant to this Court's policies and procedures, Counsel met and conferred regarding the Joint Pre-Trial Memorandum and exchanged versions of the Pre-Trial Memorandum prior to the joint filing, where John Ross' name was present in each iteration of Defendants' witness list. *See* Exhibit A. Furthermore, Defense provided John Ross' name in the course of discovery pursuant to a discovery request from Plaintiff. Exhibit B, C. Therefore, Plaintiff has been in

possession of John Ross' name since May 2023 and has been aware of his knowledge of the Philadelphia Police Department's accreditation with the Pennsylvania Law Enforcement Accreditation Commission ("PLEAC") since disclosure of the document provided to Plaintiff in response to Plaintiff's discovery request for the same.

II. **STANDARD OF REVIEW**

A district court has the inherent authority to manage its cases, which carries with it the discretion and authority to rule on pre-trial motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." (citations omitted)). However, *in limine* rulings are not binding and "the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted).

III. **ARGUMENT**

Defendants should be allowed to present testimony from the PPD's sergeant and PLEAC account manager regarding PPD's accreditation at the time of the underlying incident giving rise to the instant litigation. Federal Rule of Civil Procedure 26(a)(1)(A) provides that a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Rule 26 further provides that "[u]nless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Rule 37 indicates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

When deciding harm, Courts have reviewed four elements:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified [or against whom the excluded information would be used], (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule ... would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id*.

Here, Defendants provided John Ross' name during the course of discovery, in a document that has been in Plaintiff's possession for over a year prior to trial and was received pursuant to her own discovery request. There is no prejudice or surprise in Defendants' listing John Ross as a potential witness. If this Court finds that Defendants did fail to provide John Ross' name as required under Rule 26(a), the failure was harmless pursuant to facts and circumstances that surrounded John Ross' disclosure during discovery. On May 2, 2023, Plaintiff requested "Documentation regarding whether Philadelphia Police Department was accredited through the Pennsylvania Law Enforcement Accreditation Commission (PLEAC) on the date of the incident." *See* Exhibit B. Defendants complied with the request and provided the relevant document, *see* Exhibit C, which includes John Ross' name, on May 9, 2023. On this letter, John Ross's name is highlighted, and he is listed as "Accreditation Manager/Sergeant John Ross." Even a brief review of the letter would indicate John Ross as an individual who would be aware of the information regarding "whether Philadelphia Police Department was accredited through the Pennsylvania Law Enforcement Accreditation Commission (PLEAC) on the date of the incident." Exhibit B. Allowing John Ross to testify would not affect the trial's status as an orderly and efficient trial. This Honorable Court has already applied a 12-hour limit on each party, which will cure many

3

timeliness issues and requires the parties to analyze and determine the vital portions of an individual's testimony. Finally, Plaintiff's oral motion cited no indication of bad faith by including John Ross' name in the Defendants' witness list, only pointing to a failure to include the name in initial disclosures.

In the alternative, should this Honorable Court deny Defendants' motion for reconsideration and reaffirm the exclusion of John Ross' testimony, then Defendants request Plaintiff be held to the same ruling. In Plaintiff's Initial Disclosures, Plaintiff indicated the following potential identities of individuals:

> All Named parties to this action
> Plaintiff's Healthcare providers at Al Assist Behavioral Center, Philadelphia, PA
> Veterinarians and/or staff at Dutton Road Veterinary Clinic

Exhibit D, at 1. Plaintiff's witness list in the Joint Pre-Trial Memorandum includes individuals outside the scope of these vague indications—such as two probation officers, Dana Shannon and Jaclyn Matteo-Hand; non-defendant police officers; and an individual named Robert Willis.[1] Additionally, the initial disclosures themselves do not comply with the rule's requirement to provide a name and, if known, the individual's address. *See* Rule 26(a)(1)(A)(i). As such, plaintiff should be similarly precluded from calling individuals in Plaintiff's pre-trial memorandum witness list that fall outside those specified in her initial disclosures.

---

[1] Defendants acknowledge that Plaintiff indicated on record she would not be calling Robert Willis as a witness but includes Mr. Willis' name for completeness of the argument.

4

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion for Reconsideration.

Respectfully submitted:

Date: September 18, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FELISHATAY ALVARADO, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-3763 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion for Reconsideration was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date: September 18, 2024

*/s/ Emily M. Hoff*
Emily Hoff
Assistant City Solicitor
Attorney Identification No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595