# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | Civil Action |
| 4713 Torresdale Avenue | : | No. 22-3763 |
| Philadelphia, PA 19124 | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al | : | |

FED. R. CIV. P. 26 INITIAL DISCLOSURES OF
PLAINTIFF, FELISHATAY ALVARADO

I.  PRELIMINARY STATEMENT

In this case, a large squad of Philadelphia Police Officers violently burst into the private residence of Plaintiff, Felishatay Alvarado, a woman with a documented medical condition of severe anxiety, shot and killed her pet dog / support animal, destroyed her personal property and belongings, screamed at her, pointed multiple weapons at her head, and generally abused and terrorized her and placed her in rational fear for her life. The actions of the City and the individual members of the Philadelphia Police Department were in clear violation of Ms. Alvarado's well-established constitutional rights.

II.  INITIAL DISCLOSURES

1.  Identities of individuals likely to have knowledge of the relevant facts:

>   All named parties to this action
>   Plaintiff's Healthcare providers at Al Assist Behavioral Center, Philadelphia, PA
>   Veterinarians and/or staff at Dutton Road Veterinary Clinic

1

2. Documents and things in the possession of counsel or the party:

Documents provided by defendants in response to Pre Complaint discovery. As documents become available, which are deemed relevant, the same will be produced to defendants.

3. Identities of experts and their opinions:

To be provided within the parameters of the applicable Federal Rules of Civil Procedure.

4. Insurance agreements in force:

Plaintiff had health insurance at the time of this incident however, said health insurance is not applicable to this incident.

5. Statement of the basis for any damages claimed:

The outrageous and inexcusable violation of Ms. Alvarado's fundamental constitutional rights occurred even though the Philadelphia Police Department had no warrant to enter Ms. Alvarado's home nor to arrest her, no reasonable suspicion that she had done anything wrong, indeed not even the hint of suspicion of any wrongdoing on the part of Ms. Alvarado or any person inside her home. Civil actions brought pursuant to 42 U.S.C. § 1983 serve the "important public purpose" not only of compensating victims such as Ms. Alvarado, but of deterring police officers *and* municipal governments from "depriv[ing] individuals of their federally guaranteed rights." Kedra v. Schroeter, 876 F.3d 424, 448 (3d Cir. 2017) (citations omitted). Ms. Alvarado has filed a two-count § 1983 complaint against the

City of Philadelphia ("the City") and the numerous involved individual members of the Philadelphia Police Department (collectively, "the Police Officer Defendants.")

Respectfully submitted,

VICTIMS' RECOVERY LAW CENTER

Date: December 13, 2022
/s/ Keith Thomas West
DAVID P. THIRUSELVAM, ESQUIRE
KEITH THOMAS WEST, ESQUIRE
The North American Building
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
215-546-1433 – Telephone
215-644-8754 – Facsimile
david@victimrecoverylaw.com
keith@victimrecoverylaw.com
*Attorneys for Plaintiff, Felishatay Alvarado*

**CERTIFICATE OF SERVICE**

  I, Keith Thomas West, Esquire, on this *13th day of December, 2022,* by electronic mail, caused a true and correct copy of Plaintiff, Felishatay Alvarado's Fed RCP 26 Initial Disclosures to be served on the other parties to this action.

         **Respectfully submitted,**

         **VICTIMS' RECOVERY LAW CENTER**

         **/s/ Keith Thomas West**
         **DAVID P. THIRUSELVAM, ESQUIRE**
         **KEITH THOMAS WEST, ESQUIRE**
         The North American Building
         121 South Broad Street, 18th Floor
         Philadelphia, Pennsylvania 19107
         215-546-1433 – Telephone
         215-644-8754 – Facsimile
         david@dptlawusa.com
         keith@dptlawusa.com
         *Attorneys for Plaintiff, Felishatay Alvarado*