# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|    Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**ORDER**

      AND NOW, on this _____ day of _____, 2024, upon consideration of the Defendants' Motion to Strike Plaintiff's Expert, Glenn Garrels as a Trial Witness, *Doc. No.* 71, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** that the Defendants' Motion is **DENIED**.

                                                  **BY THE COURT:**

                                                  _____
                                                  **John F. Murphy, District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## THE DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT, GLENN GARRELS, AS A TRIAL WITNESS, *DOC. NO. 71*

    Presently, Felishatay Alvarado ("Plaintiff"), by and through her undersigned counsel, opposes the Defendants' Motion to Strike Plaintiff's Expert, Glenn Garrels, as a Trial Witness, *Doc. No.* 71. The Defendants falsely claim that the expert report submitted by Mr. Garrels was produced untimely, but that is simply untrue. As shown by the emails attached hereto at Exhibit "A," Plaintiff disclosed that her experts for this case would be Mr. Garrels and Dr. Veronique Valierie on October 16, 2023, and their reports were produced on October 27, 2023, which was the date established by the Court (as acknowledged by the Defendants in their instant Motion). The report submitted by Mr. Garrels is attached hereto at Exhibit "B," and Dr. Valierie's report is attached hereto at Exhibit "C." It appears possible that Plaintiff accidently failed to attach the *curriculum vitaes* for Mr. Garrels and Dr. Valierie to the October 27th email, however this was remedied immediately once the issue was brought to Plaintiff's attention, and by sitting on the issue for nearly 11 months (and failing to comply with the Court's pre-trial motion Order), the Defendants have waived any objection to that issue.

1

The relevant timeline regarding this motion is as follows. On August 8, 2023, the Court entered an Order approving a stipulation of the parties, pursuant to which, in pertinent part, the deadline for Plaintiff to serve expert reports was October 27, 2023, and the deadline for fact discovery and any expert depositions was December 1, 2023. See *Doc. No.* 27. The Defendants filed their Motion for Summary Judgement on October 17, 2023. See *Doc. No.* 28. As noted above, Plaintiff served the expert reports from Mr. Garrels and Dr. Valierie on October 27, 2023, in compliance with the Court's scheduling Order. Moreover, four days later — on October 31, 2023 — Plaintiff filed an Opposition to the Defendants' Motion for Summary Judgement, which attached said expert reports and relied upon the same (especially the report from Mr. Garrels). See *Doc. No.* 29. On November 11, 2023, the Defendants filed a Reply in support of their Motion for Summary Judgement. See *Doc. No.* 30. Nowhere in the Defendants' Reply Brief was any issue raised regarding the completeness or timeliness of Plaintiff's expert production. Id. On January 3, 2024, oral argument was held regarding the Defendants' Motion for Summary Judgement. See *Doc. No.* 33. Again, the Defendants did not raise any argument challenging the completeness or timeliness of Plaintiff's expert production. On January 17, 2024, the Defendants filed a Sur-Sur Reply in support of their Motion for Summary Judgement, and still no question was raised by them whatsoever concerning completeness or timeliness of Plaintiff's expert production. See *Doc. No.* 37. Finally, the Court entered an Order on February 27, 2024, which ruled upon the Defendants' Motion for Summary Judgement and noted that Plaintiff "cites unrebutted expert opinion" from Mr. Garrels, because indeed the Defendants never challenged the submission of his report by Plaintiff. See *Doc. No.* 38 at

