IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO** : | **CIVIL ACTION** |
| : | |
| v. : | **NO. 22-3763** |
| : | |
| **CITY OF PHILADELPHIA, P/O** : | |
| **JAMES ASHFORD, P/O JOSHUA** : | |
| **BURKITT, SGT. MICHAEL** : | |
| **CERRUTI, P/O ERIC CLARK, P/O** : | |
| **MATTHEW FITZPATRICK, P/O** : | |
| **JOSE HAMOY, SGT. KEVIN** : | |
| **MELLODY, LT. DEMETRIUS MONK,** : | |
| **P/O BRIAN MURRAY, P/O** : | |
| **HERIBERTO QUINTANA, P/O** : | |
| **PHILLIP RIOTTO, P/O RIVERA, P/O** : | |
| **PATRICK SABA, P/O CYPRIAN** : | |
| **SCOTT, P/O EDWARD SONG** : | |

# **ORDER**

**AND NOW**, this 19th day of September 2024, upon consideration of plaintiff Ms. Alvarado's motions *in limine* (DI 48, 52, 54), defendants' responses to Ms. Alvarado's motions (DI 56, 57), defendants' motions *in limine* (DI 49, 50, 51, 53, 55), and Ms. Alvarado's responses to defendants' motions (DI 64, 65, 66, 67, 68, 69), it is **ORDERED** that:

- Ms. Alvarado's Motion *in Limine* Regarding the Defendant's Failure to Comply with the Knock and Announce Rule Before Entering Plaintiff's Home (DI 48) is **DENIED**;

- Ms. Alvarado's Motion *in Limine* Regarding Status of Plaintiff's Service Animal (DI 52) is **DENIED**;

- Ms. Alvarado's Motion *in Limine* to Preclude any Reference to Plaintiff's Work History (DI 54) is **GRANTED** as unopposed;

- Defendants' Motion *in Limine* to Preclude Evidence of Officer Discipline or Misconduct Allegations (DI 49) is **DENIED WITHOUT PREJUDICE**;

- Defendants' Motion *in Limine* to Preclude Evidence of Irrelevant Philadelphia Police Department's Directives and Policies (DI 50) is **DENIED WITHOUT PREJUDICE**;

- Defendants' Motion *in Limine* to Preclude the Testimony and Report of Dr. Veronique Valliere (DI 51) is **DENIED**;

- Defendants' Motion *in Limine* to Preclude Testimony and Report of Glenn Garrels (DI 53) is **GRANTED IN PART AND DENIED IN PART** (see below);

- Defendants' Motion *in Limine* to Preclude Reference to the Death of Plaintiff's Dog (DI 55) is **DENIED**.

**Ms. Alvarado's Motion *in Limine* Regarding the Defendant's Failure to Comply with the Knock and Announce Rule Before Entering Plaintiff's Home (DI 48).**

1. Ms. Alavarado's motion seeks to preclude the defendants from presenting any testimony that the time between knocking on Ms. Alvarado's door and entry into Ms. Alvarado's home exceeded 7 seconds.  DI 48 at 9.  Ms. Alvarado also requests that we provide a jury instruction stating that the defendants' actions violated the Knock and Announce Rule.  Ms. Alvarado argues that video evidence "incontrovertibly shows" that there was at most a seven second delay between any potential knocking and the defendants' entry into Ms. Alvarado's home.  *Id.* at 2-5 (citing *Scott v. Harris*, 550 U.S. 372, 378-81 (2007), which found summary judgment was appropriate based on clear video evidence despite contradicting testimony).  Ms. Alvarado argues that because no reasonable juror could conclude that "Ms. Alvarado was provided with a reasonable 'opportunity to open the door' prior to the Defendants breaking her door down," defendants violated the Knock and Announce Rule as a matter of law.  *Id.* at 7-8.

2. Defendants dispute Ms. Alavardo's claim that the video evidence is irrefutable and believe that such an instruction would "usurp the jury's role as the trier of fact."  DI 56 at 1-

2

2.

