**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**ORDER**

AND NOW, on this _____ day of _____, 2024, upon consideration of

the Defendants' Motion for Reconsideration on Oral Order Precluding John Ross from

Testifying, *Doc. No.* 73, and Plaintiff's response in opposition thereto, it is hereby

**ORDERED** that the Defendants' Motion is **DENIED**.

**BY THE COURT:**

_____

**John F. Murphy, District Judge**

FELISHATAY ALVARADO         :
     Plaintiff                 :     Civil Action No. 22-3763
                               :
     v.                        :
                               :
CITY OF PHILADELPHIA, *et al.*   :

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## THE DEFENDANTS' MOTION FOR RECONSIDERATION ON ORAL ORDER
## PRECLUDING JOHN ROSS FROM TESTIFYING, *DOC. NO. 71*

Presently, Felishatay Alvarado ("Plaintiff"), by and through her undersigned

counsel, opposes the Defendants' Motion for Reconsideration on Oral Order Precluding

John Ross from Testifying, *Doc. No.* 73.  In their instant Motion, the Defendants

acknowledge that John Ross was not properly disclosed as a witness pursuant to the

requirements of Fed. R. Civ. P. 26(a)(1)(i).  However, the Defendants point to a single

document provided by them — attached as Exhibit "C" to their Motion and attached hereto

at Exhibit "A" — in which the name of John Ross is noted on the document as a supposed

disclosure of their intent to call Mr. Ross as a witness at the trial of this matter.  As the

Honorable Gene E. K. Pratter held in <u>Pac-West Distrib. NV LLC v. Afab Indus. Servs. Inc.</u>,

2023 U.S. Dist. LEXIS 101963, at * 4-13; 2023 WL 3952347 (E.D. Pa. June 12, 2023) — an

opinion cited by the Defendants in a number of recent filings, but not for their instant

Motion — a failure to strictly comply with the witness disclose requirements of Rule

26(a)(1)(i) may be forgiven if under the circumstances the other party was clearly placed on

notice that the individual was intended to be called as a witness at trial (such as if the party produced an expert report authored by the individual).

> But to obviate the need for formal disclosure, this information must be "clear and unambiguous," and not merely the "mention of an individual's identity." <u>Eli Lilly & Co. v. Actavis Elizabeth LLC</u>, 2010 U.S. Dist. LEXIS 44913; 2010 WL 1849913, at *4 (D. N.J. May 7, 2010). Specifically, "[r]eference to a witness in discovery documents, interrogatories, or depositions — even knowledge that someone has relevant information — is insufficient to provide notice that the person might be called as a witness by the opposing party." <u>Syngenta Crop Prot. LLC v. Willowood LLC</u>, No. 15-cv-274, 2017 U.S. Dist. LEXIS 121164, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017).

<u>Id.</u> at 5 (cleaned up). Thus, it is readily apparent that the mere fact that John Ross' name is included on a single document produced by the Defendants does not excuse the Defendants' failure to comply with Rule 26(a)(1)(i) or otherwise provide any notice that they intended to call Mr. Ross as a trial witness at any point prior to their submissions for the Pretrial Memo.

This is especially true here. The sole document on which Mr. Ross' name appears is a boilerplate letter from the Law Enforcement Accreditation Commission of the Pennsylvania Chiefs of Police Association to then-Commissioner of the Philadelphia Police Department ("the PPD") Danielle Outlaw noting that the PPD had been reaccredited. Mr. Ross was neither the sender nor the sendee of the letter but was merely referenced in the "cc" line. <u>See</u> Exhibit "A." Constructive knowledge that someone named John Ross had been informed of the publicly available information that the PPD had accreditation from the Law Enforcement Accreditation Commission of the Pennsylvania Chiefs of Police Association did absolutely nothing to place Plaintiff on notice that Mr. Ross might be a

significant witness in this case. Simply speaking, the PPD's accreditation is not a fact in dispute in this case. Glenn Garrels, Plaintiff's liability expert, expressly acknowledges the PPD's accreditation in his report. See Mr. Garrels' report at 48, a copy of which is attached hereto at Exhibit "B." Plaintiff was not provided with any indication by the Defendants that Mr. Ross was going to be called as a witness at trial or that he had important information in his possession related to this case; rather, the only indication given to Plaintiff was that Mr. Ross was one of many people who was informed of the publicly available information of the PPD's accreditation, a fact that Plaintiff has simply accepted as true and acknowledged as true in her expert's report. Plaintiff had no reason whatsoever to ask to take Mr. Ross' deposition and so would be clearly prejudiced if Mr. Ross were permitted to testify as a surprise witness at the trial of this matter.

