IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FELISHATAY ALVARADO | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 22-3763 |
| CITY OF PHILADELPHIA, P/O JAMES ASHFORD, P/O JOSHUA BURKITT, SGT. MICHAEL CERRUTI, P/O ERIC CLARK, P/O MATTHEW FITZPATRICK, P/O JOSE HAMOY, SGT. KEVIN MELLODY, LT. DEMETRIUS MONK, P/O BRIAN MURRAY, P/O HERIBERTO QUINTANA, P/O PHILLIP RIOTTO, P/O RIVERA, P/O PATRICK SABA, P/O CYPRIAN SCOTT, P/O EDWARD SONG | : | |

# ORDER

**AND NOW**, this 19th day of September 2024, upon considering defendants' motion for reconsideration on oral order precluding John Ross from testifying (DI 73), and plaintiff's opposition (DI 78), it is **ORDERED** defendants' motion for reconsideration on oral order precluding John Ross from testifying (DI 73) is **DENIED**.[1]

MURPHY, J.

---

[1] Defendants listed Mr. Ross as a trial witness. Plaintiff objects because Mr. Ross was not disclosed in defendant's Rule 26(a) initial disclosures. Defendants ask that this be excused because Mr. Ross's name appears on the "cc" line of a 2021 letter to the Philadelphia Police Commissioner from the Pennsylvania Law Enforcement Accreditation Commission re-accrediting the Police Department. DI 73-3 at 2 (ECF). While it is conceivable that for the right kind of document in the right kind of case, that could cure any prejudice or surprise, that would be a remarkable situation. On this record, Mr. Ross's name is just one name cc'd on just one document in discovery with no particular reason to think that would have put plaintiffs on notice that Mr. Ross might be called at trial. In the alternative, defendants ask that we preclude several witnesses not listed on plaintiff's initial disclosures. DI 73 at 4. Plaintiff's initial disclosures are facially deficient (read the rules, people). DI 73-4. But the only objected-to witnesses who plaintiff wants to call were *actually deposed* by defendants. That is more than sufficient notice to avoid surprise or prejudice.