# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

## ORDER

AND NOW, on this _____ day of _____, 2024, upon consideration of the Defendants' Motion to Strike the Designation of Plaintiff's Expert, Veronique N. Valliere, as a Trial Witness, *Doc. No.* 72, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** that the Defendants' Motion is **DENIED**.

BY THE COURT:

_____
**John F. Murphy, District Judge**

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## THE DEFENDANTS' MOTION TO STRIKE THE DESIGNATION OF
## PLAINTIFF'S EXPERT, VERONIQUE N. VALLIERE, AS A TRIAL WITNESS,
## *DOC. NO. 72*

Presently, Felishatay Alvarado ("Plaintiff"), by and through her undersigned counsel, opposes the Defendants' Motion to Strike the Designation of Plaintiff's Expert, Veronique N. Valliere, as a Trial Witness, *Doc. No.* 72. The Defendants falsely claim that the expert report submitted by Dr. Valliere was produced untimely, but that is simply untrue. As shown by the emails attached hereto at Exhibit "A," Plaintiff disclosed that her experts for this case would be Glenn Garrels and Dr. Valliere on October 16, 2023, and their reports were produced on October 27, 2023, which was the date established by the Court (as acknowledged by the Defendants in their instant Motion). The report submitted by Mr. Garrels is attached hereto at Exhibit "B," and Dr. Valierie's report is attached hereto at Exhibit "C." It appears possible that Plaintiff accidently failed to attach the *curriculum vitaes* for Mr. Garrels and Dr. Valierie to the October 27th email, however this was remedied immediately once the issue was brought to Plaintiff's attention, and by sitting on the issue for nearly 11 months (and

2

failing to comply with the Court's pre-trial motion Order), the Defendants have waived any objection to that issue.

The relevant timeline regarding this motion is as follows. On August 8, 2023, the Court entered an Order approving a stipulation of the parties, pursuant to which, in pertinent part, the deadline for Plaintiff to serve expert reports was October 27, 2023, and the deadline for fact discovery and any expert depositions was December 1, 2023. See *Doc. No.* 27. The Defendants filed their Motion for Summary Judgement on October 17, 2023. See *Doc. No.* 28. As noted above, Plaintiff served the expert reports from Mr. Garrels and Dr. Valierie on October 27, 2023, in compliance with the Court's scheduling Order. Moreover, four days later — on October 31, 2023 — Plaintiff filed an Opposition to the Defendants' Motion for Summary Judgement, which attached said expert reports and relied upon the same. See *Doc. No.* 29. On November 11, 2023, the Defendants filed a Reply in support of their Motion for Summary Judgement. See *Doc. No.* 30. Nowhere in the Defendants' Reply Brief was any issue raised regarding the completeness or timeliness of Plaintiff's expert production. Id. On January 3, 2024, oral argument was held regarding the Defendants' Motion for Summary Judgement. See *Doc. No.* 33. Again, the Defendants did not raise any argument challenging the completeness or timeliness of Plaintiff's expert production. On January 17, 2024, the Defendants filed a Sur-Sur Reply in support of their Motion for Summary Judgement, and still no question was raised by them whatsoever concerning completeness or timeliness of Plaintiff's expert production. See *Doc. No.* 37. Nor did the Defendants ever request to take the deposition of either of Plaintiff's experts.

A Case Management Conference regarding the scheduling of the trial of this matter was held on March 4, 2024. See Doc. No. 44. Again, the Defendants raised no question concerning completeness or timeliness of Plaintiff's expert production and simply exchanged dates for the scheduling of the trial. On March 4, 2024, the Court entered a Pre- Trial Order pursuant to which, in pertinent part, "[m]otions *in limine*, *Daubert* motions, and any other pretrial motions [were] due no later than August 29, 2024." See Doc. No. 43. As noted in the Defendants' instant Motion, the Defendants did not raise the issue of apparently not receiving Dr. Valliere's *curriculum vitae* until August 6, 2024, when the Defendants' attorney sent an email reading, in pertinent part, "we never received the CV of either expert or the underlying documents they based their opinions on – the deadline for that exchange was October 27, 2023 - please send that to us by this Friday August 9, 2024." a copy of which email is attached hereto at Exhibit "D." The next day — i.e., August 7, 2024 — Plaintiff emailed over the requested *curriculum vitaes* (the *curriculum vitae* for Mr. Garrels is attached hereto at Exhibit "E," and the *curriculum vitae* for Dr. Valierie's report is attached hereto at Exhibit "F") in an email that is attached hereto at Exhibit "G," which also asked for clarification of what was meant by "the underlying documents." The Defendants offered no further clarification and never requested disclosures for either of Plaintiff's experts.

