IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO, | : | |
|                    Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-3763 |
| | : | |
| CITY OF PHILADLEPHIA, et al., | : | |
|                    Defendants. | : | |
| | : | |

**VERDICT SHEET – LIABILITY**

I.     Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

    A. *Entry*

        1. Do you find that Felishatay Alvarado has proven by a preponderance of the evidence that the following individual SWAT Unit Officers unreasonably entered her residence and violated her Fourth Amendment right to be free from unreasonable search?

| | | | | |
|---|---|---|---|---|
| Joshua Burkitt | YES | _____ | NO | _____ |
| Eric Clark | YES | _____ | NO | _____ |
| Kevin Mellody | YES | _____ | NO | _____ |
| Brian Murray | YES | _____ | NO | _____ |
| Patrick Saba | YES | _____ | NO | _____ |
| Demetrius Monk | YES | _____ | NO | _____ |
| Edward Song | YES | _____ | NO | _____ |
| Jose Hamoy | YES | _____ | NO | _____ |

*Proceed to Question 2.*

I. Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

B. *Seizure of Plaintiff*

2. Do you find that Felishatay Alvarado has proven by a preponderance of the evidence that the following individual SWAT Unit Officers unreasonably seized her and violated her Fourth Amendment right to be free from unreasonable seizure?

| | | |
|---|---|---|
| Joshua Burkitt | YES _____ | NO _____ |
| Eric Clark | YES _____ | NO _____ |
| Kevin Mellody | YES _____ | NO _____ |
| Brian Murray | YES _____ | NO _____ |
| Patrick Saba | YES _____ | NO _____ |
| Demetrius Monk | YES _____ | NO _____ |
| Edward Song | YES _____ | NO _____ |
| Jose Hamoy | YES _____ | NO _____ |

*If your answer to the above questions as to each individual SWAT Unit Officer is "No," then your deliberations are complete. Please have the foreperson sign the Verdict Form and contact the Court Deputy.*

Plaintiff Comment: The jury should have the option of deciding against the City independent of a finding against the individual defendants. In the Third Circuit, it has been clearly established for decades that a municipality may found liable under Monell for failing to properly train police officers or implement reasonable policies, even if no individual state actor is subject to liability pursuant to Section 1983. Mervilus v. Union County, 73 f.4th 185, 197 (3d Cir. 2023), citing Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994).

Defendants' Comment: In *Heller v. Doe*, SCOTUS held that there could be no municipal liability for Fourth Amendment violation where the officer at issue didn't commit a constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam) (holding that Monell does not "authorize[ ] the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm").

Defendants are only aware of the Court holding out the possibility of independent municipal constitutional liability in Substantive Due Process, Fourteenth Amendment cases. Indeed, *Fagan*, explicitly distinguished the holding in *Heller*. And even in those Fourteenth Amendment violation cases, including in *Mervilus*, the Court has made clear that the theory against the municipality for constitutional liability can't be inconsistent with a finding of no underlying liability of the individual officer.

I. Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

More important, we are not aware of any application of the Fourth Amendment in this circuit holding that municipal liability can be independent of a constitutional violation by the individual officer. *See* Model Civ. Jury Instr. 3rd Cir. 4.6.3 (2024), Model Civ. Jury Instr. 3rd Cir. 4.6.3 (2024)[1].

Finally, the EDPA has routinely separated the individual liability jury inquiry from the *Monell* claim liability inquiry in the verdict sheets provided to the jury. Further, the EDPA routinely conditions the question of *Monell* liability upon first finding liability against the individual defendants – to the extent that it is common for the Court to bifurcate the *Monell* portion of liability from individual liability because the jury will not reach the question of municipal liability, absent individual liability. *See* Dennis v. City of Philadelphia, et al., EDPA No. 18-CV-2689; Mitchell v. City of Philadelphia, et al., EDPA 14-CV-06356-PD; Alicea v. Rogalski, EDPA No. 23-CV-1205;

