# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FELISHATAY ALVARADO | : | |
| :--- | :--- | :--- |
| Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |
| Defendants | : | |

## ORDER

AND NOW, on this _____ day of _____, 2024, upon consideration of Plaintiff's Motion for Partial Reconsideration of the Court's Order of September 19, 2024, DI 82, and any response thereto, it is hereby **ORDERED** that the Plaintiff's Motion is **<u>GRANTED</u>**, and that the Court's Order is modified so as to clarify that Plaintiff is not required to produce any data or materials related to Personality Assessment Inventory or Trauma Symptom Inventory 2nd Edition testing that was performed by Plaintiff's expert, Dr. Veronique N. Valliere.

**BY THE COURT:**

_____
**John F. Murphy, District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|    Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER OF SEPTEMBER 19, 2024, DI 82**

AND NOW, Plaintiff, Felishatay Alvarado ("Plaintiff"), by and through her undersigned counsel, moves the Court pursuant to Federal Rule of Civil Procedure 59(e) to modify its Order of September 19, 2024, DI 82 ("the subject Order"), so as to clarify that Plaintiff is not required to produce any data or materials related to Personality Assessment Inventory or Trauma Symptom Inventory 2nd Edition testing that was performed by Plaintiff's expert, Dr. Veronique N. Valliere. The Defendants have never filed a motion requesting these records or otherwise raised the issue, but the subject Order is written broadly enough that production of the records would potentially be required. Thus, this Motion is filed out of an abundance of caution. Official statements from both the National Academy of Neuropsychology and the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct both state that third party non-experts should not be permitted to examine raw data from standardized neuropsychological testing. See Shearer v. Hafer, 135 A.3d 637, 639-642, 644-645 (Pa. Super. Ct. 2016), appeal quashed on other grounds by 644 Pa. 571 (2018). The Defendants do not have any expert to

1

whom the Personality Assessment Inventory or Trauma Symptom Inventory 2nd Edition testing may be turned over, and lay persons are not qualified or proper persons to review raw neuropsychological testing data. Accordingly, Plaintiff moves for the Court to exclude these materials from the subject Order. In support of the present Motion, Plaintiff relies upon and incorporates as if set forth herein fully her accompanying Memorandum of Law.

**WHEREFORE**, Plaintiff respectfully requests for the Court to *grant* the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_
Keith West, Esquire
VICTIMS' RECOVERY LAW CENTER
PA Attorney ID No. 317426
3650 Winding Way, Suite 200
Newtown Square, PA 19073
keith@victimrecoverylaw.com**
*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|     Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

**PLAINTIFF'S MEMORADUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER OF SEPTEMBER 19, 2024, DI 82**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Presently before the Court, Plaintiff, Felishatay Alvarado ("Plaintiff"), moves for partial reconsideration of the Court's Order of September 19, 2024, DI 82 ("the subject Order"), a copy of which is attached hereto at Exhibit "A." In pertinent part, the subject Order states that "to the extent that the parties have not exchanged each and every document that might be used at trial (except solely for impeachment), including documents relied upon or reviewed by experts in forming their opinions, that must happen immediately. Any documents not exchanged by 5:00 p.m. on Friday, September 20, 2024 , will be precluded upon request (as will expert testimony relying upon them)."  In pertinent part, the subject Order was entered in light of the Defendants' Motion to Strike the Designation of Plaintiff's Expert, Veronique N. Valliere ("the Defendants' Motion"), as a Trial Witness, DI 72.

The Defendants' Motion requested for the Court to preclude Plaintiff's mental health expert, Dr. Veronique N. Valliere, from testifying in this case, in part, because she had allegedly

1

cited a medical record in her report from Greater Philadelphia Health Association Inc. ("GPHA") that Plaintiff had failed to produce. In Opposition to the Defendants' Motion, Plaintiff stated that any failure to produce the GPHA records would have been purely a clerical oversight that could have been and would have been promptly corrected at any time since last fall, had the Defendants simply asked for the records. DI 80. The Court denied the Defendants' Motion. DI 81.

But the Court then entered the subject Order *sua sponte*. As stated in the report that was written by Dr. Valliere and produced to the Defendants last October, a copy of which is attached hereto at Exhibit "B," Dr. Valliere performed Personality Assessment Inventory and Trauma Symptom Inventory 2nd Edition testing as part of her assessment of Plaintiff. As stated in the report, some of Dr. Valliere's opinions proffered for this case are informed by this neuropsychological testing. However, the Defendants have never requested the raw data from the neuropsychological testing, nor did they ever obtain an expert who would be qualified to evaluate the data.

Accordingly, Plaintiff presently seeks clarification from the Court that Plaintiff is not required to produce the raw data from the neuropsychological testing to the Defendants. As argued below, the production any such materials would be inappropriate under the circumstances of this case.

II. **APPLICABLE LAW AND LEGAL ARGUMENT**

"[T]he District Court has the inherent power to reconsider prior interlocutory orders." State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 (3d Cir. 2016). In this case, the Defendants have never requested the raw data from the neuropsychological testing

2

performed by Dr. Valliere.  However, if the Defendants had ever filed such a motion, Plaintiffs would have resisted it because it is not appropriate to produce such materials to a party that has not obtained an expert qualified to assess or safeguard such data.

    Official statements from both the National Academy of Neuropsychology and the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct both state that third party non-experts should not be permitted to examine raw data from standardized neuropsychological testing. See Shearer v. Hafer, 135 A.3d 637, 639-642, 644-645 (Pa. Super. Ct. 2016), appeal quashed on other grounds by 644 Pa. 571 (2018).  Thus, as a matter of professional ethics, Dr. Valliere should not release this sensitive and specialized data to non-experts. It has been held that a mental health expert, such as Dr. Valliere, should only be required to release raw neuropsychological testing to an opposing party's qualified expert.  Chiperas v. Rubin, 1998 U.S. Dist. LEXIS 23578, at *2-5 (D. D.C. Nov. 3, 2008).  Here, Plaintiffs have no such qualified expert to release the materials to, and Dr. Valliere has stated that she considers it professional unethical to release such materials to a non-expert. Further, the Defendants have not retained any person who would be qualified to give testimony based on the raw data.  Thus, Plaintiff moves for the instant Order.

**III.    CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests for the Court to *deny* the instant Motion, in the form of the attached proposed Order.

**Respectfully submitted,**

**/s/ Keith West\_\_\_\_**
**Keith West, Esquire**
**VICTIMS' RECOVERY LAW CENTER**
**PA Attorney ID No. 317426**
**3650 Winding Way, Suite 200**
**Newtown Square, PA 19073**
**keith@victimrecoverylaw.com**
***Attorney for the Plaintiff***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELISHATAY ALVARADO | : | |
|    Plaintiff | : | Civil Action No. 22-3763 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |

## CERTIFICATE OF SERVICE

I, Keith West, Esquire, on this date, by electronic filing, caused a true and correct copy of Plaintiff's above Motion to be served on the Defendants.

> Jonah Santiago-Pagan, Esquire
> Emily Hoff, Esquire
> 1515 Arch Street, 14th Floor
> Philadelphia, PA 19102
> ***Attorney for Defendants***

                              **Respectfully submitted,**

                              **/s/ Keith West\_\_\_\_**
                              **Keith West, Esquire**
                              **VICTIMS' RECOVERY LAW CENTER**
                              **PA Attorney ID No. 317426**
                              **3650 Winding Way, Suite 200**
                              **Newtown Square, PA 19073**
                              **keith@victimrecoverylaw.com**
                              ***Attorney for the Plaintiff***