IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO,<br>    Plaintiff,<br><br>v.<br><br>CITY OF PHILADLEPHIA, et al.,<br>    Defendants. | Civil Action<br>No. 22-CV-3763 |

# ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, or in the Alternative for Remittitur, it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED as follows:

1. Judgment is entered as a matter of law on behalf of all Defendants.

2. In the alternative, a new trial is awarded to all Defendants.

3. In the alternative, the verdict is remitted to $_____.

                BY THE COURT:

                _____
                **JOHN F. MURPHY, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELISHATAY ALVARADO,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 22-CV-3763 |
| | : |
| **CITY OF PHILADLEPHIA, et al.,** | : |
| **Defendants.** | : |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE FOR A NEW TRIAL, OR IN THE ALTERNATIVE FOR REMITTITUR OF THE VERDICT

For the reasons that will be more fully set forth in Defendants' forthcoming Memorandum of Law in Support of their Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial, or in the Alternative, for Remittitur, to be filed with the Court within 30 days after receipt of the trial transcript. ECF No. 111. Defendants, the City of Philadelphia and SWAT Unit Officers Joshua Burkitt, Eric Clark, Jose Hamoy, Brian Murray, Patrick Saba, Edward Song, Sgt. Kevin Mellody, and Lt. Demetrius Monk, hereby file this motion pursuant to Federal Rule of Civil Procedure 50(a), or in the alternative, pursuant to Federal Rule of Civil Procedure 59. Defendants contend that the Court should grant judgment as a matter of law or, in the alternative, a new trial, or in the alternative, for remittitur.

**I. Defendants Are Entitled to Entry of Judgment On All Claims Unsupported by the Evidence**

With regard to Plaintiff Alvarado's Failure to Adequately Train claim against the City of Philadelphia under *Monell*, the Court should enter judgment as matter of law in favor of the City because the evidence did not support any specific failure to train, much less one supporting liability

under Alvarado's single incident theory of *Monell* liability. Therefore, the Court should enter judgment for Defendant the City on this claim.

Additionally, the Court should enter judgment for Defendants on Plaintiff's Fourth Amendment claim against the individual Defendant Officers. For the reasons set out in Defendants' motion for summary judgment, the individual officers are entitled to qualified immunity, as it is not "beyond debate" that the Defendants' actions violated clearly-established Fourth Amendment rights (both as to the entry into Plaintiff's residence and the knock-and-announce), and moreover the evidence does not support a violation of Plaintiff's Fourth Amendment rights as their actions were objectively reasonable as a matter of law.

Similarly, the Court should enter judgment for Defendants on Plaintiff's Fourth Amendment claim against the City, or at least order a new trial, for all the same reasons that the Fourth Amendment unreasonable search verdict against the individual Defendant Officers was flawed.

**II.     In the Alternative, Defendants are Entitled to a New Trial as to Both Liability and Damages.**

In the alternative, Defendants are entitled to a new trial as to both liability and damages for the following reasons:

First, the jury was not instructed that failure to follow a directive is not determinative of a constitutional violation. The Court erred in its denial of Defendants' request for a jury instruction that violation of internal Philadelphia Police Department policies and procedures is not, in and of itself, a violation of constitutional rights. Together with the argument offered by Plaintiff's counsel at closing that violations of internal Philadelphia Police Department Directives by Defendant Officers were constitutional violations by Defendant Officers, this was prejudicial error.

Second, Defendants were substantially prejudiced by the Court excluding a City designee from testifying on the City's Philadelphia Police Department Defendant Officer training regimen on the basis of failure to disclose in initial disclosures. Combined with the argument offered by Plaintiff's counsel at closing argument that Defendants did not present testimony of a City designee on the failure to adequately train claim because the claim was irrefutable, this was prejudicial error. Furthermore, permitting Plaintiff's counsel to argue in closing that Defendants failed to produce testimony refuting Plaintiff's failure-to-train claim was inappropriate and improperly shifted the burden to Defendant the City. The above severely prejudiced Defendants at trial and constitute clear errors of law. Therefore, in the alternative to the request for judgment as a matter of law set out above, the Court should order a new *Monell* trial and provide the City an opportunity to defend this claim.

Third, the Court erred in allowing Plaintiff Alvarado to try this case through repeated surprises. Specifically, Plaintiff's specific trial exhibits were not disclosed in Plaintiff's pre-trial memorandum and Plaintiff repeatedly failed to comply with the Court's orders requiring disclosure. On Monday, September 23, 2024, trial commenced without Defendants and the Court having any knowledge of Plaintiff's trial exhibits. On Wednesday, September 25, 2024, when Plaintiff finally disclosed Plaintiff's trial exhibit list to Defendants and the Court, two days of trial testimony had been completed, multiple witnesses had testified, and Plaintiff had marked multiple documents as trial exhibits and published them to the jury to Defendants' surprise and over Defendants' repeated objections, without Defendants having any knowledge of Plaintiff's trial exhibits.

And yet, the Court did not strike the Plaintiff's exhibits that were repeatedly undisclosed – including materials relied on by Plaintiff's experts, testimony based on non-disclosed exhibits, and

4

non-disclosed fact exhibits. The above severely prejudiced Defendants at trial and constitute clear errors of law. Therefore, the Court should enter judgment for the Defendants. At a minimum, the Court should order a new trial and provide the Defendants an opportunity at a fair trial.

