NOTE: Supplementing a search warrant orally at the time it is signed by a judge or bail commissioner is not acceptable. Under Rule 2003 (b), such oral additions will not be admissible at a subsequent suppression hearing. If relevant facts arise or come to the attention of an officer after the warrant affidavit has already been completed, the new information must be included in the 75-175 or in a 75-51 and sworn to by the officer.

9. When the offense has been previously reported, use the original District Control number in the space provided. Otherwise, obtain a DC number from the district where the search has occurred.

## 4. PARTICULARITY OF THE SEARCH WARRANT

A. Sworn personnel shall complete all pertinent block headings on the 75-175, including their signature, badge number and district/unit. (PLEAC 2.7.1)

B. THE PREMISES OR PERSON TO BE SEARCHED AND THE ITEMS TO BE SEIZED MUST BE SPECIFICALLY DESCRIBED IN THE WARRANT SO THAT THE JUDGE OR BAIL COMMISSIONER AND EXECUTING OFFICER HAVE NO DOUBT AS TO WHO OR WHAT CAN BE SEIZED AND WHERE THEY MAY BE FOUND.

1. Description of buildings should include:

   a. street name and number (no intersections.) When possible, where search will take place (vehicle/building), use exact numerical location.
   b. number or stories - apartment number
   c. type of construction (brick, wood, etc.)
   d. type of property (single home, apartments, twin structure, etc.)
   e. particular markings, color, or any additional information which serve to identify that particular premise.

2. Descriptions of persons should include:

   a. name, aliases or nicknames
   b. date of birth
   c. race, sex, height, weight, build
   d. hair and eye color
   e. tattoos, physical deformities, injuries, or any additional information, which serve to identify that particular person.

C. The warrant MUST also include the following:

1. Name and/or description of owner, occupant(s), or possessor of the premise or property to be searched.
2. The particular crime that has been or is being committed.
3. What probable cause exists for a search.

   a. Probable cause is the existence of facts and circumstances that would justify a person of reasonable caution to believe:

      1) that an offense has been or is being committed;
      2) that the particular person or item to be seized is reasonably connected to the crime; and
      3) that the person can be found at a particular place or the item can be found in the possession of a particular person or at a particular place.

D. The warrant should also include, where applicable:

1. Any information obtained through a surveillance, by whom it was obtained and the date, time, and place of surveillance so long as it will not jeopardize the investigation or place anyone in danger.

2. Reasons for believing that the item(s) or person(s) are located at the premise specified and why they should be the subject of a seizure.

3. Facts known to the officer concerning:

   a. potential for destruction of evidence and
   b. potential for the removal of evidence, contraband, etc.
   c. threats of harm to police personnel should be clearly indicated on the warrant.

   **CAUTION**:  The facts and information must be real and cannot be based on simple speculation or on a "hunch" by the officer applying for the warrant.

4. If a "nighttime" search is requested (i.e. 10:01 PM to 5:59 AM), state why the search should be carried out in other than daytime hours (i.e. 6:00 AM to 10:00 PM).  The judge or bail commissioner must specifically note on the warrant (bottom right corner of application) that they are authorizing such a search and sign their name to it.

   **NOTE**:  There is a need for the officer to state additional probable cause to support such a search (e.g., evidence may be moved or destroyed, the threat of serious bodily injury or death or other exigent circumstances exist).

5. The judge or bail commissioner MUST complete the "jurat" or the clause located directly under the probable cause (center right of 75-175) stating when, where and before whom such affidavit was sworn. (Exception: The "jurat" on the 75-175 need NOT be completed by the judge or bail commissioner if a 75-51 is used and its "jurat" is completed.)

   **NOTE**: As a result, the signature and seal of the issuing authority will appear a total of two times. Once on the bottom section of the 75-175 and once on the "jurat" section of the 75-51 OR twice on the 75-175 ("jurat" and bottom section), if no 75-51 is used.

E. When additional space is required to complete the probable cause, use a Continuation Report (75-51) regardless of the amount of information supplied. The following steps will be carried out:

   1. Type in capital letters in the narrative section of the 75-51, CONTINUATION OF PROBABLE CAUSE FOR WARRANT # _____."

   2. Complete necessary probable cause information.

   3. Directly under the last sentence of probable cause and at the bottom of the last page of the 75-51, type the following exactly as shown.

      _____
      Signature of Affiant          Badge #          Dist/Unit

      Sworn to (or affirmed) and subscribed before
      me this _____ day of _____ 20_____

      _____(SEAL)
      Signature of Issuing Authority

   4. The officer (affiant) will affix their signature, badge number and district/unit on the line just completed in Step 3 above.

   5. Attach 75-51 to the 75-175.

   6. Ensure the judge or bail commissioner signs and affixes their seal to the 75-51 on the line shown in Step 3 above.

      **NOTE**: The first page (affidavit) of the 75-51 and 75-175 will be kept by the issuing authority. A copy of the 75-51 will be attached corresponding copy of the 75-175, including the "owner-occupant-premises" copy.