2

23. Nor did the Defendants ever request to take the deposition of either of Plaintiff's experts.

A Case Management Conference regarding the scheduling of the trial of this matter was held on March 4, 2024.  See *Doc. No.* 44.  Again, the Defendants raised no question concerning completeness or timeliness of Plaintiff's expert production and simply exchanged dates for the scheduling of the trial.  On March 4, 2024, the Court entered a Pre-Trial Order pursuant to which, in pertinent part, "[m]otions *in limine*, *Daubert* motions, and any other pretrial motions [were] due no later than August 29, 2024." See *Doc. No.* 43.  As noted in the Defendants' instant Motion, the Defendants did not raise the issue of apparently not receiving Mr. Garrels' *curriculum vitae* until August 6, 2024, when the Defendants' attorney sent an email reading, in pertinent part, "we never received the CV of either expert or the underlying documents they based their opinions on – the deadline for that exchange was October 27, 2023 - please send that to us by this Friday August 9, 2024." a copy of which email is attached hereto at Exhibit "D."  The next day — i.e., August 7, 2024 — Plaintiff emailed over the requested *curriculum vitaes* (the *curriculum vitae* for Mr. Garrels is attached hereto at Exhibit "E," and the *curriculum vitae* for Dr. Valierie's report is attached hereto at Exhibit "F") in an email that is attached hereto at Exhibit "G," which also asked for clarification of what was meant by "the underlying documents."  The Defendants offered no further clarification and never requested disclosures for either of Plaintiff's experts.

On the deadline — August 29, 2024 — the Defendants did file a motion to preclude Mr. Garrels from testifying in this case, *but the Defendants did not raise any argument*

3

*regarding the timing or completeness of his report or related materials*. See Doc. No. 53. Plaintiff filed an Opposition to the Defendants' motion to preclude Mr. Garrels, which of course did not rebut any arguments that were never raised by the Defendants. See *Doc. No.* 66. On September 17, 2024, a Final Pretrial Conference was held and oral argument was permitted regarding the Defendants' motion to preclude Mr. Garrels. It is Plaintiff's understanding that the Court intends to deny that Motion, except only to the extent that Mr. Garrels should not testify about the Philadelphia Police Department's directive regarding dog encounters. Then, on September 18, 2024 — almost on the eve of trial — the Defendants filed the instant motion, for the first-time objecting to the timing of when Plaintiff's report and related materials were produced.

The Defendants' instant Motion is untimely, and the arguments raised therein have already been waived. The Defendants say that their Motion is filed under Fed. R. Civ. P. 37.(c)(1). Rule 37 generally governs discovery sanctions, but any motion brought under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Defendants did not include any certification, and clearly could not: the record shows that Plaintiff has endeavored to make timely discovery, and any accidental omission was remedied almost immediately once the issue was brought to Plaintiff's attention. See Bautista v. Carey, 2023 U.S. Dist. LEXIS 5408, at *11-12; 2023 WL 157991 (M.D. Pa. Jan. 11, 2023). Nor have the Defendants provided any justification for filing a discovery motion 292 days after the discovery deadline

4

— especially since any issue presented here could have been presented by them more than a month before the discovery deadline passed.

The Court's Pre-Trial Order states that "[m]otions *in limine*, *Daubert* motions, and any other pretrial motions [were] due no later than August 29, 2024." See *Doc*. *No*. 43. At minimum, the Defendants have failed to provide any justification for failing to raise the present arguments by the Court's pretrial motion deadline of August 29th. It is extremely prejudicial for Plaintiff to be confronted with this issue, which easily could have been cured if timely raised, nearly on the eve of trial. Hence, the Defendants' failure to timely raise the issue should result in waiver. For example, in <u>John M. Floyd & Assocs. v. Ocean City Home Bank</u>, the court held that the defendant waived any objection to the admissibility of the plaintiff's expert because the defendant failed to file a motion by the deadline imposed by the pretrial order despite having the expert's report in hand long before the deadline. 2008 U.S. Dist. LEXIS 78275, at *9-11 (D. N.J. Oct. 2, 2008). Here, the Defendants have had Mr. Garrels' report for nearly a year, hence there simply is no excuse for the Defendants' failure to raise a timely objection.

**WHEREFORE**, Plaintiff respectfully requests for the Court to ***deny*** the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
|     v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**CERTIFICATE OF SERVICE**

    I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Brief to be served on the Defendants.

        Jonah Santiago-Pagan, Esquire
        Emily Hoff, Esquire
        1515 Arch Street, 14th Floor
        Philadelphia, PA 19102
        ***Attorney for Defendants***

        **Respectfully submitted,**

        **/s/ Keith West\_\_\_\_**
        **Keith West, Esquire**
        **VICTIMS' RECOVERY LAW CENTER**
        **PA Attorney ID No. 317426**
        **121 South Broad Street, 18th Floor**
        **Philadelphia, PA 19107**
        **keith@victimrecoverylaw.com**
        ***Attorneys for the Plaintiff***