3. This motion repeats arguments made by Ms. Alvarado in her responsive brief to defendants' motion for summary judgment. *See* DI 29 at 3-4. Our conclusion here is the same as in our order on that motion. The video "has no sound, no closed captions, and does not show whether any officer knocked or otherwise contacted the door before breaching it" and the defendants still plan to offer testimony that the duration between knock and entry was longer than seven seconds. DI 38 at 13-14. On the record before us, neither the video evidence nor the testimony is so conclusive that a reasonable juror would be forced to conclude one way or the other. The competing evidence presents a clear fact issue for the jury. This motion is denied.

**Ms. Alvarado's Motion *in Limine* Regarding Status of Plaintiff's Service Animal (DI 52).**

4. Ms. Alvarado moves to preclude defendants from "challenging or questioning the status of Plaintiff's deceased dog, Akuma, as a 'service animal'" at trial. DI 52 at 1-2. Ms. Alvarado argues that defendants have not offered any evidence, expert or otherwise, that challenges the status of Ms. Alvarado's deceased dog, Akuma, as an "Emotional Support Animal." Defendants dispute Akuma's status as a service animal and the evidence that Ms. Alvarado offers as support. DI 57 at 3-4.

5. Ms. Alvarado asks us to deny defendants the ability to question Dr. Valliere about a part of her testimony. Akuma's status as a service animal is a live question for the jury. We are aware of no law that precludes defendants from questioning testimony and evidence provided by Dr. Valliere simply because they do not offer contrary evidence or an expert themselves. Defendants are permitted to cross-examine Dr. Valliere about her determination that Akuma is a service animal. Ms. Alvarado has not given us a reason to hold otherwise. This

motion is denied without prejudice.

**Ms. Alvarado's Motion *in Limine* to Preclude any Reference to Plaintiff's Work History (DI 54).**

6. Ms. Alvarado's third motion *in limine* (which appears to have been accidentally titled the same as its second motion) actually seeks to preclude reference to Ms. Alvarado's work history during the trial. DI 54 at 1. Ms. Alvarado's work history is not pertinent to any issue in this case, and defendants do not oppose this motion. This motion is granted.

**Defendants' Motion *in Limine* to Preclude Evidence of Officer Discipline or Misconduct Allegations (DI 49).**

7. Defendants ask us to preclude evidence of the disciplinary history or allegations of misconduct against defendants and prior defendants, Detectives Scally and Graf. Defendants argue that the evidence would only be used for improper character evidence under Rule 404(b) and, otherwise, that such evidence should be excluded under Rule 403. DI 49 at 3-4. Ms. Alvarado argues that the motion is too vague as it does not cite to any evidence and such evidence could be relevant, possibly for impeachment. DI 65 at 1.

8. We agree with Ms. Alvarado that the defendants' motion is too vague and does not identify any the information sought to be admitted with any particularity. It is certainly possible that disciplinary history could be relevant for impeachment, but any determination based on the motion before us would be pure speculation. This motion is denied without prejudice.

**Defendants' Motion *in Limine* to Preclude Evidence of Irrelevant Philadelphia Police Department's Directives and Policies (DI 50).**

9. Defendants seek to preclude the admission of any Philadelphia Police Department directives and SWAT Unit Standard Operating Procedures outside of "PPD

Directive 5.7 – Search Warrants and SWAT SOPs related to search warrant execution" under Rules 401 and 403. DI 50 at 3-5. Defendants argue that any other PPD directives or SWAT SOPs are irrelevant to Ms. Alvarado's unreasonable search and seizure or municipal liability failure to train claims and that allowing their admission would be "unfairly confusing and prejudicial." *Id.* Ms. Alvarado argues that PPD directives and SWAT SOPs are relevant to the reasonableness of the defendants conduct, which is relevant to her claims.

10. Defendants claim that they expect Ms. Alvarado's expert, Mr. Garrels, to present evidence related to the PPD directives and SWAT SOPs at issue in this motion. However, defendants' motion does not identify which part of Mr. Gerrels' expert report and testimony that they take issue with. It would therefore be speculative on our part to issue a ruling precluding reference to those PPD directives and SWAT SOPs in this order. Accordingly, we deny the motion without prejudice. Defendants are permitted to the raise the issue with more specificity at trial.