In the alternative, the Defendants urge in their Motion that if Mr. Ross is precluded from testifying at the trial of this matter, the Court should also preclude "two probation officers, Dana Shannon and Jaclyn Matteo-Hand; non-defendant police officers; and an induvial named Robert Willis." Robert Willis was one of Plaintiff's medical treaters and arguably was properly disclosed as a potential trial witness, but that issue is moot because Plaintiff has already stated on the record that he will not be called as a witness at trial. *On the other hand, Dana Shannon, Jaclyn Matteo-Hand, and the "non-defendant police officers" were all deposed in this case.* Hence, there was no reason for Plaintiff to provide the Defendants with the information regarding these witnesses contemplated by Fed. R. Civ. P. 26(a)(1)(i), such as their names, addresses, and phone number. Moreover, "the "non-defendant police officers" were named defendants and represented by the

Defendants' counsel until they were voluntarily dismissed at the end of discovery, and the significance of their testimony and the testimony of probation officers, Dana Shannon and Jaclyn Matteo-Hand, to Plaintiff's case is apparent from the frequent citations to their deposition transcripts in such key documents as the report submitted by Mr. Garrels and Plaintiff's filings in opposition to the Defendants' Motion for Summary Judgment.

Dana Shannon was deposed in this case on September 15, 2023, as shown by the transcript attached hereto at Exhibit "C;" and Jaclyn Matteo-Hand was deposed on September 27, 2023, as shown by the transcript attached hereto at Exhibit "D." They were both Philadelphia probation officers whose job duties included overseeing the probation of the murder suspect for whom the Defendants obtained a warrant. The Defendants' counsel attended and participated in their depositions. These probation officers testified that because the suspect had been on home arrest, his home had been visited and they could have told the PPD how to access the suspect's home — had they been asked. In his report, Mr. Garrels discussed the deposition testimony of Ms. Shannon and Ms. Matteo-Hand. See Mr. Garrels' report at 28, a copy of which is attached hereto at Exhibit "B." Mr. Garrels went on to opine that the Defendants' failure to ask the probation officers how to access the suspect's home, under the circumstances, was evidence of unreasonable conduct by the Individual SWAT Officers and a deliberately indifferent failure to provide reasonable training by the City. See generally Mr. Garrels' report, a copy of which is attached hereto at Exhibit "B." Mr. Garrels stated these opinions over and over, in different contexts, throughout his report. Id. On October 27, 2023, Plaintiff filed a brief in opposition to the Defendants' Motion for Summary Judgment that heavily quoted from the

deposition testimony of Ms. Shannon and Ms. Matteo-Hand and relied upon Mr. Garrels'

opinions arising from that testimony.  <u>See</u> Plaintiff's Memorandum of Law in Opposition to

the Defendants' Motion for Summary Judgment, *Doc. No.* 29, at 8-9, 11-12, 25-26, 30.

Indeed, Plaintiff called the Defendants' failure to communicate with the probation officers

to be the Defendants' "most glaring oversight:"

> [T]he City's training with regards to conducting reconnaissance
> was also plainly inadequate. The single most glaring oversight
> in this case is the fact that the City did not train its officers to
> obtain easily accessible information from the Probation and
> Parole Office when available; it has been clearly established in
> discovery that any confusion as to how to access the Arrestee's
> home could easily have been removed by simply asking his
> parole officer how to get there.

<u>Id.</u> at 30.

Plainly, therefore, the Defendants were placed on "clear and unambiguous" notice

that Plaintiff would likely call Ms. Shannon and Ms. Matteo-Hand as witnesses at trial, and

the so-called "non-defendant police officers" were all named defendants represented by

the Defendants' attorneys.  <u>See</u> <u>Pac-West Distrib. NV LLC</u>, *supra*.  As stated in the Notes of

Advisory Committee on 1993 amendments. *Note to Subdivision (a)*, the purpose of Rule

26(a)(1)(i) disclosures is to "assist other parties in deciding which depositions will actually

be needed."  That purpose is not relevant here, because Ms. Shannon, Ms. Matteo-Hand,

and the so-called "non-defendant police officers" *were* all deposed during the discovery

phase of this case.  It is also clear that Plaintiff would not have been in possession of any

information regarding these witnesses not already available to the Defendants — who were

their co-workers, and in most cases co-represented co-defendants.

**WHEREFORE**, Plaintiff respectfully requests for the Court to **deny** the instant

Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West_____**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Brief to be served on the Defendants.

Jonah Santiago-Pagan, Esquire
Emily Hoff, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
***Attorney for Defendants***

**Respectfully submitted,**

**/s/ Keith West_____**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***