On the deadline — August 29, 2024 — the Defendants did file a motion to preclude Dr. Valierie from testifying in this case, *but the Defendants did not raise any argument regarding the timing or completeness of her report or related materials*. See Doc. No. 51. Plaintiff filed an Opposition to the Defendants' motion to preclude Dr. Valierie, which of course did not rebut any arguments that were never raised by the

4

Defendants. See *Doc. No.* 68. On September 17, 2024, a Final Pretrial Conference was held and oral argument was permitted regarding the Defendants' motion to preclude Dr. Valierie. Following oral argument, the Court denied the Defendants' motion to preclude Dr. Valierie's testimony. See *Doc. No.* 77. Then, on September 18, 2024 — almost on the eve of trial — the Defendants filed the instant motion, for the first-time objecting to the timing of when Plaintiff's report and related materials were produced.

The Defendants' instant Motion is untimely, and the arguments raised therein have already been waived. The Defendants say that their Motion is filed under Fed. R. Civ. P. 37. (c)(1). Rule 37 generally governs discovery sanctions, but any motion brought under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Defendants did not include any certification, and clearly could not: the record shows that Plaintiff has endeavored to make timely discovery, and any accidental omission was remedied almost immediately once the issue was brought to Plaintiff's attention. See Bautista v. Carey, 2023 U.S. Dist. LEXIS 5408, at *11-12; 2023 WL 157991 (M.D. Pa. Jan. 11, 2023). Nor have the Defendants provided any justification for filing a discovery motion 292 days after the discovery deadline — especially since any issue presented here could have been presented by them more than a month before the discovery deadline passed.

The Court's Pre-Trial Order states that "[m]otions *in limine*, *Daubert* motions, and any other pretrial motions [were] due no later than August 29, 2024." See *Doc. No.* 43. At minimum, the Defendants have failed to provide any justification for failing

5

to raise the present arguments by the Court's pretrial motion deadline of August 29th. It is extremely prejudicial for Plaintiff to be confronted with this issue, which easily could have been cured if timely raised, nearly on the eve of trial. Hence, the Defendants' failure to timely raise the issue should result in waiver. For example, in <u>John M. Floyd C Assocs. v. Ocean City Home Bank</u>, the court held that the defendant waived any objection to the admissibility of the plaintiff's expert because the defendant failed to file a motion by the deadline imposed by the pretrial order despite having the expert's report in hand long before the deadline. 2008 U.S. Dist. LEXIS 78275, at *9-11 (D. N.J. Oct. 2, 2008). Here, the Defendants have had Dr. Valierie's report since October of last year, hence there simply is no excuse for the Defendants' failure to raise a timely objection.

     A final issue concerns medical records obtained from Greater Philadelphia Health Association ("GPHA"), a clinic used by Plaintiff. This issue has confused the undersigned, but again easily could have been clarified had the Defendants timely raised the issue. As shown here at Exhibit "H," on October 10, 2024, a paralegal in the office of Plaintiff's counsel notified the Defendants that it was anticipated that a subpoenaed records deposition of GHPA would not be going forwarded, as noticed, on October 18, 2023, because it was anticipated that the requested records would be produced voluntarily and "we will promptly turn over any non privileged information contained in the subpoenaed documents once obtained." As noted above, Dr. Valierie's report was produced to the Defendants on October 27, 2023. As noted in the Defendants' instant Motion, Dr. Valierie's report references the GHPA records several times.

Hence, the Defendants were on notice at least since October 27, 2023 — more than a month before the discovery deadline — that Plaintiff had obtained the GHPA records. That said, the paralegal in the office of Plaintiff's counsel noted above has been trying to figure out over the last couple of days whether the GHPA records were forwarded to the Defendants' counsel, as was certainly intended and normally would have been done upon receipt. In connection with this Motion, the Defendants' counsel evidently lost and forgot about the October 27, 2023, email wherein Plaintiff's expert reports were originally produced. It is possible that an email where the GHPA records were forwarded has likewise been misplaced, or that some technical issue prevented an intended email from being sent, or even that the paralegal at issue somehow forgot to forward the records. No matter what happened, it would have been an isolated incident in multi-year litigation consisting of thousands of pages of discovery, and the issue easily would have been resolved back in October 2023 — well before the end of the discovery period — had the Defendants alerted Plaintiff to the fact that they apparently did not have the GHPA records. But the Defendants chose not to get a medical expert or to depose Dr. Valierie, thus Plaintiff fails to see any possible prejudice to the Defendants, since they still can cross-exam Dr. Valierie *vis-à-vis* the GHPA records at trial, which is the most they could have done with those records in any case.

**WHEREFORE**, Plaintiff respectfully requests for the Court to ***deny*** the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 1G073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Brief to be served on the Defendants.

Jonah Santiago-Pagan,
Esquire Emily Hoff, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Defendants*

Respectfully submitted,

/s/ Keith West
Keith West, Esquire
**VICTIMS' RECOVERY LAW CENTER**
PA Attorney ID No. 317426
3650 Winding Way, Suite 200
Newtown Square, PA 1G073
keith@victimrecoverylaw.com
*Attorney for the Plaintiff*