---

[1] Ordinarily, proof of municipal liability in connection with the actions of ground-level officers will require, inter alia, proof of a constitutional violation by one or more of those officers.70 See, e.g., Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003) ("There cannot be an 'award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.'") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam)). In Fagan v. City of Vineland, however, the court held that "a municipality can be liable under section 1983 and the Fourteenth Amendment for a failure to train its police officers with respect to high-speed automobile chases, even if no individual officer participating in the chase violated the Constitution." Fagan v. City of Vineland, 22 F.3d 1283, 1294 (3d Cir. 1994). A later Third Circuit panel suggested that the court erred in Fagan when it dispensed with the requirement of an underlying constitutional violation. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1153 n.13 (3d Cir. 1995) ("It appears that, by focusing almost exclusively on the 'deliberate indifference' prong …, the panel opinion did not apply the first prong - establishing an underlying constitutional violation.").

It appears that the divergence between Fagan and Mark reflects a distinction between cases in which the municipality's liability is derivative of the violation(s) by the ground-level officer(s) and cases in which the plaintiff seeks to show that the municipality's conduct itself is unconstitutional: As the court explained in Grazier, "We were concerned in Fagan that, where the standard for liability is whether state action 'shocks the conscience,' a city could escape liability for deliberately malicious conduct by carrying out its misdeeds through officers who do not recognize that their orders are unconstitutional and whose actions therefore do not shock the conscience." Grazier, 328 F.3d at 124 n.5 (stating that the holding in Fagan was "carefully confined … to its facts: a substantive due process claim resulting from a police pursuit," and holding that Fagan did not apply to "a Fourth Amendment excessive force claim"). See also Mervilus v. Union County, 73 F.4th 185, 197 (3d Cir. 2023) (citing Fagan and holding that a jury could find the officer not liable because he lacked bad faith but also find the county liable for failure to train or supervise him); id. (repeating the language from Mulholland—"It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."—and adding emphasis to the word derivative); Thomas v. Cumberland County, 749 F.3d 217 (3d Cir. 2014) (reversing a grant of summary judgment for county, even though the two individual officer defendants prevailed, without discussing whether the county's liability requires proof of a constitutional violation by an individual officer); Barna v. Board of School Directors of the Panther Valley School District, 877 F.3d 136, 145, n.6 (3d Cir. 2017) (stating that "'precedent in our circuit requires the district court to review the plaintiffs' municipal liability claims independently of the section 1983 claims against the individual … officers.'") (quoting Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996)); Lozman v. City of Riviera Beach, Fla., 138 S. Ct. 1945 (2018) (holding that a plaintiff suing a municipality for arresting him in retaliation for his exercise of First Amendment rights, where municipal liability was predicated on a policy adopted by the municipal legislators, need not show that the arrest was without probable cause, while reserving the question whether probable cause would defeat a First Amendment retaliation claim against an individual officer).

I.	Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

*If your answer to either of the above questions as to any individual SWAT Unit Officer is "Yes," then proceed to SWAT Unit Officer Damages below. [probably should be number, not explanation of type of question)*

I. Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

A. *Compensatory Damages*

1. Please state the amount of compensatory damages, if any, that Felishatay Alvarado has proven by a preponderance of the evidence that will compensate her for any and all injuries she sustained due to the conduct of the SWAT Unit Officers you found liable.

    | | |
    |---|---|
    | Joshua Burkitt | $ _____ |
    | Eric Clark | $ _____ |
    | Kevin Mellody | $ _____ |
    | Brian Murray | $ _____ |
    | Patrick Saba | $ _____ |
    | Demetrius Monk | $ _____ |
    | Edward Song | $ _____ |
    | Jose Hamoy | $ _____ |
    | Total | $ _____ |

    *Proceed to Section B.*

B. *Punitive Damages*

1. Do you find that the following individual SWAT Unit Officers acted maliciously or wantonly against Felishatay Alvarado under the facts found by you?

    | | | | | |
    |---|---|---|---|---|
    | Joshua Burkitt | YES | _____ | NO | _____ |
    | Eric Clark | YES | _____ | NO | _____ |
    | Kevin Mellody | YES | _____ | NO | _____ |
    | Brian Murray | YES | _____ | NO | _____ |
    | Patrick Saba | YES | _____ | NO | _____ |
    | Demetrius Monk | YES | _____ | NO | _____ |
    | Edward Song | YES | _____ | NO | _____ |

I. Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

    Jose Hamoy               YES _____        NO _____

*If your answer to the above question as to each individual SWAT Unit Officer is "No," continue to Section II.*

*If your answer to the above question as to any individual SWAT Unit Officer is "Yes," proceed to the next question.*

2. Even if you have answered "Yes," above, you are not required to award punitive damages. Do you award punitive damages against the following individual Defendants for whom you answered "Yes," above?
<ins>PLAINTIFF DOES NOT AGREE TO THIS LANGUAGE, SHOULD BE STANDARD PUNITIVE DAMAGES WORDING PLAINTIFF PROPOSES USES THE LANGAUGE FROM THE THIRD CIRCUIT MODEL SECTION 1983 VERDICT FORM, ATTACHED AT EXHIBIT "A"</ins>

    Joshua Burkitt             YES _____        NO _____

        If yes, in what amount? $ _____

    Eric Clark                  YES _____        NO _____

        If yes, in what amount? $ _____

    Kevin Mellody            YES _____        NO _____

        If yes, in what amount? $ _____

    Brian Murray             YES _____        NO _____

        If yes, in what amount? $ _____

    Patrick Saba              YES _____        NO _____

        If yes, in what amount? $ _____

    Demetrius Monk        YES _____        NO _____

        If yes, in what amount? $ _____

    Edward Song            YES _____        NO _____

        If yes, in what amount? $ _____

    Jose Hamoy               YES _____        NO _____

I. Constitutional Claims Against Defendants Joshua Burkitt, Eric Clark, Kevin Mellody, Brian Murray, Patrick Saba, Demtrius Monk, Edward Song, and Jose Hamoy

    If yes, in what amount? $ _____

*Proceed to Section II.*

II. Constitutional Claims Against City of Philadelphia

*A. Failure to Train*

1. Do you find Felishatay Alvarado proved, by a preponderance of the evidence, that the City of Philadelphia failed to adequately train its SWAT Unit Officers in a specifically identified way that amounted to deliberate indifference and that failure was the moving force behind the violation of her Fourth Amendment right to be free from unreasonable search and seizure?

    YES _____   NO _____

*If your answer to the above question is "No," please have the foreperson sign the Verdict Form and contact the Court Deputy. If your answer to the above question is "Yes," proceed to the next question.*

2. Has Felishatay Alvarado identified the specific training that if provided by the City of Philadelphia to its SWAT Unit Officers would have prevented the violation of Fourth Amendment rights?

    YES _____   NO _____

*If your answer to the above question is "No," please have the foreperson sign the Verdict Form and contact the Court Deputy. If your answer to the above question is "Yes," proceed to Damages below.*

PLAINTIFF BELIVES THIS SHOULD BE A SINGLE QUESTION.

A. *Compensatory Damages*

   1. Please state the amount of compensatory damages, if any, that Felishatay Alvarado has proven by a preponderance of the evidence that will compensate her for any and all injuries she sustained due to the City of Philadelphia's failure to adequately train its SWAT Unit Officers.

      $ _____

   *Please have the foreperson sign the Verdict Sheet and contact the Court Deputy.*

This is our true verdict, **SO SAY WE ALL**, this _____ day of September, 2024.

                                                                                                  _____
                                                                                                                Foreperson

PLEASE NOTIFY THE COURT DEPUTY THAT YOU HAVE COMPLETED YOUR DELIBERATIONS.

EXHIBIT "A"

COPIED FROM Appendix One: Integrated Instruction and Verdict Form— Section 1983 Claim –Excessive Force (Stop, Arrest, or other "Seizure"), of Third Circuit

Did [defendant] act maliciously or wantonly in violating [plaintiff]'s 19 rights?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO PART (5)(A), PROCEED TO PART (5)(B).

OTHERWISE, 25 PLEASE STOP.

Do you award punitive damages against [defendant]?

Answer: Yes _____ No _____

If yes, in what amount?

Answer: $ _____ (Fill in Dollar Figure)