Fourth, the jury was not instructed that an underlying Fourth Amendment violation is necessary in order to sustain a *Monell* claim against the City based on the Fourth Amendment.

Fifth, the Court erred in denying Defendants' motion *in Limine* to preclude evidence regarding the shooting and death of Plaintiff's dog, or in the alternative bifurcate liability and damages at trial. ECF No. 55. There was extensive testimony and evidence regarding the lawful shooting of Plaintiff's dog and disposal of its remains during trial, despite that fact that the lawfulness of the shooting was not an issue in the case—as summary judgment had been entered in favor of the Defendants on this claim—and this case was limited to the alleged Fourth Amendment violation of entering Plaintiff's residence. Permitting the picture of Plaintiff's deceased dog, Bates stamped D000093, to be shown to Plaintiff Alvarado on the stand and then published to the jury, where the foundation of relevance had not only not been established but simply did not exist, was unfairly prejudicial requiring exclusion under Federal Rule of Evidence 403.

The ring camera video depicting the inside of Plaintiff's home and the deceased dog, also lacked the foundation of relevance and permitting it to be played and shown to Plaintiff Alvarado on the stand and then published to the jury, was unfairly prejudicial requiring exclusion under Federal Rule of Evidence 403.

Together with Plaintiff's counsel's improperly permitted comments in closing that the jury consider the effect that seeing the photos and video of the deceased dog had on Plaintiff Alvarado

while on the witness stand in assessing damages, this was clear prejudicial error, especially in light of the compensatory damages award against the City.

Sixth, in closing argument, Plaintiff's counsel's comments on the "deep pockets" of the City was inappropriate and prejudicial. Permitting Plaintiff's counsel to make such comments to the jury, was prejudicial error especially in light of the compensatory damages award against the City.

For the foregoing reason, a new trial is warranted as to both liability and damages.

**III.     In the Alternative, Defendants are Entitled to a New Trial as to Damages, or Remittitur of Damages.**

The jury awarded Plaintiff Alvarado $1,000,143.50 in compensatory damages against the City despite awarding Plaintiff $0 in compensatory damages against the Defendant Officers. This verdict was inconsistent and/or an improper apportionment of damages, as there is joint and several liability for the individual officers and the City as alleged joint tortfeasors, and there were not separate injuries allegedly caused by the Officers and the City; rather the alleged injury was the same: the entry of the officers into Plaintiff's residence and the shooting of her dog.

The damages awards were inconsistent. While the jury found that Defendant Officers "unreasonably entered [Plaintiff Alvarado's] residence and violated her Fourth Amendment right to be free from unreasonable search," it also found that Defendant Officers did not cause Alvarado any harm, awarding Plaintiff $0 in damages against Defendant Officers. ECF No. 107. As such, the jury found Defendant Officers violated Alvarado's constitutional right, but did not cause any harm whatsoever to Plaintiff in so doing. Yet, the jury went on to award Plaintiff $1,000,143.50 in compensatory damages against the City for the same alleged injury. This damages award is inconsistent and irreconcilable, requiring a new trial on damages.

Alternatively, the damages awards reflect an improper attempt by the jury to apportion damages among alleged joint tortfeasors. Liability among joint tortfeasors for causing the same injury is joint and several, and Plaintiff Alvarado did not establish that she suffered separate injuries caused by the Officers and the City; rather the alleged injury was the same: the entry of the officers into Plaintiff's residence and the shooting of her dog. Accordingly, the Court should remit the damage award against the City to reflect the lower of the two injury awards, $0.

Additionally, the jury committed clear error in awarding Alvarado $1,000,143.50 against the City of Philadelphia because the award is grossly excessive, unsupported by the weight of the evidence, and indicative of an intent to impose punitive damages that are not permitted against the City. There was no evidence submitted at trial that would support an award of compensatory damages for a Fourth Amendment violation in the amount of $1,000,143.50. Rather, it appears that the jury was awarding punitive damages against the City, which is legally prohibited, or that the jury was improperly considering unfairly prejudicial images and videos of Alvarado's deceased dog, and inappropriate and prejudicial comments by Plaintiff's counsel in closing argument.

### IV. Conclusion

For the foregoing reasons, and as will be more fully set forth in Defendants' forthcoming Memorandum of Law, Defendants respectfully request the Court grant judgment as a matter of law or, in the alternative, a new trial, or in the alternative, for remittitur.

Respectfully submitted,

Date: October 28, 2024

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán, Esq.
Deputy City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor

Philadelphia, PA 19102

215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELISHATAY ALVARADO, <br>                        Plaintiff, <br> v. <br> CITY OF PHILADLEPHIA, et al., <br>                        Defendants. | **Civil Action** <br> **No. 22-CV-3763** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendants' Post-Trial Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, or in the Alternative for Remittitur, Proposed Form of Order, and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

                                                                         Respectfully submitted,

Date: October 28, 2024                    */s/ Jonah Santiago-Pagán*
                                                                 Jonah Santiago-Pagán, Esq.
                                                                 Deputy City Solicitor
                                                                 Pa. Attorney ID No. 326442
                                                                City of Philadelphia Law Department
                                                                1515 Arch Street, 14th Floor
                                                                Philadelphia, PA 19102
                                                                215-683-5428 (phone)
                                                                215-683-5397 (fax)
                                                                jonah.santiago-pagan@phila.gov