**Defendants' Motion *in Limine* to Preclude the Testimony and Report of Dr. Veronique Valliere (DI 51).**

11. Defendants seek to preclude Dr. Valliere, Ms. Alvarado's expert related to her claims of emotional distress, under Rule 702. DI 51 at 1-2. Defendants argue that Dr. Valliere's CV only qualifies her as an expert related to "Sexual offenders," "Victims of interpersonal violence (sexual assault and physical abuse)," and "Domestic violence," and she is not qualified as an expert in institutional trauma, which Ms. Alvarado claims to have. *Id.* at 3-4. Defendants also take issue with Dr. Valliere's testimony regarding Ms. Alvarado's relationship with her dog Akuma. Defendants believe the testimony does not fit the facts at issue in this case under Rule 702(a). *Id.* at 6-8. Ms. Alvarado argues that Dr. Valliere is qualified as a mental health expert

5

and because Ms. Alvarado has "an independently diagnosed case of PTSD," Dr. Valliere's qualifications and opinions will assist the fact finder. DI 68 at 1.

12. Defendants motion asks us to disqualify Dr. Valliere as an expert based on their assertion that institutional trauma differs from other categories of trauma. Defendants have not deposed Dr. Valliere and do not offer any expert testimony of their own to support this assertion.[1] We are not in a position to determine whether only an expert in institutional trauma may offer opinions related to the effect of the events of this case on Ms. Alvarado's mental health. Ms. Alvarado states that Dr. Valliere qualifies as a mental health expert, and her testimony is based on her experience and is related to Ms. Alvarado's mental health. See DI 29-2, Ex. I. We see no reason to disagree based on defendants' motion. We will deny the motion and will not preclude Dr. Valliere from testifying under Rule 702.[2]

**Defendants' Motion *in Limine* to Preclude Testimony and Report of Glenn Garrels (DI 53).**

13. Defendants also seek to preclude the expert testimony of Mr. Gerrels under Rule 702(a). Defendants ask us to preclude four topics discussed in Mr. Gerrels' report from being offered at trial based on the argument that Mr. Gerrels' testimony on those topics will not assist the trier of fact to understand the evidence or to determine a fact in issue. We assess each in

---

[1] At oral argument, defendants argued that they were not given proper notice of Dr. Valliere as an expert because her report was first served with Alvarado's response to defendants' summary judgment motion and Alvarado has not produced all of the materials that Dr. Valliere relied on in her report. Alvarado disputes this. Regardless, defendants have not raised a Rule 26 issue in their briefing (or any time before the pretrial conference), and we will therefore not address that argument at this time.

[2] We note that there are portions of the expert report that discuss the death of Akuma. As we held on summary judgment, the death of Akuma is irrelevant to the issue of liability in this case, but could bear on damages. We agree with defendants that this distinction needs to be clear to the jury. We directed the parties to formulate appropriate jury instructions.

turn.

14. ***Testimony to Legal Conclusions***. Defendants argue that Mr. Gerrels will offer testimony that defendants violated Ms. Alvarado's Fourth Amendment rights. DI 53 at 5. Defendants are correct that the full extent of the opinions in Mr. Gerrels' expert report tests the limits of Rule 704. Mr. Gerrels' first and second opinions in his report both state, in part, that he believes that "the Philadelphia Police Department violated the 4th Amendment rights of Felishatay Alvarado." DI 29-2, Ex. B at 13, 32. Mr. Gerrels's opinions are based on his experience as a police officer and executing warrants. He certainly may offer testimony that assists the jury with interpreting the facts of this case based on that experience, such as his opinion whether the defendants' actions followed standard police practices, PPD directives, SWAT SOPs, and the like. And he may not take over the court's job and opine on the meaning of the 4th Amendment or what it requires. Those two points on the spectrum are straightforward. But can Mr. Gerrels apply the facts of this case to the law and give his view on the ultimate issue — the same issue the jury is considering?[3] In this particular case, no.

15. Under Rule 704(a), an expert may reach the ultimate issue, but judges have discretion as to when that is or is not appropriate. The Supreme Court just recently gave a helpful explanation of the history of Rule 704(a). *See Diaz v. United States*, 144 S. Ct. 1727, 1732-33 (2024). And as the advisory notes to Rule 704(a) explain, where to draw the line is a question of what would be helpful to the jury. There is nothing confusing or intrusive — and

---

[3] Defendants may be somewhat confusing law and fact (as do some of the cases addressing this issue). Whether conduct violates the Fourth Amendment is a factbound question, not a legal one. That is why a jury will answer it. The legal requirements of the Fourth Amendment are the legal question (that will be addressed in jury instructions).

often it is helpful — about an expert reaching the ultimate issue when there is a proper foundation. The problem is that Mr. Gerrels's report lacks that foundation. For example, there is no section where Mr. Gerrels explains the law as he understands it or as counsel instructed him, and then explains how he applied the facts to that understood standard. If Mr. Gerrels testified as his report is laid out, he would be jumping to the ultimate issue in a way that risks confusing the jury or inducing them to rely on his say-so over an evaluation of all the facts. *See Quagliarello v. Dewees*, 802 F. Supp. 2d 620, 623-24 (E.D. Pa. 2011) (Judge Baylson's helpful explanation of this balancing act). Thus, we grant this part of the motion.

   16.  ***Layout of Ms. Alvarado's Apartment Building***. Defendants argue that we should exclude Mr. Gerrels opinions regarding the layout of Ms. Alvarado's apartment, including his use of Google Earth, because he is not an "expert on architecture or building codes" and the opinion would not assist the trier of fact determine if "it was reasonable for the officers to believe that the apartment building possessed a common area." DI 53 at 5-6. We disagree. Mr. Gerrels is qualified based on his experience as a police officer and executing warrants. He has experience entering buildings in that context and his testimony about his assessment of the house is within that experience. We will deny this part of the motion.

   17.  ***Cell Phone Location Data***. Defendants argue that Mr. Gerrels should not be permitted to offer testimony regarding cell phone and IP address tracking as he does not possess the qualifications to do so and does not explain his methodology. DI 53 at 7-8. Our response here is similar to the preceding paragraph. Mr. Gerrels is an expert in police procedures, and he is drawing on his experience to offer his opinion that gathering technology-based location data was typical. This is within his expertise and will assist the fact finder in determining the

reasonableness of the defendants' actions. We will deny this part of the motion.

18.     ***Akuma's Death and PPD Training on Dog Encounters***.  Defendants argue that we should preclude Mr. Gerrels from testifying about Akuma's death as it is no longer relevant to liability. DI 53 at 8-9. Defendants did not address this issue in their response and, at oral argument, agreed that Mr. Gerrals will not offer testimony regarding this issue at trial. We agree with defendants that this testimony is no longer relevant and grant this part of the motion.

**Defendants' Motion in Limine to Preclude Reference to the Death of Plaintiff's Dog (DI 55).**

19.     Defendants' final motion *in limine* seeks to preclude any reference to Akuma's death by Ms. Alvarado under Rules 401 and 403. DI 55 at 2-5. Ms. Alavardo opposes the motion and argues that Akuma's death is still relevant for damages. DI 64. We agree with Ms. Alvarado that Akuma's death is still relevant for the jury on the issue of damages and will not preclude it for that reason. We do not agree with Defendants' arguments related to Rule 403. Damages evidence is usually prejudicial to a degree and damages are an essential part of Ms. Alvarado's case. We will deny this motion.

20.     Defendant asks that if we do not exclude reference to Akuma's death under Rules 401 and 403, then they request: "(1) bifurcation of the liability and damage phases before the same jury, (2) a limiting instruction to the jury, and (3) limitation of presentation of the evidence and surrounding arguments to limit prejudice." DI 55 at 5-7. We agree that the nature of Akuma's death may be prejudicial to defendants as it relates to liability, but it is also highly probative to damages, and we do not agree that this concern justifies bifurcation as that would be a waste of judicial resources. *See Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) ("[T]he trial judge has broad discretion in the matter of the admission or exclusion of

expert evidence, and his action is to be sustained unless manifestly erroneous." (quoting *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)).  However, as noted earlier, we agree that an instruction informing the jury that the death of Akuma is not relevant to liability could be appropriate and we would consider one agreed to and proposed by both parties.

MURPHY, J.